## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| LEISURE INVESTMENTS HOLDINGS LLC, *et al.*,[1] | Case No. 25-10606 (LSS) |
| Debtors. | (Joint Administration Requested) |

## DEBTORS' MOTION FOR ENTRY OF AN
## ORDER (I) COMPELLING DEBTORS' FORMER OFFICERS
## AND OTHER REQUIRED PERSONS TO TURN OVER RECORDS
## AND (II) GRANTING RELATED RELIEF

Leisure Investments Holdings LLC and certain of its affiliates (collectively, the "**Debtors**") in the above-captioned chapter 11 cases (collectively, the "**Chapter 11 Cases**") hereby file this motion (this "**Motion**") for entry of order, substantially in the form of **Exhibit A** hereto (the "**Proposed Order**"), (i) compelling the Debtors' former officers and other Required Persons (defined below) to turn over records relating to the Debtors' property and financial affairs, and (ii) granting related relief. In support of this Motion, the Debtors rely upon and incorporate by reference the *Declaration of Steven Robert Strom in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* (the "**First Day Declaration**").[2] In further support of the Motion, the Debtors respectfully represent as follows:

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are as follows:  Leisure Investments Holdings LLC (7260); Triton Investments Holdings LLC (6416); MS Leisure Company (7257); Icarus Investments Holdings LLC (2636); Ejecutivos de Turismo Sustentable S.A. de C.V. (5CA4); Dolphin Capital Company, S. de R.L. de C.V. (21H8); Dolphin Leisure, Inc. (7073); Dolphin Austral Holdings, S.A. de C.V. (6A13); Aqua Tours, S.A. de C.V. (6586); Viajero Cibernético, S.A. de C.V. (1CZ7); Promotora Garrafón, S.A. de C.V. (0KA2); Marineland Leisure, Inc. (7388); GWMP, LLC (N/A); Gulf World Marine Park, Inc. (0348); and The Dolphin Connection, Inc. (0322).  For the purposes of these chapter 11 cases, the address for the Debtors is Leisure Investments Holdings LLC, c/o Riveron Management Services, LLC, 600 Brickell Avenue, Suite 2550, Miami, FL 33131.

[2]    Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the First Day Declaration.

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2) and, pursuant to rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3.      The statutory and legal predicates for the relief requested herein are sections 105(a), 541, and 542 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "**Bankruptcy Code**") and rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## BACKGROUND

4.      On March 31, 2025, each of the Debtors filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code.  The Debtors continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.      No statutory committee of unsecured creditors has been appointed by the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") and no trustee or examiner has been appointed in the Chapter 11 Cases.

33025068.4

6.      Additional information regarding the Debtors, including their business operations, their corporate and capital structure, and the events leading to the commencement of the Chapter 11 Cases, are set forth in detail in the First Day Declaration.

## RELIEF REQUESTED

7.      The Debtors own and operate global facilities that offer unique experiences with various marine mammals, including dolphins, manatees, and sea lions, as well as certain other animals (collectively, the "**Live Animals**").  To maintain the health and safety of the Live Animals and to preserve the value of the Debtors' estates, the CRO requires unfettered access to the Records within the control of the Required Persons (as such terms are defined below).  The Live Animals require specialized care and attention, including but not limited to, veterinary services, environmental maintenance, proper nutrition and enrichment, and sanitation to ensure their health, safety, and well-being.  Failure to provide adequate care to the Live Animals could result in immediate and irreparable harm, including death or permanent injury.  The Debtors recognize the need for immediate and ongoing care, maintenance, and services for the Live Animals, but without access to the Records, the Debtors cannot properly care for, or meet the bespoke needs of, the Live Animals during the Chapter 11 Cases.  In addition, to continue operations without disruption— thereby preserving and maximizing value for the estates—the Debtors must have access to all relevant information regarding their facilities, property, and finances.  Without such information, the Debtors will incur substantial expense and delays in stabilizing their businesses, to the detriment of the estates.

8.      Immediately prior to the filing of the Chapter 11 Cases, the Debtors' management, including the Debtors' CEO and other officers, were removed and replaced by independent third-party professionals with extensive restructuring and other financial experience who could provide

3

the Chapter 11 Cases with, among other things, transparency and accountability.  The Debtors'

new management team have been tasked with stabilizing the Debtors' business, assessing and

improving the health and welfare of the Debtors' Live Animals, and supporting the Debtors'

workforce during this time of transition.  While the Debtors will seek to work collaboratively with

the Debtors' former and current workforce where feasible, the Debtors anticipate that certain of

their current and former workforce may be reluctant to cooperate under the circumstances.

9.      Accordingly, by this Motion, the Debtors request entry of the Proposed Order,

pursuant to sections 105(a), 541, and 542 of title 11 of the Bankruptcy Code, compelling the

Debtors' former Chief Executive Officer, former Chief of Staff, Chief Financial Officer, and Chief

Commercial Officer, all other current or former officers of the Debtors, all current or former

attorneys in fact of the Debtors, all other insiders as defined in section 101(31) of the Bankruptcy

Code, all regional officers, directors, and managers, all park directors and managers, and all other

employees, wherever located (collectively, the "**Required Persons**") to turn over and disclose to

the Debtors all recorded information, including but not limited to books, documents, records,

papers, electronically stored information, email login credentials and other information necessary

to access the Debtors' books and records, that relates to the Debtors' property and financial affairs

(the "**Records**") in their possession, custody, or control, as such Records are required to allow the

Debtors, including the Debtors' Chief Restructuring Officer ("**CRO**"), Robert Wagstaff, to carry

out their duties in the Chapter 11 Cases.

## BASIS FOR RELIEF REQUESTED

10.     Section 541(a) of the Bankruptcy Code provides that "[a]ll legal or equitable

interests of the debtor in property as of the commencement of the case" are included in the

bankruptcy estate.  11 U.S.C. § 541(a).

4

11.    Section 542(a) of the Bankruptcy Code requires that all property of a debtor's estate be delivered to the debtor.  11 U.S.C. § 542(a) (providing that "an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title . . . shall deliver to the trustee, and account for, such property.") A party seeking turnover has the burden of showing "(1) the property is in the possession, custody or control of another entity; (2) the property can be used in accordance with the provisions of [S]ection 363; and (3) the property has more than inconsequential value to the debtor's estate." *Welded Constr., L.P. v. The Williams Cos. (In re Welded Constr., L.P.)*, 609 B.R. 101, 125 (Bankr. D. Del. 2019) (quoting *Zazzali v. Minert (In re DBSI)*, 468 B.R. 663, 669 (Bankr. D. Del. 2011)). An "action for turnover under § 542(a) requires that the information requested be property of the estate." *In re Am. Metrocomm Corp.*, 274 B.R. 641, 652 (Bankr. D. Del. 2002).

12.    Each of these requirements are met here.  <u>First</u>, the Records include all recorded information, including but not limited to books, documents, records, papers, electronically stored information, and emails relating to the Debtors and the operation of the Debtors' business, which represent property of the Debtors' estates.  <u>Second</u>, the Debtors intend to use the Records to acquit their duties as debtors in possession in the Chapter 11 Cases, including filing the necessary schedules of financial affairs, statements of assets and liabilities, and other reporting required in the Chapter 11 Cases, support and inform a sale and marketing process for the Debtors' assets, and to continue operating in the ordinary course of business, all of which requires access to the Records.  <u>Finally</u>, and most importantly, the Records have significant value to the Debtors and their estates.  Among other things, the Debtors require access to the Records, which contain the critical information needed to preserve value of their estates and their assets, including, but not limited to, the names and contact information for the Debtors' vendors providing various services

to the Live Animals in the Debtors' care.  Marine animals typically require specialized care, including the maintenance of tanks, filtration systems, and pumps, and water quality monitoring. Additionally, the Live Animals may have specific dietary needs based on their age, weight, and overall health.  Without access to the Records, the Debtors lack critical information necessary to preserving the value of the Debtors' estates and maintaining the health, safety, and welfare of the animals in the Debtors' care.

13.     Furthermore, section 542(e) does not limit the sources of information from whom records can be sought.  The use of the disjunctive phrase "or other person" demonstrates that an estate representative can proceed under this provision to obtain documents from any person in possession of the subject records.  "The legislative history of § 542(e) suggests that the provision was intended to deprive attorneys of the leverage acquired under state lien laws to receive full payment of professional fees over the debts of other creditors when the information is necessary to the administration of the estate."  *In re Am. Metrocomm Corp.*, 274 B.R. 641, 652 (Bankr. D. Del. 2002).  However, if Congress intended to limit its scope to, for example, only attorneys and accountants, then it would have stopped after those terms.  *See In re Irish Bank Resolution Corp. Ltd.*, 559 B.R. 627, 646–47 (Bankr. D. Del. 2016) (statute's use of the term "other person" cannot be read to mean only "professional").  Thus, it is entirely appropriate for the Debtors to pursue the turnover of the Records from the Required Persons.

## THE REQUIREMENTS OF BANKRUPTCY RULE 6003 ARE SATISFIED

14.     As described above, the relief requested in this Motion is necessary to avoid immediate and irreparable harm, notably the health and welfare of the Live Animals.  Accordingly, the Debtors submit they have satisfied the requirements of Bankruptcy Rule 6003.

33025068.4

## **WAIVER OF BANKRUPTCY RULES 6004(a) AND 6004(h)**

15.     To successfully implement the foregoing immediately and for the reasons set forth above, the Debtors seek a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the fourteen (14)-day stay under Bankruptcy Rule 6004(h), to the extent applicable.

## **NOTICE**

16.     Notice of this Motion will be provided to: (a) the U.S. Trustee; (b) the Debtors' 20 largest unsecured creditors (excluding insiders), once identified; (c) the Internal Revenue Service; (d) the United States Attorney's Office for the District of Delaware and all other states in which the Debtors operate; (e) the Office of the Attorney General for the State of Florida; (f) the County Attorney's Office for Miami Dade County and Bay County, Florida; (g) counsel to the Prepetition First Lien Noteholders and DIP Lenders; (h) counsel to the DIP Agent; (i) counsel to Prepetition Second Lien Noteholders; (j) counsel to the Prepetition First Lien Collateral Agent and the Prepetition Second Lien Collateral Agent; and (k) all parties that have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002.  Notice of this Motion and any order entered hereon will be served in accordance with Local Rule 9013-1(m).  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

## **CONCLUSION**

WHEREFORE, the Debtors respectfully request that this Court enter the Proposed Order, substantially in the form annexed hereto as **Exhibit A**, granting the relief requested herein and granting such other and further relief as is just and proper.

Dated: March 31, 2025

/s/ Jared W. Kochenash

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
Robert S. Brady (No. 2847)
Sean T. Greecher (No. 4844)
Allison S. Mielke (No. 5934)
Jared W. Kochenash (No. 6557)
Rodney Square
1000 North King Street
Wilmington, DE 19801
Telephone: (302) 571-6600
Email: rbrady@ycst.com
        sgreecher@ycst.com
        amielke@ycst.com
        jkochenash@ycst.com

*Proposed Counsel to the Debtors and Debtors in Possession*

8

**<u>EXHIBIT A</u>**

**Proposed Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| LEISURE INVESTMENTS HOLDINGS LLC, *et al.*,[1] | Case No. 25-10606 (LSS) |
| | (Jointly Administered) |
| Debtors. | |
| | Docket Ref. No. ___ |

## ORDER (I) COMPELLING DEBTORS' FORMER OFFICERS AND OTHER REQUIRED PERSONS TO TURN OVER RECORDS AND (II) GRANTING RELATED RELIEF

Upon consideration of the motion (the "**Motion**")[2] of the above captioned debtors and debtors in possession (collectively, the "**Debtors**") for entry of an order (the "**Order**") (i) compelling turnover of the Records relating to the Debtors' property and finances, which are in the possession, custody, or control of the Required Persons, and (ii) granting related relief, all as more fully described in the Motion; and the Court having jurisdiction to consider the matters raised in the Motion pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and the Court having authority to hear the matters raised in the Motion pursuant to 28 U.S.C. § 157; and the Court having venue pursuant to 28 U.S.C. §§ 1408 and 1409; and consideration of the Motion

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are as follows: Leisure Investments Holdings LLC (7260); Triton Investments Holdings LLC (6416); MS Leisure Company (7257); Icarus Investments Holdings LLC (2636); Ejecutivos de Turismo Sustentable S.A. de C.V. (5CA4); Dolphin Capital Company, S. de R.L. de C.V. (21H8); Dolphin Leisure, Inc. (7073); Dolphin Austral Holdings, S.A. de C.V. (6A13); Aqua Tours, S.A. de C.V. (6586); Viajero Cibernético, S.A. de C.V. (1CZ7); Promotora Garrafón, S.A. de C.V. (0KA2); Marineland Leisure, Inc. (7388); GWMP, LLC (N/A); Gulf World Marine Park, Inc. (0348); and The Dolphin Connection, Inc. (0322). For the purposes of these chapter 11 cases, the address for the Debtors is Leisure Investments Holdings LLC, c/o Riveron Management Services, LLC, 600 Brickell Avenue, Suite 2550, Miami, FL 33131.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

and the requested relief being a core proceeding that the Court can determine pursuant to 28 U.S.C. § 157(b)(2); and due and sufficient notice of the Motion having been given under the circumstances, and it appearing that no other or further notice need be provided; and the Court having reviewed and considered the Motion and the First Day Declaration; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors and their estates; and upon the record herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.  The Motion is GRANTED to the extent set forth herein.

2.  Pursuant to, and to the extent set forth in, section 542(e) of the Bankruptcy Code, the Required Persons shall turn over and disclose to the Debtors' representatives, including the Debtors' Chief Restructuring Officer, Robert Wagstaff, all recorded information, including but not limited to books, documents, records, papers, electronically stored information, and email relating to, in connection with, the Debtors' property and finances or in furtherance of the Required Persons' performance of their duties on behalf of the Debtors (the "**Records**").

3.  For avoidance of doubt, the Required Persons include Eduardo Albor (the former Chief Executive Officer of the Debtors), the former Chief of Staff, Chief Financial Officer, and Chief Commercial Officer of the Debtors, all other current or former officers of the Debtors, all current or former attorneys in fact of the Debtors, all other insiders, as defined in section 101(31) of the Bankruptcy Code, of the Debtors, all regional officers, directors, and managers, all park directors and managers, and all other employees, wherever located.

4.  Counsel for the Debtors shall effectuate service of this Order no later than three (3) business days after entry of this Order upon (i) the Required Persons at their last known address— business or personal—by First Class mail; (ii) the Required Persons at their email address;

2

33025068.4

(iii) where applicable, counsel for the Required Persons by overnight mail or email; or (iv) by hand delivery.

5.      The Records shall be produced to the Debtors no later than 11:59 p.m. (Eastern Daylight Time) on the date that is five (5) business days after service of this Order (the "**Turnover Deadline**"), pursuant to reasonable protocols for the secure transfer of electronic records to be agreed upon by and between counsel for the Debtors and the Required Persons before the Turnover Deadline.

6.      The requirements of Bankruptcy Rule 6003(b) are satisfied.

7.      Under the circumstances of the Chapter 11 Cases, notice of the motion is adequate under Bankruptcy Rule 6004(a).

8.      Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

9.      The Debtors are authorized to take all actions necessary to implement the relief granted in this Order.

10.      This Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation or implementation of this Order.

33025068.4