IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>LEISURE INVESTMENTS HOLDINGS LLC, *et al.*,[1]<br><br>　　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 25-10606 (LSS)<br><br>(Jointly Administered)<br><br>**Docket Ref. No. 5** |

**ORDER (I) CONFIRMING, RESTATING, AND ENFORCING THE WORLDWIDE AUTOMATIC STAY, ANTI-DISCRIMINATION PROVISIONS, AND *IPSO FACTO* PROTECTIONS OF THE BANKRUPTCY CODE, (II) APPROVING THE FORM AND MANNER OF NOTICE THEREOF, AND (III) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "**Motion**")[2] of the above captioned debtors and debtors in possession (collectively, the "**Debtors**") for entry of an order (this "**Order**"), (a) enforcing and restating the worldwide automatic stay, *ipso facto*, and antidiscrimination provisions under the Bankruptcy Code, (b) approving the Notice, and (c) granting certain related relief, all as more fully described in the Motion; and the Court having jurisdiction to consider the matters raised in the Motion pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and the Court having authority to hear the matters raised in the Motion pursuant to 28 U.S.C. § 157; and the Court having venue pursuant to 28 U.S.C. §§ 1408 and 1409; and consideration of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are as follows: Leisure Investments Holdings LLC (7260); Triton Investments Holdings LLC (6416); MS Leisure Company (7257); Icarus Investments Holdings LLC (2636); Ejecutivos de Turismo Sustentable S.A. de C.V. (5CA4); Dolphin Capital Company, S. de R.L. de C.V. (21H8); Dolphin Leisure, Inc. (7073); Dolphin Austral Holdings, S.A. de C.V. (6A13); Aqua Tours, S.A. de C.V. (6586); Viajero Cibernético, S.A. de C.V. (1CZ7); Promotora Garrafón, S.A. de C.V. (0KA2); Marineland Leisure, Inc. (7388); GWMP, LLC (N/A); Gulf World Marine Park, Inc. (0348); and The Dolphin Connection, Inc. (0322). For the purposes of these chapter 11 cases, the address for the Debtors is Leisure Investments Holdings LLC, c/o Riveron Management Services, LLC, 600 Brickell Avenue, Suite 2550, Miami, FL 33131.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

the Motion and the requested relief being a core proceeding that the Court can determine pursuant to 28 U.S.C. § 157(b)(2); and due and sufficient notice of the Motion having been given under the circumstances, and it appearing that no other or further notice need be provided; and the Court having reviewed and considered the Motion and the First Day Declaration; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors and their estates; and upon the record herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. Pursuant to, and to the extent set forth in, section 362 of the Bankruptcy Code, the commencement of the Chapter 11 Cases operates as a stay, applicable to all persons (including individuals, partnerships, corporations, and all those acting for or on their behalf) and all governmental units (whether of the United States, any state or locality therein, any territory or possession thereof, or any non-U.S. jurisdiction, including any division, department, agency, instrumentality, or service thereof, and all those acting for or on their behalf) of the following:

    (a) commencing or continuing any judicial, administrative, or other action or proceeding (including but not limited to any bankruptcy, liquidation, suspension of payments, the issuance or enforcement of process or any and all other similar proceedings) against the Debtors that was or could have been initiated before the Chapter 11 Cases commenced;

    (b) enforcing, against the Debtors or their estates, a judgment or order obtained before the commencement of the Chapter 11 Cases;

    (c) collecting, assessing, or recovering a claim against the Debtors that arose before the commencement of the Chapter 11 Cases;

    (d) taking any action, whether inside or outside the United States, to obtain possession of property of the estates or to exercise control over property, wherever located, of the Debtors' estates, including without limitation, attempts to

          seize or reclaim any equipment, supplies, or other assets in which the Debtors have legal or equitable interests;

(e)     taking any action to create, perfect, or enforce any lien against property of the Debtors' estates;

(f)     taking any action to create, perfect, or enforce any lien against property of the Debtors, to the extent that such lien secures a claim that arose before the commencement of the Chapter 11 Cases;

(g)     taking any action to collect, assess, or recover a claim against the Debtors that arose before the commencement of the Chapter 11 Cases;

(h)     offsetting any debt owing to the Debtors that arose before the commencement of the Chapter 11 Cases against any claim against the Debtors; and

(i)     commencing or continuing a proceeding before the United States Tax Court concerning the Debtors, subject to the provisions of 11 U.S.C. § 362(b).

3. Courts of competent jurisdiction may take all appropriate measures required to enforce and recognize the Chapter 11 Cases, including but not limited to, application of the worldwide automatic stay and all other orders entered in the Chapter 11 Cases in the relevant jurisdictions.

4. Pursuant to sections 362 and 365(e)(1) of the Bankruptcy Code, and subject to any relevant provisions or exceptions provided for in the Bankruptcy Code, all persons (including individuals, partnerships, corporations, and all those acting for or on their behalf) and all foreign or domestic governmental units (and all those acting for or on their behalf) are prohibited from modifying or terminating any executory contract or unexpired lease, or any right or obligation under such contract or lease, at any time after the commencement of the Chapter 11 Cases solely because of a provision in such contract or lease that is conditioned on:

(a)     the insolvency or financial condition of the debtor at any time before the closing of the Chapter 11 Cases;

   (b)  the commencement of the Chapter 11 Cases; or

   (c)  the appointment of a trustee in the Chapter 11 Cases.

  5.  The Debtors may use reasonable methods of providing notice to any persons (including individuals, partnerships, corporations, other entities, and all those acting on their behalf) and governmental units, whether of the United States, any state or locality therein or any territory or possession thereof, or any foreign country (including any division, department, agency, instrumentality, or service thereof, and all those acting on their behalf), that intends to, is, or may violate the worldwide automatic stay imposed under section 362 of the Bankruptcy Code using such methods as, including but not limited to, publication, certified and non-certified mail, service upon the person's or governmental unit's attorney, facsimile, email, posting on the Debtors' website, hand delivery, and courier.

  6.  This Order shall not affect (a) the substantive rights of any party or the availability of any of the exceptions contained in sections 362(b) and 365(e)(1) of the Bankruptcy Code; or (b) the right of any party-in-interest to seek relief from the worldwide automatic stay in accordance with section 362(d) of the Bankruptcy Code or with respect to an executory contract or unexpired lease under section 365 of the Bankruptcy Code.

  7.  Pursuant to, and to the extent set forth in, section 525 of the Bankruptcy Code, all foreign and domestic governmental units are prohibited from (a) denying, revoking, suspending, or refusing to renew any license, permit, charter, franchise, or other similar grant to; (b) placing conditions upon such a grant to; or (c) discriminating with respect to such a grant against any of the Debtors (or another person with whom any of the Debtors has been associated) solely because any of the Debtors is a debtor under the Bankruptcy Code, or may have been insolvent before or during the Chapter 11 Cases.

8. The Notice, substantially in the form attached hereto as <u>Exhibit 1</u>, is approved. The Debtors are authorized, but not directed, to serve the Notice upon creditors, governmental units, or other regulatory authorities, and/or interested parties wherever located.

9. The Debtors are authorized, but not directed, to translate this Motion, the Order, and the Notice.

10. Nothing in this Order is intended to, or shall, alter the effect of any provision of the Bankruptcy Code, including, without limitation, 11 U.S.C. §§ 362, 365, 525, 555, 556, 560, and 561.

11. This Order is declarative and is intended to be coterminous with Sections 362, 363, 365, 525, 541, 1107 and 1108 of the Bankruptcy Code. Nothing herein shall abridge, enlarge, or modify the rights and obligations of any party.

12. Under the circumstances of the Chapter 11 Cases, notice of the Motion is adequate under Bankruptcy Rule 6004(a).

13. The Debtors are authorized to take all actions necessary to implement the relief granted in this Order.

14. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order, including to take appropriate remedial action against any persons that violate the relief granted herein outside of the United States, including, without limitation, (i) holding such persons in contempt; (ii) enjoining any such persons from further violations of the automatic stay or this Order; and/or (iii) issuing any appropriate sanctions that may be enforced against such persons' assets that are located in the United States or subject to the jurisdiction of the courts of the United States.

Dated: April 2nd, 2025  
Wilmington, Delaware

LAURIE SELBER SILVERSTEIN  
UNITED STATES BANKRUPTCY JUDGE