IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| LEISURE INVESTMENTS HOLDINGS LLC, et. al., | Case No. 25-10606 (LSS) |
| | (Jointly Administered) |
| Debtors. | Re: Docket Nos. 34, 205 |

## ORDER IMPOSING SANCTIONS ON EDUARDO ALBOR FOR VIOLATION OF THE AUTOMATIC STAY

**WHEREAS**, on March 31, 2025, Leisure Investments Holdings LLC, Triton Investments Holdings LLC, MS Leisure Company, Icarus Investments Holdings LLC, Ejecutivos de Turismo Sustentable, S.A. de C.V., Dolphin Capital Company, S. de R.L. de C.V., Dolphin Leisure, Inc., Dolphin Austral Holdings, S.A. de C.V., Aqua Tours, S.A. de C.V., Viajero Cibernético, S.A. de C.V., Promotora Garrafón, S.A. de C.V., Marineland Leisure Inc., GWMP, LLC, Gulf World Marine Park, Inc., and The Dolphin Connection, Inc., filed voluntary bankruptcy petitions in this Court.

**WHEREAS**, by virtue of Section 362(a) of the United States Bankruptcy Code and without the necessity of the entry of any order by the Court, upon the filing of the bankruptcy cases, a stay of various actions, including those to obtain possession or control over property of the estate, came into effect.

**WHEREAS**, at Debtors' request and because certain of Debtors' creditors and other parties-in-interest are foreign and may not be familiar with the laws of the United States, on

April 2, 2025, the Court issued an order setting forth the automatic stay and prohibiting any violation thereof.[1]

**WHEREAS**, on April 16, 2025, Controladora Dolphin, S.A. de C.V. filed its voluntary petition in this Court (Case No. 25-10715).

**WHEREAS**, on April 17, 2025, the Court entered that certain Order directing joint administration of the Controlodora Dolphin bankruptcy case with the previous bankruptcy cases, with all filings to be made in Case No. 25-10606. This Order also provides that Orders previously entered in Case No. 25-10606 apply to the Controladora Dolphin bankruptcy case, including the Order entered on April 2, 2025.

**WHEREAS**, on April 21, 2025, Debtors filed a motion aimed at Mr. Eduardo Albor, Debtors' former CEO, to enforce the automatic stay and to compel turnover of records.[2]

**WHEREAS**, after an evidentiary hearing and legal argument, on June 5, 2025, the Court issued that certain Order (I) Enforcing (A) the Automatic Stay and (B) the Court's Order Compelling Debtors' Former Officers and Other Required Persons to Turn Over Records, and (II) Granting Related Relief ("June 5 Order").[3]

**WHEREAS**, in the June 5 Order, the Court concluded that Mr. Albor willfully violated the automatic stay, including by (i) "commencing or continuing actions or proceedings in the United Mexican States by or through which Mr. Albor seeks to exercise

---

[1] Order (I) Confirming, Restating, and Enforcing the Worldwide Automatic Stay, Anti-Discrimination Provisions, and Ipso Facto Protections of the Bankruptcy Code, (II) Approving the Form and Manner of Notice Thereof, and (III) Granting Related Relief, ECF No. 34.

[2] Debtors' Mot. for Entry of an Order (I) Enforcing (A) the Automatic Stay and (B) the Court's Order Compelling Debtors' Former Officers and Other Required Persons to Turn Over Records, and (II) Granting Related Relief, ECF No. 73.

[3] ECF No. 205.

corporate governance rights of any Debtor or subsidiary of a Debtor (collectively, 'the MX Control Litigation')" and (ii) "holding himself out as a current director, officer, or employee of the Debtors or their subsidiaries . . . ."[4]

**WHEREAS**, in the June 5 Order, Mr. Albor was ordered to "cease prosecution of the MX Control Litigation on behalf of any Debtor, including Controladora Dolphin and on behalf of himself personally unless and until this Court lifts the automatic stay upon motion and order . . . ."

**WHEREAS**, the June 5 Order also provides that "it shall constitute a willful violation of the Automatic Stay" going forward for Mr. Albor or persons acting on his behalf, to (among other things) "represent to any entities or individuals that he is an officer, director, or employee of any of the Debtors or their subsidiaries . . . unless such action, communication, or activity is expressly requested by the CRO."

---

[4] The Court also concluded that Mr. Albor violated the automatic stay by:

b) blocking access by the Independent Director, the CRO, and persons they designate (such persons, together with the Independent Director and CRO, and persons they designate (such persons, together with the Independent Director and CRO, collectively, "Authorized Debtor Designees") to any Debtors' banking and other financial accounts (such accounts, collectively, the "MX Bank Accounts") at banking and other financial institutions located in the United Mexican States (such institutions, collectively, the "MX Banks");

c) blocking access by the Authorized Debtor Designees to Debtors' Records held in the building identified as the Dolphin Group Headquarters;

d) instructing employees of the Debtors or their subsidiaries not to cooperate with or take direction from the Authorized Debtor Designees;

e) instructing vendors, suppliers, and other business partners or stakeholders of the Mexican Debtors or their subsidiaries not to communicate or do business with the Authorized Debtor Designees;

f) blocking the Authorized Debtor Designees' usernames, passcodes, passwords, and other credentials for computers, cloud-based or remotely-located services, devices, electronic locks, phones, servers (including e-mail servers), and other electronic or information technology, containing, in whole or in part, Records or other data or electronically stored information of or relating to the Debtors ] . . . .

3

**WHEREAS**, the June 5 Order also provides notice to Mr. Albor that: "[t]o ensure that there are no further violations of the automatic stay . . . sanctions in the amount of US $10,000 per day may be awarded in appropriate circumstances."

**WHEREAS**, on June 25, 2025, the Court held a status conference in the bankruptcy case, including on progress since the June 5 Order. At the status conference, Debtors made an oral motion to impose sanctions on Mr. Albor pursuant to the terms of the June 5 Order.

**WHEREAS**, based on the presentation made at the status conference, it is undisputed that on June 19, 2025, another amparo proceeding was commenced in a Mexican Court on behalf of Controladora Dolphin.[5] The document commencing the amparo proceeding was signed by Mr. Albor, "who represents himself as attorney in fact of Controladora Dolphin" and signs the document as the "general proxy of" Controladora Dolphin. It is also undisputed that Mr. Albor did not seek relief from the stay to file the new amparo proceeding or receive permission of the CRO to file the amparo proceeding.[6] The amparo proceeding is seeking relief related to the MX Control Litigation.

**WHEREAS**, it is also undisputed that Mr. Albor has not filed a Corrective Certification with the Court as provided in paragraph 7 of the June 5 Order.

**NOW THEREFORE**, based on the undisputed facts:

**THE COURT FINDS AND CONCLUDES THAT:** Mr. Albor has violated and continues to violate the automatic stay by filing the new amparo proceeding without first

---

[5] *See* Chief Restructuring Officer's Prelim. Report in Connection with Order (I) Enforcing (A) the Automatic Stay and (B) the Court's Order Compelling Debtors' Former Officers and Other Required Persons to Turn Over Records, and (II) Granting Related Relief, ECF No. 245, Ex. H.

[6] Debtors also represented to the Court that Mr. Albor is otherwise continuing to violate the automatic stay, including by diverting receipts from Mexican parks, interfering with banking activities of non-Mexican Debtor subsidiaries and obstructing access to Debtor records. There is yet to be an evidentiary hearing on these assertions and these representations are disputed.

4

obtaining relief from the automatic stay from this Court and by holding himself out as attorney in fact and general proxy of Controladora Dolphin.

**FURTHER, IT IS HEREBY ORDERED THAT:**

1. A sanction of US $10,000 per day is imposed, retroactive to June 19, 2025 ("Sanction").

2. The Sanction will end when Mr. Albor files a Corrective Certification (as defined in the June 5 Order) declaring under 28 U.S.C. § 1746 that the new amparo proceeding has been dismissed.

3. This Order is without prejudice to the right of Debtors or any party-in-interest (with standing) to seek additional sanctions or damage awards for other and/or further violations of the automatic stay or the June 5 Order.

4. An evidentiary hearing is scheduled for July 23 at 10:00 a.m. for a determination of the damages, if any, Mr. Albor is liable for based on costs to the estate of responding to Mr. Albor's actions.

Date: June 26, 2025

_____
LAURIE SELBER SILVERSTEIN
United States Bankruptcy Judge