# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| LEISURE INVESTMENTS HOLDINGS LLC, *et al.*, | Case No. 25-10606 (LSS) (Jointly Administered) |
| Debtors. | |

## MELAND BUDWICK, P.A.'S MOTION TO WITHDRAW AS COUNSEL FOR EDUARDO ALBOR

Meland Budwick, P.A., ("MB" or the "Firm") hereby moves pursuant to Rule 9010-2(b) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), Rule 1.16(b) of the ABA Model Rules of Professional Conduct (the "ABA Rules"), and Delaware Lawyers' Rules of Professional Conduct 1.16(b)(4)(5)(6) and (7) (the "Delaware Rules"), for entry of an order, substantially in the form attached hereto as **Exhibit A**, permitting MB to withdraw as counsel to party in interest, Eduardo Albor ("Mr. Albor"), in the above-captioned bankruptcy case. In support thereof, MB respectfully states as follows:

1. On April 17, 2025, MB first made an appearance on behalf of Mr. Albor [ECF No. 65] and undersigned attorneys were admitted *pro hac vice*. *See* ECF Nos. 69 and 70.

2. MB has diligently represented Mr. Albor's interest in this matter.

3. Delaware Rule 1.16(b) sets for the criterion for counsel's termination of its representation, including that withdrawal can be accomplished without material adverse effect on the interests of the client and where good cause exists.

4. Mr. Albor has failed to substantially fulfill his financial obligations to MB regarding MB's services, despite reasonable notice and opportunity to cure, and continued representation of Mr. Albor would result in an unreasonable financial burden on MB. Moreover,

good cause exists for withdrawal as a result of the development of irreconcilable differences between MB and Mr. Albor. As a result, MB is no longer able to represent Mr. Albor effectively. These matters have been disclosed and thoroughly discussed by the undersigned with Mr. Albor, and undersigned has further advised Mr. Albor of his right to obtain substitute counsel or proceed *pro se*.

5.    As a result of the attorney-client privilege, counsel seeking withdrawal may not be able to disclose the specifics or nature of the conflict giving rise to irreconcilable difference which warrant withdrawal. *See, e.g., Alonso v. Alonso*, 2022 WL 3699351 at *1 (S.D. Fla. Jan. 10, 2022); *Horan v. O'Connor*, 832 So. 2d 193, 193 (Fla. Dist. Ct. App. 2002). Courts have accepted this practice as a ground to withdraw. *See also, Hallmark Capital Corp. v. Red Rose Collection, Inc.*, 1997 WL 661146, at *3 (S.D.N.Y. Oct. 21, 1997) (court may permit withdrawal solely on the basis of "irreconcilable differences" and "it is not necessary for the Court to decide who or what caused the irreconcilable differences."); *Generale Bank v. Wassel*, 1992 WL 42168, at *1 (S.D.N.Y. Feb. 24, 1992); *Dowler v. Cunard Line Ltd.*, 1196 WL 363167, at *1 (S.D.N.Y. June 28, 1996).

6.    Accordingly, an attorney may simply cite that irreconcilable difference exist between the client and the attorney and that representation can be sufficient to establish that good cause exists for the withdrawal. *Horan*, 832 So.2d at 194.

7.    Mr. Albor has been notified in advance of counsel's intent to withdraw and consents to the withdrawal.

8.    The undersigned respectfully submits that granting the requested relief will not unduly prejudice Mr. Albor or materially disrupt the progress of this case. As an individual, Mr. Albor is legally permitted to proceed *pro se* unless and until he obtains substitute counsel. Undersigned counsel will promptly provide him with all relevant files.

2

9.      MB will serve this Motion on Mr. Albor pursuant to the provisions of Local Rule 9010-2(b).

WHEREFORE, Meland Budwick. P.A. requests the Court to enter an Order allowing them to withdraw as counsel to Eduardo Albor in the above-referenced matter.

| | |
|---|---|
| Dated: June 30, 2025<br>Wilmington, Delaware | MELAND BUDWICK, P.A.<br><br> */s/ James C. Moon* <br>James C. Moon (admitted *pro hac vice*)<br>Daniel N. Gonzalez (admitted *pro hac vice*)<br>MELAND BUDWICK, P.A.<br>3200 Southeast Financial Center<br>200 South Biscayne Boulevard<br>Miami, Florida 33131<br>Telephone: (305) 358-6363<br>Telecopy: (305) 358-1221<br>Email:  jmoon@melandbudwick.com<br>            dgonzalez@melandbudwick.com<br><br><br>GELLERT SEITZ BUSENKELL & BROWN, LLC<br><br> */s/ Michael Busenkell* <br>Michael Busenkell (DE 3933)<br>1201 North Orange Street, Suite 300<br>Wilmington, Delaware 19801<br>Tel.:    (302) 425-5800<br>Fax:    (302) 425-5814<br>E-mail: mbusenkell@gsbblaw.com<br><br>*Counsel to Eduardo Albor* |