**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>LEISURE INVESTMENTS HOLDINGS LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-10606 (LSS)<br><br>(Jointly Administered)<br><br><u>Hearing Date</u>: July 23, 2025 at 10:00 a.m. (ET)<br><br><u>Objection Deadline</u>: July 14, 2025 at 4:00 p.m. (ET) |

**DEBTORS' MOTION FOR AN ORDER EXTENDING THE PERIOD WITHIN WHICH THE DEBTORS MAY REMOVE ACTIONS PURSUANT TO 28 U.S.C. § 1452**

Leisure Investments Holdings LLC and certain of its affiliates (collectively, the "**Debtors**") in the above-captioned chapter 11 cases (collectively, the "**Chapter 11 Cases**"), hereby file this motion (this "**Motion**") for entry of an order attached hereto as **Exhibit A** (the "**Proposed Order**"), extending the period within which the Debtors may remove actions and related proceedings by 90 days, through and including September 29, 2025. In support of this Motion, the Debtors rely upon and incorporate by reference the *Declaration of Steven Robert Strom in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* [Docket No. 10] (the "**First Day Declaration**").[2] In further support of this Motion, the Debtors respectfully state as follows:

---

[1] Due to the large number of Debtors in these chapter 11 cases a complete list of the Debtors is not provided herein. A complete list of the Debtors along with the last four digits of their tax identification numbers, where applicable, may be obtained on the website of the Debtors' noticing and claims agent at https://veritaglobal.net/dolphinco, or by contacting counsel for the Debtors. For the purposes of these chapter 11 cases, the address for the Debtors is Leisure Investments Holdings LLC, c/o Riveron Management Services, LLC, 600 Brickell Avenue, Suite 2550, Miami, FL 33131.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

33293580.1

**JURISDICTION AND VENUE**

1. The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and, pursuant to rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent the consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3. The statutory and legal predicates for the relief sought herein are rules 9006 and 9027 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

**BACKGROUND**

4. On March 31, 2025 (the "**Commencement Date**"), certain of the Debtors filed voluntary petitions for relief pursuant to chapter 11 of the Bankruptcy Code. On April 16, 2025 and May 4, 2025, affiliates Controladora Dolphin, S.A. de C.V. and Embassy of the Seas Limited, respectively, also filed voluntary petitions for relief pursuant to chapter 11 of the Bankruptcy Code. The Chapter 11 Cases are being jointly administered for procedural purposes only. *See* Docket Nos. 32, 68 & 126. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. On May 6, 2025, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") appointed an official committee of unsecured creditors (the "**Committee**"). *See* Docket Nos. 128 & 151.

33293580.1

6. Additional information regarding the Debtors, including their business operations, their corporate and capital structure, and the events leading to the commencement of the Chapter 11 Cases is set forth in detail in the First Day Declaration.

## RELIEF REQUESTED

7. The Debtors' deadline to file notices removing actions and related proceedings, pursuant to 28 U.S.C. § 1452 and Bankruptcy Rule 9027, is currently June 30, 2025 (the "**Current Removal Deadline**"). By this Motion, the Debtors request that the Court enter the Proposed Order extending the Current Removal Deadline by 90 days, through and including September 29, 2025, without prejudice to the rights of the Debtors and their estates to seek further extensions.[3]

## BASIS FOR RELIEF

8. Section 1452 of title 28 of the United States Code and Bankruptcy Rule 9027 govern the removal of pending civil actions related to chapter 11 cases. Specifically, section 1452(a) provides that:

> [a] party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a).

9. Bankruptcy Rule 9027 sets forth the time periods for filing notices to remove claims or causes of action. Specifically, Bankruptcy Rule 9027(a)(2) provides, in pertinent part, that:

> [i]f the claim or cause of action in a civil action is pending when a case under the [Bankruptcy] Code is commenced, a notice of removal may be filed in the bankruptcy court only within the longest of (A) 90 days after the order for relief in the case under the Code,

---

[3] Pursuant to Local Rule 9006-2, the filing of this Motion prior to the expiration of the Current Removal Deadline shall automatically extend the Current Removal Deadline until the Court acts on this Motion without the necessity for entry of a bridge order.

33293580.1

3

> (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

Fed. R. Bankr. P. 9027(a)(2).

10. Bankruptcy Rule 9006(b) provides that the Court may extend unexpired time periods, such as the Debtors' removal period, without notice:

> [W]hen an act is required or allowed to be done at or within a specified period by [the Bankruptcy Rules] or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion … with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order.

Fed. R. Bankr. P. 9006(b)(1).

11. Accordingly, the Court is authorized to grant the relief requested herein. *See Pacor, Inc. v. Higgins*, 743 F.2d 984, n.17 (3d Cir. 1984), overruled on other grounds by Things Remembered, Inc. v. Petrarca, 516 U.S. 124, 134–35, 116 S. Ct. 494, 133 L.Ed.2d 461 (1995) (holding the bankruptcy court's power to grant an extension of the removal period pursuant to Bankruptcy Rule 9006(b) is "clear"); *Jandous Elec. Constr. Corp. v. City of New York* (*In re Jandous Elec. Constr. Corp.*), 106 B.R. 48, 50 (Bankr. S.D.N.Y. 1989) (same); *Raff v. Gordon*, 58 B.R. 988, 990-91 (Bankr. E.D. Pa. 1986) (stating that the period in which to file a motion to remove may be expanded pursuant to Bankruptcy Rule 9006); *In re Boyer*, 108 B.R. 19, 26 (Bankr. N.D.N.Y. 1988) (same).

12. The Debtors may be parties to actions currently pending in other courts (collectively, the "**Actions**"), and believe that it is prudent to seek an extension of the time

33293580.1

established by Bankruptcy Rule 9027 to protect the rights of the Debtors and their estates to remove any such Actions.

13. Since the Commencement Date, the Debtors' management and professional advisors have devoted substantial time and effort towards maximizing the value of their estates for the benefit of all stakeholders. Over the past three months, the Debtors have, among other things: (a) obtained orders (i) authorizing the Debtors to obtain interim postpetition financing [Docket Nos. 40, 134 & 213], (ii) enforcing the automatic stay [Docket Nos. 34 & 205]; (iii) authorizing the Debtors to pay prepetition wages on interim [Docket No. 63] and final [Docket No. 105] bases; (b) retained professionals; (c) engaged in substantial litigation efforts in both Mexico and in the Chapter 11 Cases; (d) consulted with the Debtors' various professionals on the framework for a sale and marketing process; (e) sought and obtained the Debtors' financial and other records and established cash management protocols and other operational systems to ensure a transparent and accurate financial accounting system; (f) responded to various creditor inquiries; and (g) handled various tasks related to the administration of the Debtors' estates and the Chapter 11 Cases.

14. As a result of the foregoing efforts and various others, the Debtors have not had sufficient time to determine if any Actions should be removed pursuant to Bankruptcy Rule 9027(a). Accordingly, the Debtors submit that extending the Current Removal Deadline is in the best interests of the Debtors, their estates, and their creditors. The extension sought will afford the Debtors an opportunity to make more fully informed decisions concerning the removal of any Action and will assure that the Debtors and their estates do not forfeit the valuable rights afforded to them under 28 U.S.C. § 1452. Furthermore, the Debtors submit that granting the extension requested herein will not prejudice the rights of any other parties to the Actions because such parties may not prosecute them absent relief from the automatic stay. In addition, nothing

33293580.1

herein will prejudice any party to an Action that the Debtors may ultimately attempt to remove from seeking the remand of such action under 28 U.S.C § 1452(b) at the appropriate time.

15. For the reasons set forth above, the Debtors submit that extending the Current Removal Deadline through and including September 29, 2025 is necessary, prudent, and in the best interests of the Debtors, their estates, and their creditors.

## NOTICE

16. Notice of this Motion will be provided to: (a) the U.S. Trustee; (b) counsel to the Committee; (c) counsel to the Prepetition First Lien Noteholders and DIP Lenders; (d) counsel to the DIP Agent; (e) counsel to the Prepetition Second Lien Noteholders; (f) counsel to the Prepetition First Lien Collateral Agent and the Prepetition Second Lien Collateral Agent; (g) all non-Debtor parties to any of the Actions, or their counsel, if known; and (h) all parties that have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

*[Remainder of Page Intentionally Left Blank]*

33293580.1

## **CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form annexed hereto as **Exhibit A**, granting the relief requested in this Motion and such other relief as may be just and proper.

Dated: June 30, 2025

*/s/ Allison S. Mielke*
**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
Robert S. Brady (No. 2847)
Sean T. Greecher (No. 4484)
Allison S. Mielke (No. 5934)
Jared W. Kochenash (No. 6557)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Email:  rbrady@ycst.com
           sgreecher@ycst.com
           amielke@ycst.com
           jkochenash@ycst.com

*Counsel to the Debtors and Debtors in Possession*

33293580.1