**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 11 |
| LEISURE INVESTMENTS HOLDINGS LLC, *et al.*,[1] | Case No. 25-10606 (LSS) |
|  | (Jointly Administered) |
| Debtors. | **Docket Ref. No. 219** |

**ORDER (I) AUTHORIZING THE EMPLOYMENT AND RETENTION OF
KEEN-SUMMIT CAPITAL PARTNERS LLC AS REAL ESTATE ADVISOR AND
BROKER FOR THE DEBTORS, EFFECTIVE AS OF JUNE 11, 2025 AND
(II) WAIVING CERTAIN REPORTING REQUIREMENTS**

Upon consideration of the application  (the "**Application**")[2] of the above captioned

debtors and debtors in possession (collectively, the "**Debtors**") for entry of an order (this "**Order**")

(a) authorizing the Debtors to retain Keen-Summit Capital Partners LLC ("**Keen**") as the Debtors'

exclusive real estate consultant and advisor, effective as of June 11, 2025, pursuant to the terms of

that certain real estate services agreement dated as of June 4, 2025 (the "**Engagement Letter**"), a

copy of which is attached to the Application, (b) approving of the terms of Keen's employment

and retention, including the Fee and Expense Structure and the indemnification, reimbursement,

and related provisions set forth in the Engagement Letter, (c) approving a waiver of certain

reporting requirements, and (d) granting certain related relief, all as more fully set forth in the

Application and the Bordwin Declaration; and this Court having jurisdiction to consider the

---

[1]     Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the Debtors is not provided herein.  A complete list of the Debtors along with the last four digits of their tax identification numbers, where applicable, may be obtained on the website of the Debtors' noticing and claims agent at https://veritaglobal.net/dolphinco, or by contacting counsel for the Debtors.  For the purposes of these chapter 11 cases, the address for the Debtors is Leisure Investments Holdings LLC, c/o Riveron Management Services, LLC, 600 Brickell Avenue, Suite 2550, Miami, FL 33131.

[2]     Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

matters raised in the Motion pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having authority to hear the matters raised in the Motion pursuant to 28 U.S.C. § 157; and the Court having venue pursuant to 28 U.S.C. §§ 1408 and 1409; and consideration of the Application and the requested relief being a core proceeding that the Court can determine pursuant to 28 U.S.C. § 157(b)(2); and due and sufficient notice of the Application having been given under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed and considered the Application and the Bordwin Declaration; and this Court having found that the relief requested in the Application is in the best interests of the Debtors and their estates; and upon the record herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED AND/OR DETERMINED THAT:**

1.      The Application is GRANTED to the extent set forth herein.

2.      Pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016 and Local Rules 2014-1 and 2016-1, the Debtors are authorized to retain and employ Keen as their exclusive real estate advisor and consultant effective as of June 11, 2025, on the terms and conditions set forth in the Application and the Engagement Letter and in accordance with the Fee Structure, except as provided by this Order.

3.      The terms of the Engagement Letter are reasonable terms and conditions of employment and are approved, as hereinafter modified, including the following modified indemnification provisions:

        a.  The Indemnified Parties shall not be entitled to indemnification, contribution or reimbursement pursuant to the Engagement Letter for services other than the services provided under the Engagement Letter, unless such other services and

the indemnification, contribution or reimbursement therefore are approved by the Court;

b.  Notwithstanding any provision of the Engagement Letter to the contrary, the Debtors shall have no obligation to indemnify or provide contribution or reimbursement to the Indemnified Parties for any claim or expense that is either (i) judicially determined (the determination having become final) to have arisen from Indemnified Parties' gross negligence, fraud, breach of fiduciary duty (if any), bad faith, self-dealing, or willful misconduct, (ii) for a contractual dispute in which the Debtors allege the breach of the Indemnified Parties' contractual obligations, unless the Court determines that indemnification, contribution or reimbursement would be permissible pursuant to *In re United Artists Theatre Co.,* 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii), but determined by this Court, after notice and a hearing, to be a claim or expense for which the Indemnified Party should not receive indemnity, contribution or reimbursement under the terms of the Services Agreement, as modified by this Order; and

c.  If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in the Chapter 11 Cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing the Chapter 11 Cases, the Indemnified Parties believe that they are entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution or reimbursement obligations under the Engagement Letter (as modified by this Order), including without limitation any advancement of defense costs, the Indemnified Parties must file an application therefor in this Court, and the Debtors may not pay any such amounts to the Indemnified Parties before the entry of an order by this Court approving any such payment. This subparagraph (c) is intended only to specify the period of time under which this Court shall have jurisdiction over any request by the Indemnified Parties for indemnification, contribution or reimbursement, and is not intended to limit the duration of the Debtors' obligations to indemnify or reimburse expenses of the Indemnified Parties. All parties in interest shall retain the right to object to any demand by an Indemnified Party for indemnification, contribution, or reimbursement.

4.    Except to the extent set forth herein, the Engagement Letter, including, without limitation, the Fee and Expense Structure, is approved pursuant to section 328(a) of the Bankruptcy Code and the Debtors are authorized to pay, reimburse, and indemnify Keen in accordance with the terms of, and at the time specified in, the Engagement Letter without further order of the Court to the extent set forth herein.

5.      Keen shall submit all invoices, along with its fee calculations and all relevant backup information to the Debtors. The Debtors shall review the information and once they have agreed with Keen on the amount owed to Keen, they shall forward such information to the U.S. Trustee and the Committee for review. The U.S. Trustee and the Committee shall have five (5) business days from receipt to review such information and raise any objections they may have. If neither the U.S. Trustee nor the Committee timely raise an objection, the Debtors shall be authorized to pay Keen the amount owed. If either the U.S. Trustee or the Committee timely raises an objection, Keen and such objector shall attempt to resolve consensually such objection.  If Keen and the objector cannot resolve such objection, this Court shall resolve such dispute, after notice and a hearing.

6.      Notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, orders of this Court setting procedures for the allowance and payment of professional fees, any guidelines regarding submission and approval of fee applications, or in the Engagement Letter, in light of services to be provided by Keen and the structure of Keen's compensation pursuant to the Engagement Letter:  (a) Keen and its professionals shall be excused from the information requirements and from maintaining and filing time records in accordance with Bankruptcy Rule 2016(a), Local Rule 2016-1(d), the fee guidelines established by the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**"), and any otherwise applicable orders or procedures of this Court in connection with the services to be rendered pursuant to the Engagement Letter; (b) Keen may, but shall not be required to, file periodic, monthly or interim fee applications or statements; *provided, however*, Keen shall file a final fee application, with all payments made to Keen by the Debtors in the Chapter 11 Cases, to remain subject to the filing of a final fee application and approval by the Court, with such interim and

final fee applications (including expense reimbursement) to be subject only to the standard of review provided for in section 328(a) of the Bankruptcy Code and shall not be subject to the standard of review set forth in section 330 of the Bankruptcy Code; *provided, however*, the U.S. Trustee, and solely the U.S. Trustee, shall retain all rights to object to Keen's expense reimbursement based on the reasonableness standard provided for in section 330 of the Bankruptcy Code.

7.      The Debtors and Keen reserve the right to file additional retention applications for any services in addition to those provided for under the Engagement Agreement.

8.      In the event that during the pendency of the Chapter 11 Cases, Keen requests reimbursement for any attorneys' fees or expenses, the invoices and supporting time records from such attorneys shall be included in Keen's final fee application, and such invoices and time records shall be paid in compliance with the Local Rules, the guidelines of the U.S. Trustee, and standards of sections 330 and 331 of the Bankruptcy Code, without regard to whether such attorney has been retained under section 327 of the Bankruptcy Code and without regard to whether such attorney's services satisfy section 330(a)(3)(C) of the Bankruptcy Code.  Notwithstanding the foregoing, Keen shall be reimbursed for legal fees incurred in connection with the Chapter 11 Cases only to the extent permitted under applicable law.

9.      Keen shall disclose any and all facts that may have a bearing on whether Keen and any individuals working on the engagement, hold or represent any interest adverse to the Debtors, their creditors, or other parties in interest in these cases. The obligation to disclose such connections identified in this paragraph shall be a continuing obligation.

10.      Keen shall use reasonable efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in the Chapter 11 Cases.

11.    Keen shall not serve as a dual agent for any buyer of the Debtors' assets.

12.    If Keen subcontracts with a local broker, such local broker shall file the disclosures required under Bankruptcy Rule 2014, and such disclosure must disclose any connections the local broker has to the Debtors' former management (including, without limitation, Mr. Eduardo Albor).

13.    In the event of any inconsistency between the Engagement Letter, the Application, and this Order, the terms of this Order shall govern.

14.    The Debtors are authorized to take all actions necessary to implement the relief granted in this Order and the terms and conditions of this Order will be effective immediately and enforceable upon its entry.

15.    Notwithstanding any applicable provisions of the Bankruptcy Code or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

16.    This Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation or implementation of this Order and neither the Debtors nor Keen shall be required to seek authorization from any other jurisdiction with respect to the relief granted by this Order.

**Dated: July 3rd, 2025**
**Wilmington, Delaware**

**LAURIE SELBER SILVERSTEIN**
**UNITED STATES BANKRUPTCY JUDGE**