## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| LEISURE INVESTMENTS HOLDINGS LLC, *et al.*,[1] | Case No. 25-10606 (LSS) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date:** July 23, 2025 at 10:00 a.m. (ET) |
| | **Objection Deadline:** July 16, 2025 at 4:00 p.m. (ET) |

### DEBTORS' MOTION FOR AN ORDER, PURSUANT TO SECTION 365(d)(4) OF THE BANKRUPTCY CODE, EXTENDING THE DEADLINE BY WHICH THE DEBTORS MUST ASSUME OR REJECT UNEXPIRED LEASES OF NON-RESIDENTIAL REAL PROPERTY UNDER WHICH ANY OF THE DEBTORS ARE LESSEES

Leisure Investments Holdings LLC and certain of its affiliates (collectively, the "**Debtors**") in the above-captioned chapter 11 cases (collectively, the "**Chapter 11 Cases**"), hereby submit this motion (this "**Motion**") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), granting the Debtors a 90-day extension of the statutory deadline for the Debtors to assume or reject each of the leases, subleases, and other agreements under which any of the Debtors is a lessee and that may be considered unexpired leases of non-residential real property under applicable law, including, but not limited to, that certain *Amended and Restated Lease Agreement*, dated August 5, 2000, between Miami-Dade County, Florida and MS Leisure Company, Inc. (collectively, the "**Real Property Leases**"). In support of this Motion, the Debtors respectfully state as follows:

---

[1]   Due to the large number of Debtors in these chapter 11 cases a complete list of the Debtors is not provided herein. A complete list of the Debtors along with the last four digits of their tax identification numbers, where applicable, may be obtained on the website of the Debtors' noticing and claims agent at https://veritaglobal.net/dolphinco, or by contacting counsel for the Debtors. For the purposes of these chapter 11 cases, the address for the Debtors is Leisure Investments Holdings LLC, c/o Riveron Management Services, LLC, 600 Brickell Avenue, Suite 2550, Miami, FL 33131.

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2) and, pursuant to rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3.      The legal basis for the relief requested herein is section 365(d)(4) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "**Bankruptcy Code**").

## BACKGROUND

4.      On March 31, 2025 (the "**Commencement Date**"), certain of the Debtors (the "**Initial Debtors**") filed voluntary petitions for relief pursuant to chapter 11 of the Bankruptcy Code.  On April 16, 2025 and May 4, 2025, Controladora Dolphin, S.A. de C.V. ("**Controladora**") and Embassy of the Seas Limited ("**Embassy**"), respectively, also filed voluntary petitions for relief pursuant to chapter 11 of the Bankruptcy Code.  The Chapter 11 Cases are being jointly administered for procedural purposes only.  *See* Docket Nos. 32, 68 & 126.

5.      On May 6, 2025, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") appointed an official committee of unsecured creditors (the "**Committee**"). *See* Docket Nos. 128 & 151.

6.      Additional information regarding the Debtors, including their business operations, their corporate and capital structure, and the events leading to the commencement of the Chapter 11 Cases, are set forth in detail in the *Declaration of Steven Robert Strom in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* [Docket No. 10] (the "**First Day Declaration**").[2]

## RELIEF REQUESTED

7.      Pursuant to section 365(d)(4) of the Bankruptcy Code, debtors have an initial 120-day period following the filing of a bankruptcy petition in which to elect to assume or reject unexpired leases of non-residential real property under which any of the debtors is a lessee.  *See* 11 U.S.C. § 365(d)(4).  Section 365(d)(4)(B) of the Bankruptcy Code provides, however, that, upon a motion by a debtor, the Court may extend the initial 120-day deadline by ninety (90) days "for cause."  11 U.S.C. § 365(d)(4)(B).  Any subsequent extensions of the deadline to assume or reject unexpired leases of non-residential real property under which any of the debtors is a lessee may only be granted with the prior written consent of the affected lessors.   11 U.S.C. § 365(d)(4)(B)(ii).  Under section 365(d)(4) of the Bankruptcy Code, if a debtor fails to assume or reject an unexpired lease of non-residential real property under which a debtor is a lessee prior to the applicable deadline, such lease will automatically be deemed rejected.   11 U.S.C. § 365(d)(4)(A).

8.      Pursuant to section 365(d)(4) of the Bankruptcy Code, the Initial Debtors have until July 29, 2025, Debtor Controladora has until August 14, 2025, and Embassy has until September

---

[2]      Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

1, 2025 to assume or reject any Real Property Leases (such periods, collectively, the "**Assumption and Rejection Periods**" and each, an "**Assumption and Rejection Period**").

9.      By this Motion, the Debtors request that the Court enter the Proposed Order, extending the Assumption and Rejection Periods by ninety (90) days, through and including October 27, 2025 for the Initial Debtors, November 12, 2025 for Controladora, and December 1, 2025 for Embassy,[3] pursuant to section 365(d)(4) of the Bankruptcy Code.  Pursuant to section 365(d)(4)(B)(ii) of the Bankruptcy Code, such extensions would be without prejudice to the Debtors' rights to request a further extension of the Assumption and Rejection Period with the consent of the affected lessors.

<u>**BASIS FOR RELIEF REQUESTED**</u>

10.      The Debtors submit that extending the Assumption and Rejection Periods is essential and in the best interests of the Debtors, their estates, and their creditors.  The requested extension of the Assumption and Rejection Periods is consistent with the goals of the Bankruptcy Code and will not unduly prejudice any lessors under any Real Property Leases (collectively, the "**Lessors**").

11.      Since the Commencement Date, the Debtors' management and professional advisors have devoted substantial time and effort towards maximizing the value of their estates for the benefit of all stakeholders.  Over the past three months, the Debtors have, among other things: (a) obtained orders (i) authorizing the Debtors to obtain interim postpetition financing [Docket Nos. 40, 134 & 213], (ii) enforcing the automatic stay [Docket Nos. 34 & 205]; (iii) authorizing the Debtors to pay prepetition wages on interim [Docket No. 63] and final [Docket No. 105] bases; (b) retained professionals; (c) engaged in substantial litigation efforts in both Mexico and in the

---

[3]   The 90-day extension of the Assumption and Rejection Period pertaining to Embassy falls on a Sunday.  Pursuant to Bankruptcy Rule 9006(a), the deadline extends to the next business day, Monday, December 1, 2025.

Chapter 11 Cases; (d) consulted with the Debtors' various professionals on the framework for a sale and marketing process; (e) sought and obtained the Debtors' financial and other records and established cash management protocols and other operational systems to ensure a transparent and accurate financial accounting system; (f) responded to various creditor inquiries; and (g) handled various tasks related to the administration of the Debtors' estates and the Chapter 11 Cases.

12.     As highlighted above, the Debtors have labored to preserve and maximize the value of the Debtors' estates for the benefit of all stakeholders.  The Debtors continue to do so, and that includes analyzing their assets, including any Real Property Leases.  The Debtors file this Motion to preserve the rights of the Debtors and their estates to assume and assign, or reject, any remaining Real Property Leases to maximize value for their stakeholders, particularly pending the Debtors' efforts to commence a sale process, during which the Debtors will market the Real Property Leases to determine the best available approach for maximizing their value.

13.     The Third Circuit Court of Appeals has recognized that "nothing prevents a bankruptcy court from granting an extension because a particular debtor needs additional time to determine whether the assumption or rejection of particular leases is called for by the plan of reorganization that it is attempting to develop."  *In re Channel Home Ctrs., Inc.*, 989 F.2d 682, 689 (3d Cir. 1993).  As the bankruptcy court in one frequently cited decision observed, there are essentially three factors that are weighed by the courts in determining whether cause exists to extend the deadline to assume or reject unexpired leases of non-residential real property:

(i)     whether the leases are an important asset of the estate such that the decision to assume or reject would be central to any plan of reorganization that may be proposed by the debtors;

(ii)    whether the case is complex and involves large numbers of leases; and

(iii)   whether or not the debtors have had sufficient time to intelligently appraise the value of each lease for purposes of a plan of reorganization.

*In re Wedtech Corp.*, 72 B.R. 464, 471-72 (Bankr. S.D.N.Y. 1987); *accord Channel Home Ctrs.*, 989 F.2d at 689 (noting that "it is permissible for a bankruptcy court to consider a particular debtor's need for more time in order to analyze leases in light of the plan it is formulating").

14.    The Debtors submit that the *Wedtech* factors are satisfied in the Chapter 11 Cases. First, until the Debtors, in their business judgment, determine otherwise, any Real Property Leases are a potentially important asset of the Debtors' estates, and therefore the decision to assume or reject any Real Property Leases is necessarily of central importance to the Debtors' efforts to preserve and maximize the value of their estates for the benefit of all stakeholders. As a result, the Debtors must be afforded sufficient time to market the Real Property Leases and determine which of any Real Property Leases should be assumed.

15.    Moreover, as set forth above, the Debtors have devoted a significant amount of time, energy, and resources to tasks other than evaluating any Real Property Leases, and need additional time to market the Real Property Leases in connection with the Debtors' pending sale process. Therefore, an extension of the Assumption and Rejection Periods is necessary to allow the Debtors sufficient time to fully evaluate all of the Real Property Leases.

16.    Given the inherent fluidity in the Chapter 11 Cases, circumstances may arise during the pendency of the Chapter 11 Cases that would cause the Debtors to re-evaluate the need to continue leasing a particular property. In the absence of an extension of the Assumption and Rejection Periods, the Debtors would be prematurely forced to assume Real Property Leases that may later prove to be burdensome, which could give rise to unnecessary administrative expense claims against the Debtors' estates and jeopardize the Debtors' ability to successfully prosecute the Chapter 11 Cases. Alternatively, the Debtors could be prematurely forced to reject certain Real Property Leases that ultimately could have benefited the Debtors' estates. Among other

things, the extension requested herein will decrease the risk of such negative outcomes for the Debtors' estates, and will therefore benefit all stakeholders.

17.     Furthermore, there should be no prejudice to the Lessors as a result of the requested extension of the Assumption and Rejection Periods.  Pending their election to assume or reject any Real Property Leases, the Debtors will perform their undisputed obligations arising from and after the Commencement Date in a timely fashion and as required by the Bankruptcy Code.  As a result, the requested extension will afford the Debtors the opportunity to preserve and maximize estate value, without prejudicing the rights of the Lessors.

## NOTICE

18.     Notice of this Motion will be provided to:  (a) the U.S. Trustee; (b) counsel to the Committee; (c) counsel to the Prepetition First Lien Noteholders and DIP Lenders; (d) counsel to the DIP Agent; (e) counsel to the Prepetition Second Lien Noteholders; (f) counsel to the Prepetition First Lien Collateral Agent and the Prepetition Second Lien Collateral Agent; (g) the Lessors or their counsel, if known; and (h) all parties that have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

*[Remainder of Page Intentionally Left Blank]*

**WHEREFORE**, the Debtors respectfully request that the Court enter the Proposed Order,

granting the relief requested in this Motion and such other relief as may be just and proper.

Dated: July 3, 2025

*/s/ Allison S. Mielke*
**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
Robert S. Brady (No. 2847)
Sean T. Greecher (No. 4484)
Allison S. Mielke (No. 5934)
Jared W. Kochenash (No. 6557)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Email: rbrady@ycst.com
        sgreecher@ycst.com
        amielke@ycst.com
        jkochenash@ycst.com


*Counsel to the Debtors and Debtors in Possession*