IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>LEISURE INVESTMENTS HOLDINGS LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-10606 (LSS)<br><br>(Jointly Administered)<br><br>**Hearing Date:**<br>To Be Determined<br><br>**Objection Deadline:**<br>July 28, 2025, at 4:00 p.m. (ET) |

# DEBTORS' THIRD MOTION FOR ENTRY OF AN ORDER EXTENDING THE TIME TO FILE SCHEDULES OF ASSETS AND LIABILITIES, STATEMENTS OF FINANCIAL AFFAIRS, AND RULE 2015.3 FINANCIAL REPORTS

Leisure Investments Holdings LLC, and certain of its affiliates (collectively, the "**Debtors**") in the above-captioned chapter 11 cases (collectively, the "**Chapter 11 Cases**"), hereby file this motion (this "**Motion**") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), extending the time within which the Debtors must file (i) their schedules of assets and liabilities and statements of financial affairs (collectively, the "**Schedules and Statements**") through and including August 4, 2025, and (ii) their initial reports of financial information with respect to entities in which the Debtors hold a controlling or substantial interest as set forth in Bankruptcy Rule 2015.3 (the "**Initial 2015.3 Reports**" and together with the Schedules and Statements, the "**Reports**") through and including August 14, 2025, without prejudice to the Debtors' rights to seek further

---

[1] Due to the large number of Debtors in these chapter 11 cases a complete list of the Debtors is not provided herein. A complete list of the Debtors along with the last four digits of their tax identification numbers, where applicable, may be obtained on the website of the Debtors' noticing and claims agent at https://veritaglobal.net/dolphinco, or by contacting counsel for the Debtors. For the purposes of these chapter 11 cases, the address for the Debtors is Leisure Investments Holdings LLC, c/o Riveron Management Services, LLC, 600 Brickell Avenue, Suite 2550, Miami, FL 33131.

extensions of such deadlines. In support of this Motion, the Debtors rely upon and incorporate by reference the *Declaration of Steven Robert Strom in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* [Docket No. 10] (the "**First Day Declaration**").[2] In further support of this Motion, the Debtors respectfully state as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and pursuant to rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent the consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3. The statutory and legal predicates for the relief sought herein are sections 105(a) and 521(a)(1)(B) of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq*. (the "**Bankruptcy Code**"), rules 1007(c), 2015.3, and 9006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Local Rules 1007-1 and 9006-2.

## PRELIMINARY STATEMENT

4. As discussed in the First Day Declaration and at various hearings held since filing the Chapter 11 Cases, the Debtors' board of directors/managers and officers were appointed

---

[2] Capitalized terms used by not defined herein shall have the meaning ascribed to such terms in the First Day Declaration.

shortly before the Commencement Date (as defined below) by the Prepetition First Lien Noteholders, who exercised their collateral rights to remove the Debtors' prior management. First Day Declaration at ¶ 13. Under their new leadership, the Debtors have been diligently identifying, and obtaining access to, the Debtors' books and records and facilities, all while concurrently prosecuting proceedings in Mexico to assert operational control over the Debtors' Mexican headquarters and other facilities. These efforts have been challenging and time-consuming, but the Debtors have made substantial progress. The Debtors are diligently finalizing the Reports, but require a moderate extension of the deadline to file the Reports to ensure that the information included is accurate and reliable. Given these circumstances, an extension of the deadline to file the Reports will allow the Debtors to provide parties in interest with the best available information regarding the Debtors' assets and liabilities and creditors' claims.

## BACKGROUND

5. On March 31, 2025 (the "**Commencement Date**"), certain of the Debtors (the "**Initial Debtors**") filed voluntary petitions for relief pursuant to chapter 11 of the Bankruptcy Code. On April 16, 2025 and May 4, 2025, affiliates Controladora Dolphin, S.A. de C.V. ("**Controladora**") and Embassy of the Seas Limited ("**Embassy**"), respectively, also filed voluntary petitions for relief pursuant to chapter 11 of the Bankruptcy Code. The Chapter 11 Cases are being jointly administered for procedural purposes only. *See* Docket Nos. 32, 68 & 126. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. On May 6, 2025, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") appointed an official committee of unsecured creditors (the "**Committee**").

7.  Additional information regarding the Debtors, including their business operations, their corporate and capital structure, and the events leading to the commencement of the Chapter 11 Cases is set forth in detail in the First Day Declaration.

## RELIEF REQUESTED

8.  By this Motion, the Debtors request entry of the Proposed Order, extending the time within which the Debtors must file (i) their Schedules and Statements, through and including August 4, 2025, and (ii) their Initial 2015.3 Reports, through and including August 14, 2025, without prejudice to the Debtors' rights to seek further extensions thereof.[3]  Since this request is being filed before the expiration of the current deadlines for filing the Reports, under Local Rule 9006-2, the Debtors are granted an automatic bridge order until a hearing is held on this Motion.

## BASIS FOR RELIEF

9.  Pursuant to section 521 of the Bankruptcy Code and Bankruptcy Rule 1007(c), the Debtors are required to file the Schedules and Statements within fourteen (14) days of commencing the Chapter 11 Cases.  Under Local Rule 1007-1(a), the deadline is automatically extended to the date that is twenty-eight (28) days after the commencement of the chapter 11 cases, if (i) the debtors' bankruptcy petitions are accompanied by a list of the debtors' creditors and their addresses, in accordance with Local Rule 1007-1, and (ii) the total number of creditors in the chapter 11 cases exceeds 200.  *See* Del. Bankr. L.R. 1007-1(b); Fed. R. Bankr. P. 9006(a).  The Debtors filed a list of the Debtors' creditors and their addresses, in accordance with Local Rule 1007-2 [Docket No. 113], which includes more than 200 creditors.  Accordingly, by operation of

---

[3]  For the avoidance of doubt, the requested extensions will also apply to the cases filed by Debtors Controladora and Embassy.

Local Rule 1007-1(a), the deadline for the Initial Debtors to file the Schedules and Statements was automatically extended to April 28, 2025 (the "**Statutory Schedules Deadline**").[4]

10. In addition, pursuant to Bankruptcy Rule 2015.3, a chapter 11 debtor must file, no later than seven (7) days before the date set for the 341 Meeting, and no less than every six (6) months thereafter, periodic financial reports of the value, operations, and profitability of each entity that is not a publicly traded corporation or a debtor in the chapter 11 cases, and in which the estate holds a substantial or controlling interest. *See* Fed. R. Bankr. P. 2015.3(a)–(c).

11. Bankruptcy Rule 2015.3(d) provides the Court with the ability, after notice and a hearing, to modify the reporting requirements "for cause," including that a debtor is "not able, after a good faith effort, to comply with those reporting requirements . . . ." Fed. R. Bankr. P. 2015.3(d).

12. On April 14, 2025, the Debtors filed the *Debtors' Motion for Entry of an Order Extending the Time to File Schedules of Assets and Liabilities, Statements of Financial Affairs, and Rule 2015.3 Financial Reports* [Docket No. 58] and, in doing so, extended the deadline within which the Debtors were required to file their Schedules and Statements through and including May 30, 2025 (the "**Extended Schedules Deadline**").

13. On May 29, 2025, the *Debtors filed the Debtors' Second Motion for Entry of an Order Extending the Time to File Schedules of Assets and Liabilities, Statements of Financial Affairs, and Rule 2015.3 Financial Reports* [Docket No. 192], and in doing so, extended the deadline within which the Debtors were required to file their Schedules and Statements through and including July 14, 2024 (the "**Current Schedules Deadline**").

---

[4] For the same reasons, the initial deadline for Controladora and Embassy to file their Schedules and Statements was May 14, 2025 and June 2, 2025, respectively.

14.     Pursuant to Bankruptcy Rules 1007(a)(5), 1007(c), and 2015.3(d), the Court has authority to further extend the time required for filing the Reports "for cause."  Fed. R. Bankr. P. 1007(a)(5), 1007(c), 2015.3(d); Del. Bankr. L.R. 1007-1(a).  Here, the Debtors respectfully submit that good and sufficient cause exists to further extend the deadlines to file the Reports, as requested herein, based on (i) the size and complexity of the Debtors' business; (ii) the numerous burdens imposed by the Debtors' chapter 11 efforts; (iii) the significant governance and management changes affecting each of the Debtors; and (iv) the Debtors' limited access to their books and records prior to and following the Commencement Date.  To prepare their Reports, the Debtors must compile a significant amount of financial information from books, records, and documents relating to their assets, contracts, and claims of creditors.  This information is voluminous and assembling the necessary information requires a significant expenditure of time and effort on the part of the Debtors, their employees, and their professional advisors, which is complicated by the Debtors' recent management transition and challenges in accessing their books and records.  The Debtors have obtained the majority of their books, records, and documents, and are currently finalizing the Reports.  However, the magnitude of the task of reviewing all of the recently acquired books and records—coupled with the Debtors' other chapter 11 responsibilities, the ongoing day-to-day burdens of operating the Debtors' business, and the need to devote extensive resources to litigation matters in the Chapter 11 Cases—supports an extension of the deadline set forth in the Bankruptcy Code and Bankruptcy Rules for filing the Reports.  The extension will allow the Debtors sufficient time to finalize the Reports and ensure their accuracy.  The relief requested herein will not prejudice or adversely affect the rights of the Debtors' creditors or other parties in interest.  Rather, the extension requested herein will aid the Debtors' efforts to ensure the accuracy

and completeness of the Reports, which, in turn, will promote efficient administration of the Chapter 11 Cases.

15. Further, considering the amount of work entailed in completing the Reports, combined with the competing demands on the Debtors' employees and professionals in their efforts to stabilize business operations during the postpetition period, the Debtors respectfully submit that cause exists to further extend the deadlines to complete the Reports. The Debtors, therefore, respectfully request that the Court extend the (a) Current Schedules Deadline through and including August 4, 2025, and (b) time by which the Debtors must file the Initial 2015.3 Reports, through and including August 14, 2025, in each case without prejudice to the Debtors' right to request further extensions for cause shown.

## NOTICE

16. Notice of this Motion will be provided to: (a) the U.S. Trustee; (b) counsel to the Committee; (c) counsel to the Prepetition First Lien Noteholders and DIP Lenders; (d) counsel to the DIP Agent; (e) counsel to the Prepetition Second Lien Noteholders; (f) counsel to the Prepetition First Lien Collateral Agent and the Prepetition Second Lien Collateral Agent; and (g) all parties that have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

*[Remainder of Page Intentionally Left Blank]*

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form annexed hereto as **Exhibit A**, granting the relief requested herein such other and further relief as is just and proper.

Dated:  July 14, 2025

/s/ Jared W. Kochenash
**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
Robert S. Brady (No. 2847)
Sean T. Greecher (No. 4484)
Allison S. Mielke (No. 5934)
Jared W. Kochenash (No. 6557)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Email:  rbrady@ycst.com
            sgreecher@ycst.com
            amielke@ycst.com
            jkochenash@ycst.com

*Counsel to the Debtors and Debtors in Possession*