**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>LEISURE INVESTMENTS HOLDINGS LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-10606 (LSS)<br><br>(Jointly Administered)<br><br>**Hearing Date:**<br>**August 12, 2025 at 2:00 p.m. (ET)**<br><br>**Objection Deadline:**<br>**July 30, 2025 at 4:00 p.m. (ET)** |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) ESTABLISHING BAR DATES FOR FILING PROOFS OF CLAIM, INCLUDING REQUESTS FOR PAYMENT UNDER SECTION 503(b)(9) OF THE BANKRUPTCY CODE, (II) ESTABLISHING AMENDED SCHEDULES BAR DATE AND REJECTION DAMAGES BAR DATE, (III) APPROVING THE FORM OF AND MANNER FOR FILING PROOFS OF CLAIM, INCLUDING REQUESTS FOR PAYMENT UNDER SECTION 503(b)(9) OF THE BANKRUPTCY CODE, AND (IV) APPROVING FORM AND MANNER OF NOTICE THEREOF**

Leisure Investments Holdings LLC, and certain of its affiliates (collectively, the "**Debtors**" and each, a "**Debtor**") in the above-captioned chapter 11 cases (collectively, the "**Chapter 11 Cases**"), hereby file this motion (this "**Motion**") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Bar Date Order**"): (i) establishing 5:00 p.m. (prevailing Eastern Time) on the date that is thirty (30) days following service of the Bar Date Notice (as defined below) (the "**General Bar Date**") as the deadline for each entity[2] (including, without

[1] Due to the large number of Debtors in these chapter 11 cases a complete list of the Debtors is not provided herein. A complete list of the Debtors with the last four digits of their tax identification numbers, where applicable, may be obtained on the website of the Debtors' noticing and claims agent at https://veritaglobal.net/dolphinco, or by contacting counsel for the Debtors. For the purposes of these chapter 11 cases, the address for the Debtors is Leisure Investments Holdings LLC, c/o Riveron Management Services, LLC, 600 Brickell Avenue, Suite 2550, Miami, FL 33131.

[2] Except as otherwise defined herein, all terms specifically defined in the Bankruptcy Code shall have the meanings ascribed to them by the Bankruptcy Code. In particular, as used herein: (i) the term "claim" has the meaning given to it in section 101(5) of the Bankruptcy Code; (ii) the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code; (iii) the term "governmental unit" has the meaning given to it in section 101(27)

limitation, individuals, partnerships, corporations, joint ventures, and trusts) to file proofs of claim based on prepetition claims, including requests for payment under section 503(b)(9) of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "**Bankruptcy Code**") against any Debtor; (ii) solely as to governmental units, establishing 5:00 p.m. (prevailing Eastern Time) on the date that is 180 days following the Petition Date applicable for each Debtor[3] (the "**Governmental Bar Date**") as the last date and time for each such governmental unit to file proofs of claim against any Debtor; (iii) establishing the deadline by which any entity asserting a claim arising from the Debtors' amendment of the Schedules (as defined below) must file proofs of claim against any Debtor (the "**Amended Schedules Bar Date**"); (iv) establishing the deadline by which any entity asserting a claim arising from the Debtors' rejection of an executory contract or unexpired lease must file proofs of claim against any Debtor (the "**Rejection Damages Bar Date**"); and (v) establishing the deadline for proofs of claim to be filed by certain person or entities served with a Bar Date Notice (as defined below) subsequent to the Initial Mailing Date (as defined below) (the "**Supplemental Bar Date**," and together with the General Bar Date, Governmental Bar Date, and Amended Schedules Bar Date, the "**Bar Date**" or "**Bar Dates**," as may be applicable); (v) approving the proposed proof of claim form, substantially in the form attached to the Bar Date Order as **<u>Exhibit 1</u>** (the "**Proof of Claim Form**"); (vi) approving the proposed form and manner of bar date notice, substantially in the form attached to the Bar Date Order as **<u>Exhibit 2</u>** and a Spanish translation thereof (the "**Bar Date Notice**");[4] and (vii) approving the proposed form

---

of the Bankruptcy Code; and (iv) the term "person" has the meaning given to it in section 101(41) of the Bankruptcy Code.

[3] The Governmental Bar Date for all of the Debtors other than Controladora and Embassy of the Seas (each as defined below) is September 29, 2025. The Governmental Bar Date for Controladora is October 13, 2025, and the Governmental Bar Date for Embassy of the Seas is October 31, 2025.

[4] The Spanish translation of the Bar Date Notice will be filed under separate notice prior to the deadline to object to this Motion.

and manner of publication notice, substantially in the form attached to the Bar Date Order as Exhibit 3 (the "**Publication Notice**"). In support of this Motion, the Debtors rely upon and incorporate by reference the *Declaration of Steven Robert Strom in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* [Docket No. 10] (the "**First Day Declaration**").[5] In further support of this Motion, the Debtors respectfully state as follows:

**JURISDICTION AND VENUE**

1. The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and pursuant to rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent the consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3. The statutory and legal predicates for the relief sought herein are sections 105(a), 501, 502, and 1111(a) of the Bankruptcy Code, rules 2002, 3003 and 9006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Local Rules 1009-2 and 2002-1.

---

[5] Capitalized terms used by not defined herein shall have the meaning ascribed to such terms in the First Day Declaration.

## BACKGROUND

4. On March 31, 2025, certain of the Debtors filed voluntary petitions for relief pursuant to chapter 11 of the Bankruptcy Code. On April 16, 2025 and May 4, 2025,[6] Controladora Dolphin, S.A. de C.V. ("**Controladora**") and Embassy of the Seas Limited ("**Embassy of the Seas**"), respectively, also filed voluntary petitions for relief pursuant to chapter 11 of the Bankruptcy Code. The Chapter 11 Cases are being jointly administered for procedural purposes only. *See* Docket Nos. 32, 68 & 126.

5. On May 6, 2025, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") appointed an official committee of unsecured creditors (the "**Committee**"). *See* Docket Nos. 128 & 151.

6. Additional information regarding the Debtors, including their business operations, their corporate and capital structure, and the events leading to the commencement of the Chapter 11 Cases, are set forth in detail in the First Day Declaration.

## RELIEF REQUESTED

7. By this Motion, the Debtors request that the Court enter the Bar Date Order (i) establishing deadlines by which creditors (as defined in section 101(10) of the Bankruptcy Code) may file Proofs of Claim in the Chapter 11 Cases; (ii) establishing related procedures for filing Proofs of Claim; (iii) approving the form and scope of the Bar Date Notice; (iv) approving mailing procedures with respect thereto; and (v) granting additional relief.

[6] As used herein, the term "**Petition Date**" refers to the date of commencement of each Debtor's applicable Chapter 11 Case.

## THE BAR DATES

8. Bankruptcy Rule 3003(c)(3) provides that the Court shall fix the time within which proofs of claim must be filed in a chapter 11 case pursuant to section 501 of the Bankruptcy Code. Moreover, Bankruptcy Rule 3003(c)(2) provides that any creditor who has a claim against the Debtors that arose before the Petition Date and whose claim is not scheduled in the Debtors' schedules of assets and liabilities, schedules of executory contracts and unexpired leases, or statements of financial affairs (collectively, the "**Schedules**") or whose claim is listed on the Schedules as disputed, contingent, or unliquidated must file a proof of claim. As set forth below, the Debtors propose that the deadline to file any such claims will be 5:00 p.m. (prevailing Eastern Time) on the date that is thirty (30) days following service of the Bar Date Notice. Section 502(b)(9) of the Bankruptcy Code further provides that governmental units shall have a minimum of 180 days after the entry of the order for relief to file proofs of claim. The Debtors respectfully submit that the proposed timeline will give all parties in interest adequate notice of the Bar Dates and an opportunity to respond.

9. Each entity that asserts a claim against the Debtors that arose before the Petition Date, shall be required to file an original proof of claim, substantially in the form attached to the Bar Date Order as Exhibit 1 or Official Form 410.[7] More specifically, the Debtors propose the following deadlines:

a. ***General Bar Date***. The Debtors request that the Court establish 5:00 p.m. (prevailing Eastern Time) on the date that is thirty (30) days following service of the Bar Date Notice as the General Bar Date. The General Bar

[7] Verita maintains an Online Portal (as defined below) allowing potential claimholders to submit a proof of claim (in substantially the same form as any hard copy version) and electronically sign and submit such proof of claim. The Online Portal provides a secure, simple portal for creditors to participate in the Chapter 11 Cases while tracking original e-signatures. This also eases the administrative burden on and costs to the Debtors' estates associated with processing hard-copy proofs of claim. The Debtors intend to accept proofs of claim through the Online Portal, as further described below and subject to the same limitations and requirements of all other proofs of claim.

Date would be the date and time by which all entities, other than governmental units holding prepetition claims, must file Proofs of Claim, **including requests for payment under section 503(b)(9) of the Bankruptcy Code**, so that such proofs of claim are actually received by the Debtors' notice and claims agent, Kurtzman Carson Consultants, LLC dba Verita Global ("**Verita**") by the General Bar Date, unless such entity's claim falls within one of the exceptions set forth in this Motion. Subject to these exceptions, the General Bar Date would apply to all claims against the Debtors that arose or are deemed to have arisen before the Petition Date, including secured claims, unsecured priority claims, unsecured non-priority claims, contingent claims, unliquidated claims, disputed claims, and rejection damage claims for executory contracts and unexpired leases that have already been rejected by order of the Court in the Chapter 11 Cases.

b. ***Governmental Bar Date***. In accordance with section 502(b)(9) of the Bankruptcy Code, the Debtors request that 5:00 p.m. (prevailing Eastern Time) on the date that is 180 days following the Petition Date applicable for each Debtor be established as the Governmental Bar Date in the Chapter 11 Cases.[8] The Governmental Bar Date would apply to all governmental units holding claims against the Debtors (whether secured, unsecured priority, or unsecured non-priority) that arose before the Petition Date, including governmental units with claims against the Debtors for unpaid taxes, whether such claims arise from prepetition tax years or periods, or prepetition transactions to which the Debtors were a party. All governmental units holding such claims against the Debtors would be required to file proofs of claim so that such proofs of claim are actually received by Verita by the Governmental Bar Date.

c. ***Amended Schedules Bar Date***. If the Debtors amend or supplement the Schedules to reduce the undisputed, noncontingent, and liquidated amount of a claim listed in the Schedules, to change the nature or classification of a claim against the Debtors reflected in the Schedules, or to add a new claim to the Schedules, the affected creditor, if it so chooses, is required to file a proof of claim or amend any previously filed proof of claim in respect of the amended scheduled claim on or before the later of (i) the General Bar Date or the Governmental Bar Date, as applicable, to such claim, and (ii) 5:00 p.m., prevailing Eastern Time, on the date that is 21 days from the date on which the Debtors provide notice of the amendment to the Schedules.

d. ***Rejection Damages Bar Date***. In the event that an order authorizing the rejection of an executory contract or unexpired lease is entered, except as otherwise set forth in such order, the Debtors propose that the Court

[8] The Governmental Bar Date for all of the Debtors other than Controladora and Embassy of the Seas (each as defined below) is September 29, 2025. The Governmental Bar Date for Controladora is October 13, 2025, and the Governmental Bar Date for Embassy of the Seas is October 31, 2025.

establish the later of (i) the General Bar Date; (ii) 5:00 p.m., prevailing Eastern Time, on the date that is 30 days after the later of (A) entry of an order approving the rejection of any executory contract or unexpired lease of the Debtors, or (B) the effective date of a rejection of any executory contract or unexpired lease of the Debtors pursuant to operation of any Court order. All entities holding such claims against the Debtors must file proofs of claim so that such proofs of claim are actually received by Verita by the applicable Rejection Damages Bar Date.

**<u>PROCEDURES FOR FILING PROOFS OF CLAIM</u>**

## I. Parties Required to File Proofs of Claim

10. Except as otherwise set forth herein, the Debtors propose that the following entities holding claims against the Debtors arising before the Petition Date be required to file proofs of claim on or before the applicable Bar Date:

a. any entity whose claim against a Debtor is not listed in the applicable Debtor's Schedules or is listed as contingent, unliquidated, or disputed if such entity desires to participate in any of the Chapter 11 Cases or share in any distribution in any of the Chapter 11 Cases;

b. any entity that believes that its claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to have its claim allowed in a classification or amount other than that identified in the Schedules;

c. any entity that believes that its prepetition claims as listed in the Schedules is not an obligation of the specific Debtor against which the claim is listed and that desires to have its claim allowed against a Debtor other than that identified in the Schedules; and

d. any entity that believes that its claim against a Debtor is or may be an administrative expense pursuant to section 503(b)(9) of the Bankruptcy Code.

## II. Parties Not Required to File Proofs of Claim by the General Bar Date

11. The Debtors propose that the following entities whose claims otherwise would be subject to the General Bar Date need not file proofs of claim:

a. any entity that already has filed a signed proof of claim against the applicable Debtor(s) with the Clerk of the Court or with Verita in a form substantially similar to Official Form 410;

b. any entity whose claim is listed on the Schedules if: (i) the claim is ***not*** scheduled as any of "disputed," "contingent," or "unliquidated;" (ii) such entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules; and (iii) such entity does not dispute that its claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

c. any entity whose claim has previously been allowed by order of the Court;

d. any entity whose claim has been paid in full or is otherwise fully satisfied by the Debtors pursuant to the Bankruptcy Code or in accordance with an order of the Court;

e. any Debtor having a claim against another Debtor;

f. any non-Debtor direct or indirect subsidiary of Leisure Investments Holdings LLC having a claim against a Debtor;

g. any entity whose claim is solely against any of the Debtors' non-Debtor affiliates;

h. any entity that holds an interest in any of the Debtors, which interest is based exclusively on the ownership of common stock, preferred stock, membership interests, partnership interests, or rights to purchase, sell, or subscribe to such an interest; *provided* that interest holders who wish to assert claims (as opposed to ownership interests) against any of the Debtors, including claims that arise out of or relate to the ownership or purchase of an interest, must file proofs of claim on or before the applicable Bar Date unless another exception identified herein applies;[9]

i. any officer, director, or employee employed by the Debtors during the Chapter 11 Cases for claims based on indemnification, contribution, or reimbursement;

j. any entity holding a claim for which a separate deadline is fixed by this Court;

k. the U.S. Trustee, with respect to any fees payable to under 28 U.S.C. § 1930;

l. any entity holding a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration incurred in the ordinary course, *provided* that any entity asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must assert such

---

[9] The Debtors reserve all rights with respect to any such claims, including to, *inter alia*, assert that such claims are subject to subordination pursuant to Bankruptcy Code section 510(b).

claims by filing a request for payment or a proof of claim on or prior to the General Bar Date; and

m. the DIP Agent, the DIP Lenders, the Prepetition Agent and Prepetition Lenders (as such terms are defined in the *Fourth Interim Order (I) Authorizing Debtors to Obtain Postpetition Financing Pursuant to Section 364 of the Bankruptcy Code, (II) Authorizing the Use of Cash Collateral Pursuant to Section 363 of the Bankruptcy Code, (III) Granting Adequate Protection to the Prepetition Secured Parties Pursuant to Sections 361, 362, 363, and 364 of the Bankruptcy Code, (IV) Granting Liens and Superpriority Claims, (V) Modifying the Automatic Stay, and (VI) Scheduling a Final Hearing* [Docket No. 255] and any further interim and final orders related thereto).

## III. The Proof of Claim Form

12. The Debtors have prepared and request that the Court approve the Proof of Claim Form substantially in the form attached to the Bar Date Order as **Exhibit 1** which, although based on Official Form 410, has been modified to allow creditors to request payment for claims under section 503(b)(9) of the Bankruptcy Code. In addition, with the assistance of Verita, the Debtors propose to provide each of the creditors listed on the Schedules with a "personalized" Proof of Claim Form, which will indicate how the Debtors have scheduled the creditor's claim in the Schedules, including: (i) the identity of the Debtor against which the creditor's claim is scheduled; (ii) the amount of the scheduled claim, if any; (iii) whether the claim is listed as contingent, unliquidated, or disputed; and (iv) whether the claim is listed as secured, unsecured priority, or unsecured non-priority.

13. If the creditor disagrees with the information set forth on the "personalized" Proof of Claim Form, the creditor is required to file a proof of claim identifying the Debtor against which the creditor is asserting a claim and the amount and type of such claim. Additionally, creditors may choose not to use the personalized Proof of Claim Form and instead submit proofs of claim on Official Form 410. So long as a creditor otherwise complies in all respects with the Bar Date

Order, the creditor can submit this proof of claim in hard copy or through Verita's secure online portal, available at: https://veritaglobal.net/dolphinco (the "**Online Portal**").

## IV. Requirements for Preparing and Filing Proofs of Claim

14. With respect to preparing and filing of a proof of claim, the Debtors propose that each proof of claim be required to be consistent with the following:

a. Contents. Each proof of claim must: (i) be written in legible English or Spanish; (ii) include a claim amount denominated in the original currency or in United States dollars as of the Petition Date (and to the extent any such claim amount is converted to United States dollars from any other currency, state the conversion rate used in such conversion);[10] (iii) state the legal and factual basis for the alleged claim; (iv) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; and (v) be signed by the claimant or by an authorized agent or legal representative of the claimant, whether such signature is an electronic signature or in ink.

b. Section 503(b)(9) Claim. Any proof of claim asserting a claim entitled to priority under section 503(b)(9) must also: (i) provide the date of shipment of goods the claimant contends the Debtors received in the twenty (20) days before the Petition Date, including the method of delivery; (ii) include the value of the goods delivered to and received by the Debtors in the 20 days before the Petition Date; (iii) attach any documentation identifying the particular invoices for which the 503(b)(9) claim is being asserted; and (iv) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

c. Original Signatures Required. Only ***original*** proofs of claim (whether submitted by hard copy or through the Online Portal) will be deemed acceptable for purposes of claims administration. Copies of proofs of claim or proofs of claim sent by facsimile or electronic mail will not be accepted.

d. Identification of the Debtor Entity. Each proof of claim must clearly identify the Debtor against which a claim is asserted, including the individual Debtor's case number. A proof of claim filed under the joint administration case number or otherwise without identifying a specific Debtor, will be deemed as filed only against Leisure Investments Holdings LLC.

e. Claim Against Multiple Debtor Entities. Each proof of claim must state a claim against ***only one*** Debtor and clearly indicate the Debtor against which

---

[10] Where a claim has been denominated in the original currency on a Proof of Claim, the Debtors propose to convert such amount to United States dollars based upon the conversion rate in place of as the Petition Date.

    the claim is asserted. To the extent more than one Debtor is listed on the proof of claim, such claim may be treated as if filed only against the first-listed Debtor.

f. Supporting Documentation. Each proof of claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d). If, however, such documentation is voluminous, such proof of claim may include a summary of such documentation or an explanation as to why such documentation is not available; *provided* that any creditor that includes only a summary of such documentation shall be required to transmit all such supporting documentation to any party in interest upon request no later than ten days from the date of such request.

g. Timely Service. Each proof of claim must be filed, including supporting documentation, so as to be ***actually received*** by Verita on or before the General Bar Date or the Governmental Bar Date (or, where applicable, on or before any other Bar Date as set forth herein or by order of the Court) either: (i) electronically through the Online Portal (available at https://veritaglobal.net/dolphinco) or (ii) by U.S. Mail, or other hand delivery system, at the following address:

The Dolphin Company Claims Processing Center
c/o KCC dba Verita
222 N. Pacific Coast Highway, Suite 300
El Segundo, CA 90245
T: (888) 733-1434

**PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL NOT BE ACCEPTED.**

h. Receipt of Service. Claimants wishing to receive acknowledgment that their hard copy proofs of claim were received by Verita must submit (i) a copy of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to Verita) and (ii) a self-addressed, stamped envelope.

## CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM

15. Pursuant to Bankruptcy Rule 3003(c)(2), the Debtors propose that any entity who is required, but fails, to file a proof of claim in accordance with the Bar Date Order on or before the applicable Bar Date shall be prohibited from voting to accept or reject any plan of reorganization filed in the Chapter 11 Cases, participating in any distribution in the Chapter 11 Cases on account of such claim, or receiving further notices regarding such claim.

## PROCEDURES FOR PROVIDING NOTICE OF THE BAR DATES

16. The Debtors propose the following procedures for providing mailing and publication notice of the Bar Dates:

### I. Service of Bar Date Notices

17. Pursuant to Bankruptcy Rule 2002(a)(7), as soon as reasonably practicable after the later of (i) entry of the Bar Date Order and (ii) filing the Schedules, the Debtors propose to cause the Bar Date Notice and a Proof of Claim Form (collectively, the "**Bar Date Package**") to be mailed via first class mail to the following entities:

a. the U.S. Trustee;

b. counsel to the Committee;

c. all creditors and other known holders of claims against the Debtors as of the date of entry of the Bar Date Order, including all entities listed in the Schedules as holding claims against the Debtors;

d. all entities that have requested notice of the proceedings in the Chapter 11 Cases pursuant to Bankruptcy Rule 2002 as of the date of the Bar Date Order;

e. all entities that have filed proofs of claim in the Chapter 11 Cases as of the date of the Bar Date Order;

f. all known non-Debtor equity and interest holders of the Debtors as of the date of the Bar Date Order;

g. all entities that are party to executory contracts and unexpired leases with the Debtors;

h. all entities that are party to litigation with the Debtors;

i. all current employees and former employees who were employed by the Debtors in the 12 months prior to the Petition Date (to the extent that contact information for such former employees is available in the Debtors' records after reasonable inquiry);

j. all regulatory authorities with jurisdiction over the Debtors' businesses, including environmental and permitting authorities;

k. the U.S. Attorney's Office for the District of Delaware;

   l. the office of the attorney general for each state in which the Debtors maintain or conduct business;

m. the Internal Revenue Service;

n. all other taxing authorities for the jurisdictions in which the Debtors maintain or conduct business; and

o. all other interested parties reflected on the Debtors' creditor matrix filed on the docket of the Chapter 11 Cases.

18. The proposed Bar Date Notice notifies the parties of the Bar Dates and contains information regarding who must file a proof of claim, the procedures for filing a proof of claim, and the consequences of failure to timely file a proof of claim. The Debtors request the Court approve the form of the Bar Date Notice and the process by which the Debtors propose to serve the Bar Date Notice.

## II. Supplemental Mailings

19. After the initial service of the Bar Date Package (the date of such service, the "**Initial Mailing Date**"), the Debtors may, in their discretion, make supplemental mailings of notices, including in the event that: (i) notices are returned with forwarding addresses;[11] (ii) certain parties acting on behalf of parties in interest (e.g., banks and brokers with respect to equity or interest holders) decline to pass along notices to these parties and instead return their names and addresses to the Debtors for direct mailing; and (iii) additional potential claimants become known as the result of the Bar Date noticing process. In this regard, the Debtors request that the Court permit it to make supplemental mailings of the Bar Date Package in these and similar circumstances at any time. If the Debtors determine that additional parties should receive the Bar Date Package, then the date by which a Proof of Claim must be filed by any such parties shall be

[11] However, if notices are returned as "return to sender" or otherwise undeliverable without a forwarding address, the Debtors submit that they should not be required to send additional notices to such creditors.

the later of (i) the General Bar Date or the Government Bar Date, as applicable, or (ii) thirty (30) days from the mailing of the Bar Date Package to such additional parties.

**III. Publication Notice**

20. In the interest of ensuring that all potential claimants receive adequate notice of the Bar Dates, in addition to providing the Bar Date Notice to known creditors, the Debtors propose to provide notice of the Bar Dates by publication. In accordance with Bankruptcy Rule 2002(l) and in satisfaction of the requirements of Bankruptcy Rule 2002(a)(7), the Debtors propose to publish the Publication Notice on one occasion in the national edition of the *New York Times* or another nationally circulated newspaper, at least 21 days before the General Bar Date. The Publication Notice includes a telephone number that creditors may call to obtain copies of the Proof of Claim Form, the URL for the Debtors' case website at which creditors may obtain a copy of a Proof of Claim Form, and information concerning the procedures and appropriate deadlines for filing a proof of claim.

## BASIS FOR RELIEF

**I. The Court Should Approve the Bar Dates and the Proposed Procedures for Filing Proofs of Claim in the Chapter 11 Cases.**

21. Bankruptcy Rule 3003(c)(3) generally governs the filing of proofs of claim in a chapter 11 case and provides, in relevant part, that "[t]he court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed." Fed. R. Bankr. P. 3003(c)(3). Although Bankruptcy Rule 2002(a)(7) generally provides that the clerk must give all parties in interest a minimum of 21 days' notice of the time fixed for filing proofs of claim pursuant to Bankruptcy Rule 3003(c), neither the Bankruptcy Code, the Bankruptcy Rules, nor the Local Rules specify a time by which proofs of claim must be filed in chapter 11 cases (other than section 502(b)(9) of the Bankruptcy Code relating to governmental units).

22. It is well recognized that a claims bar date plays an essential role in the twin goals of bankruptcy—preserving a debtor's going-concern value and maximizing property available to satisfy creditors. *See Bank of Am. Nat'l Trust & Sav. Assoc. v. 203 N. LaSalle St. P'ship*, 526 U.S. 434, 453 (1999). A claims bar date allows the Debtors and parties in interest to expeditiously determine and evaluate the liabilities of the estates. The absence of such a deadline, in contrast, would prolong creditor uncertainty, increase the costs and expenses incurred by the Debtors in connection with the claims reconciliation process, and delay or even derail the claims process, thus undercutting one of the principal purposes of bankruptcy law—"secur[ing] within a limited period the prompt and effectual administration and settlement of the debtor's estate." *See Chemetron Corp. v. Jones*, 72 F.3d 341, 346 (3d Cir. 1995).

23. The procedures described herein provide creditors with ample notice and opportunity and a clear process for filing proofs of claim and achieve administrative and judicial efficiency. Indeed, the proposed procedures will provide comprehensive notice and clear instructions to creditors, on the one hand, and allow the Chapter 11 Cases to move forward quickly with a minimum of administrative expense and delay, on the other hand.

24. In addition, the Debtors request the court to allow submission of proofs of claim via the Online Portal as well as by paper forms, to ensure an accessible and simple process.

25. Moreover, the Debtors' proposed procedures provide clear instructions that will help avoid confusion or uncertainty among creditors that might lead them to file unnecessary protective proofs of claim or multiple proofs of claim that would cause expense and delay in the claims process for all parties. Additionally, the proposed use of a personalized Proof of Claim Form for all known creditors is designed to both streamline the claims process and provide useful information to creditors as to whether and how their claims are reflected in the Schedules. The

proposed procedures are designed to comply with the Bankruptcy Code and provide the Debtors with flexibility in case of the need for supplemental bar dates or situations in which a creditor's claim status may change during the Chapter 11 Cases (such as in the event of contract rejections).

**II. The Proposed Notice Procedures Are Reasonable and Appropriate**

26. Bankruptcy Rule 2002(a)(7) requires that the Debtors provide claimants at least 21 days' notice by mail of the Bar Dates pursuant to Bankruptcy Rule 3003(c). Additionally, Bankruptcy Rule 2002(l) provides that the Court may order notice by publication if it finds that notice by mail is impractical or it is desirable to supplement other notice. Bankruptcy Rule 9008 also provides that the Court shall determine the form and manner of publication notice, the newspapers used, and the frequency of publication.

27. In conjunction with setting deadlines to file proofs of claim, the Debtors must give appropriate notice to interested parties. The Debtors propose to deliver the Bar Date Notice to their known creditors and, thus, must rely on publication to give notice to its unknown creditors. To determine the adequacy of notice given to a creditor, bankruptcy law distinguishes between "known" and "unknown" creditors. *Chemetron*, 72 F.3d at 346. As the Third Circuit explained in *Chemetron*, "[k]nown creditors must be provided with actual written notice of a debtor's bankruptcy filing and bar claims date. For unknown creditors, notification by publication will generally suffice." *Id.* (citations omitted). A "known" creditor is one whose identity is either known or is "reasonably ascertainable by the debtor." *Id*. (citing *Tulsa Prof'l Collection Serv., Inc. v. Pope*, 485 U.S. 478, 490 (1988)). An "unknown" creditor is one whose "interests are either conjectural or future or, although they could be discovered upon investigation, do not in due course of business come to knowledge [of the debtor]." *Id*. (citing *Mullane*, 339 U.S. at 317).

28. Where a creditor is known to the debtor, due process requires that the debtor must take reasonable steps, such as direct mailing, to provide actual notice of the deadline for filing

proofs of claim. A creditor's identity is "reasonably ascertainable" if that creditor can be identified through "reasonably diligent efforts." *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 798 n.4 (1983). But this does not require the debtor to engage in "impracticable and extended searches . . . in the name of due process." *See Mullane*, 339 U.S. at 317–18. Rather, the required search is limited to a debtor's "books and records." *See, e.g.*, *Chemetron*, 72 F.3d at 347.

29. In addition, requiring entities asserting claims pursuant to section 503(b)(9) of the Bankruptcy Code to assert such claims by filing a proof of claim on or before the General Bar Date will ensure that the Debtors have complete information regarding the nature, validity, and amount of such section 503(b)(9) claims while affording parties asserting section 503(b)(9) claims appropriate and adequate notice. Moreover, this approach facilitates a more cost-effective and efficient claims process for such creditors and, by obviating the need for the Debtors to file a response to individual administrative expense requests, helps conserve estate resources to the benefit of the Debtors' creditors.[12] Therefore, the Debtors submit that requiring parties to assert section 503(b)(9) claims by proof of claim on or before the General Bar Date is justified and warranted under the circumstances of the Chapter 11 Cases.

30. The Debtors submit that the relief requested herein provides clear notice of the General Bar Date, the Governmental Bar Date, and other Bar Dates as set forth herein in satisfaction of the requirements of the Bankruptcy Rules and consistent with the underlying policies of the Bankruptcy Code. Specifically, to the extent the General Bar Date is established as proposed, the Debtors intend to cause the Bar Date Notice to be mailed as soon as reasonably

---

[12] For the avoidance of doubt, parties asserting administrative claims under all other sub-parts of section 503(b) of the Bankruptcy Code must make separate requests for payment in accordance with section 503(a) of the Bankruptcy Code or as otherwise specified by order of the Court or in any plan confirmed in the Chapter 11 Cases.

practicable after the later of (i) entry of the Bar Date Order and (ii) filing of the Schedules. Additionally, the Debtors will cause the Publication Notice to be published by a date that is at least 21 days before the General Bar Date. Thus, by establishing the Bar Dates in accordance with the provisions hereof, all claimants will have at least 21 days' actual or constructive notice of the Bar Dates for filing its proof of claim, thereby satisfying Bankruptcy Rule 2002(a)(7).

31. In addition, in the event the Debtors amend or supplement the Schedules subsequent to the date on which the Debtors serve the Bar Date Notice, the Debtors shall give notice of any amendment or supplement to the holders of affected claims whereby such holders will have no less than 21 days from the notice date to file proofs of claim with respect to their claims. Moreover, unless otherwise ordered by the Court, and in the event the Debtors reject an executory contract or unexpired lease, holders of claims arising from such rejection, if any, shall file claims on account of such rejection by the later of (i) the General Bar Date and (ii) 30 days after the entry of an order approving the rejection of any applicable executory contract or unexpired lease of the Debtors.

32. The procedures and notice periods described herein afford creditors sufficient opportunity to review the Schedules and file proofs of claim while, at the same time, ensuring that the Debtors can achieve certainty with respect to its liabilities in a timely manner. Accordingly, the Debtors respectfully submit that the Bar Dates and the form and manner of providing notice thereof are appropriate in light of the circumstances, inure to the benefit of all parties in interest, and should be approved.

## NOTICE

33. Notice of this Motion will be provided to: (a) the U.S. Trustee; (b) counsel to the Committee; (c) counsel to the Prepetition First Lien Noteholders and DIP Lenders; (d) counsel to the DIP Agent; (e) counsel to the Prepetition Second Lien Noteholders; (f) counsel to the Prepetition First Lien Collateral Agent and the Prepetition Second Lien Collateral Agent; and

(g) all parties that have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

WHEREFORE, the Debtors respectfully request that the Court enter the proposed Bar Date Order, substantially in the form annexed hereto as **Exhibit A**, granting the relief requested in this Motion and granting such other and further relief as is appropriate under the circumstances.

Dated: July 16, 2025

*/s/ Allison S. Mielke*
**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
Robert S. Brady (No. 2847)
Sean T. Greecher (No. 4484)
Allison S. Mielke (No. 5934)
Jared W. Kochenash (No. 6557)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Email:  rbrady@ycst.com
           sgreecher@ycst.com
           amielke@ycst.com
           jkochenash@ycst.com

*Counsel to the Debtors and Debtors in Possession*