UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| LEISURE INVESTMENTS HOLDINGS LLC, *et al.*[1] | Case No. 25-10606 (LSS) (Jointly Administered) |
| Debtors. | **Re: Docket No. 302** |

### MIAMI-DADE COUNTY'S LIMITED OBJECTION TO DEBTORS' MOTION TO EXTEND DEBTOR MS LEISURE COMPANY, INC.'S DEADLINE TO ASSUME OR REJECT THE MIAMI SEAQUARIUM LEASE

Miami-Dade County, a political subdivision of the State of Florida, through its Department of Parks, Recreation, and Open Spaces (the "County"), as landlord of Debtor MS Leisure Company, Inc. ("MS Leisure"), objects to the Debtors' request under 11 U.S.C. §. 365(d)(4) to extend MS Leisure's deadline to assume or reject the lease (the "Lease") pursuant to which it occupies and uses the County's land (the "Park") to operate The Miami Seaquarium (the "Seaquarium"). In support, the County states:

1. The County has been incredibly patient with the Debtors and their new management while the Debtors fight with Eduardo Albor over the corporate governance of non-MS Leisure entities. The Lease is subject to the provisions of 11 U.S.C. § 365(d)(A), which provided MS Leisure with 120-days from the March 31, 2025, petition date to assume or reject the lease—until July 29, 2025. The Debtors have not previously sought an extension. However, now they seek three-month extension through October 27, 2025.

2. The County cannot continue to stand by for another three months—until October 27, 2025—to then learn the fate of the Lease in this bankruptcy proceeding.

---

[1] The names of the Debtor entities in these jointly administered chapter 11 cases are listed at ECF No. 126 of the lead case In re Leisure Investments Holdings LLC (2025-10606 LSS).

3.     To that end, the County has moved for relief from the automatic stay and/or to compel the Debtors to reject the Lease no later than July 29, 2025. *See Miami-Dade County's Motion to Lift the Automatic Stay to Conclude State Court Eviction Case, Compel Debtors to Immediately Reject the Miami Seaquarium Lease, and Allow and Immediately Pay All Post-Petition Rent*, filed July 16, 2025 at D.I. 352 ("Stay Relief/Rejection Motion").

4.     The County incorporates by reference the County's entire Stay Relief/Rejection Motion. Based on the facts alleged and the law and arguments raised therein and herein, the County requests this Court deny the requested extension, or alternatively, grant adequate protection.

## ARGUMENT

5.     Section 365(d)(4)(B)(i) allows the Court to grant an extension of the assumption/rejection deadline "for cause," but no cause exists here.[2]

6.     MS Leisure has already had four months since it filed for bankruptcy to determine whether it intends to assume or reject the Lease. The Debtors continue to occupy the Park without paying post-petition rent in full. Instead, the Debtors have been paying post-petition rent into the state court's registry pursuant to a prepetition state court order in the County's Eviction Case.[3] Its continued possession of the Park under the Lease prejudices the County, which remains unable to re-let or redevelop its land.

7.     The Debtors have not filed a plan of reorganization for MS Leisure or shown any viable path forward that would require continued operation of the Seaquarium or use of the Park. Indeed, they have not even filed their schedules to disclose their assets and liabilities.

---

[2] The County's objection is limited to rejection of the Seaquarium Lease, and is not intended to affect any other leases of the Debtors.

[3] Capitalized terms have the meaning ascribed to them in this Objection or in the Stay Relief/Rejection Motion.

8. The Debtor's retention of the Premises without commitment or compensation is tantamount to an involuntary extension of the Lease, which Congress expressly sought to avoid by enacting Bankruptcy Code § 365(d)(4).

9. Courts have consistently held that "[w]hile the Bankruptcy Code favors the assumption of valuable leases, it does not allow a debtor to string along a landlord while it decides whether to assume or reject." *In re Wedtech Corp.*, 72 B.R. 464, 471 (Bankr. S.D.N.Y. 1987); *see also In re Channel Home Ctrs., Inc.*, 989 F.2d 682, 689 (3d Cir. 1993) ("The burden is on the debtor to demonstrate cause.").

10. Given the absence of meaningful progress in this case, the lack of justification for further delay, the prejudice to the County, and the other reasons outlined in the County's Stay Relief/Rejection Motion, no cause exists to grant a further extension under Bankruptcy Code section 365(d)(4).

11. In the alternative, if the Debtor's request for extension is granted, the County requests the Court order adequate protection payments to pay for all post-petition use, for the reasons set forth in the Stay Relief/Rejection Motion.

12. The County requests this Court deny the Debtors' requested extension.

Dated: July 16, 2025  
Wilmington, Delaware

**ARMSTRONG TEASDALE LLP**

/s/ *Eric M. Sutty*  
Eric M. Sutty (No. 4007)  
1007 North Market Street, Third Floor  
Wilmington, Delaware 19801  
Telephone: (302) 416-9670  
esutty@atllp.com

and

Ileana Cruz (FL. Bar No. 419140)
Assistant County Attorney
111 N.W. First Street, Suite 2810
Miami, FL 33128
Telephone:  (305) 375-5151
E-mail (*Direct*):   ileanac@miamidade.gov
E-mail(*CM/ECF*):cao.bkc@miamidade.gov

*Counsel to Miami-Dade County*