# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| LEISURE INVESTMENTS HOLDINGS LLC, *et al.*,[1] | Case No. 25-10606 (LSS) |
| | (Jointly Administered) |
| Debtors. | **Docket Ref. No. 298** |

## ORDER ESTABLISHING PROCEDURES FOR SALES OF CERTAIN MISCELLANEOUS ASSETS OUTSIDE THE ORDINARY COURSE OF BUSINESS FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE

Upon consideration of the motion (the "**Motion**")[2] of the above-captioned debtors and debtors in possession (the "**Debtors**") for entry of an order (this "**Order**"), pursuant to sections 105 and 363 of the Bankruptcy Code, establishing procedures for the sale of the Miscellaneous Assets outside the ordinary course of business, free and clear of all liens, claims, interests, and encumbrances; and upon consideration of the record of the Chapter 11 Cases; and it appearing that this Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012; and it appearing that the Motion is a core matter pursuant to 28 U.S.C. § 157(b)(2) and that this Court may enter a final order consistent with Article III of the United States Constitution; and it appearing that venue of the Chapter 11 Cases and of

---

[1] Due to the large number of Debtors in these chapter 11 cases a complete list of the Debtors is not provided herein. A complete list of the Debtors with the last four digits of their tax identification numbers, where applicable, may be obtained on the website of the Debtors' noticing and claims agent at https://veritaglobal.net/dolphinco, or by contacting counsel for the Debtors. For the purposes of these chapter 11 cases, the address for the Debtors is Leisure Investments Holdings LLC, c/o Riveron Management Services, LLC, 600 Brickell Avenue, Suite 2550, Miami, FL 33131.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that due and

adequate notice of the Motion has been given under the circumstances and that no other or further

notice need be given; and it appearing that the relief requested in the Motion is in the best interests

of the Debtors' estates, their creditors, and other parties in interest and an appropriate exercise of

the Debtors' business judgment; and after due deliberation, and good and sufficient cause

appearing therefor,

## IT IS HEREBY ORDERED THAT:

1.     The Motion is GRANTED as set forth herein.

2.     The Debtors are authorized to sell the Miscellaneous Assets (each, a "**Proposed**

**Miscellaneous Asset Sale**") in accordance with the following procedures (the "**Miscellaneous**

**Asset Sale Procedures**") and the terms of this Order:

       a)     ***Real Property Assets***. If the sale consideration from a purchaser of a Real
Property Asset or Real Property Assets does not exceed $1 million, on a per-transaction basis, the
Debtors shall file a notice, substantially in the form substantially in the form attached hereto as
Exhibit 1 (a "**Miscellaneous Asset Sale Notice**") with the Court and serve the Miscellaneous Asset
Sale Notice, via first-class mail, electronic mail or facsimile, to (i) the Office of the United States
Trustee for the District of Delaware, 844 King Street, Room 2207, Lockbox 35, Wilmington, DE
19801, Attn: Benjamin Hackman, Esq. (Benjamin.a.hackman@usdoj.gov); (ii) counsel to the
Official Committee of Unsecured Creditors (the "**Committee**"), (a) Raines Feldman Littrell LLP,
824 North Market Street, Suite 805, Wilmington, DE 19801, Attn: Thomas J. Francella, Jr.
(tfrancella@raineslaw.com) and (b) Law Offices of Manganelli, Leider & Savio, P.A., 1900 N.W.
Corporate Blvd., Ste. 200W, Boca Raton, FL 33431, Attn: Christian Savio (csavio@mls-pa.com);
(iii) the DIP Lenders and counsel to the DIP Lenders, Baker & McKenzie LLP, 452 Fifth Avenue,
New York, New York 10018, Attn: Paul J. Keenan Jr. (paul.keenan@bakermckenzie.com);
(iv) the DIP Agent, GLAS Americas, LLC, 3 Second Street, Suite 206 Jersey City, NJ 07311, Re:
Triton Investments Holdings, LLC (clientservices.usadcm@glas.agency); (iv) counsel to the DIP
Agent, Troutman Pepper Locke, LLP, 111 Huntington Avenue Boston, MA 02199, Attn: Adrienne
K. Walker (awalker@troutman.com); (v) the Prepetition First Lien Agent and the Prepetition
Second Lien Agent, GLAS Americas, LLC, 3 Second Street, Suite 206 Jersey City, NJ 07311;
Attn: Controladora Dolphin, S.A. de C.V-Collateral Agent (clientservices.usadcm@glas.agency);
(vi) counsel to the Prepetition First Lien Agent and the Prepetition Second Lien Agent, Foley &
Lardner LLP, 111 Huntington Avenue, Suite 2500, Boston, MA 02199, Attn: Adrienne K. Walker
(awalker@foley.com); (vii) all known parties holding or asserting liens, claims, encumbrances or
other interests in the assets being sold and their respective counsel; (viii) all parties that have
requested notice in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002; and (ix) solely in

connection with the sale or disposition of Animals, if any, the regulatory agencies and governmental authorities set forth on **Exhibit 2** to this Order (as applicable to any particular Animal(s) to be sold, if any) (collectively, the "**Notice Parties**"). Objections to any such proposed sale shall be filed with the Court in accordance with the procedures set forth in paragraph 2(e), below, not later than 4:00 p.m. (ET) on the date that is twenty-one (21) days from service of the applicable Miscellaneous Asset Sale Notice (unless extended by agreement from the Debtors).

b)      ***Personal Property Assets.***  If the sale consideration from a purchaser for a Personal Property Asset or multiple Personal Property Assets, on a per-transaction basis, is less than or equal to $250,000, the Debtors shall file a Miscellaneous Asset Sale Notice with the Court and serve such Miscellaneous Asset Sale Notice by first-class mail, electronic mail or facsimile on the Notice Parties.  Objections to any such proposed sale shall be filed with the Court in accordance with the procedures set forth in paragraph 2(e), below, not later than 4:00 p.m. (ET) on the date that is ten (10) days from service of the applicable Miscellaneous Asset Sale Notice (unless extended by agreement from the Debtors).

c)      ***Animals.***

i.      If sale consideration from a purchaser for an Animal or Animals is less than or equal to $250,000, the Debtors shall file a Miscellaneous Asset Sale Notice with the Court and serve such Miscellaneous Asset Sale Notice by first-class mail, electronic mail or facsimile on the Notice Parties.  Objections to any such proposed sale shall be filed with the Court in accordance with the procedures set forth in paragraph 2(e), below, not later than 4:00 p.m. (ET) on the date that is ten (10) days from service of the applicable Miscellaneous Asset Sale Notice (unless extended by agreement from the Debtors).

ii.     If sale consideration from a purchaser for an Animal or Animals is greater than $250,000 and less than or equal to $500,000, the Debtors shall file a Miscellaneous Asset Sale Notice with the Court and serve such Miscellaneous Asset Sale Notice by first-class mail, electronic mail or facsimile on the Notice Parties.  Objections to any such proposed sale shall be filed with the Court in accordance with the procedures set forth in paragraph 2(e), below, not later than 4:00 p.m. (ET) on the date that is twenty-one (21) days from service of the applicable Miscellaneous Asset Sale Notice (unless extended by agreement from the Debtors).

d)      To the extent that the Debtors have such information, the Miscellaneous Asset Sale Notice, will include:  (i) a description of the Miscellaneous Assets that are the subject of the Proposed Miscellaneous Asset Sale; (ii) the geographic location of the Miscellaneous Assets, as applicable; (iii) the economic terms of sale; (iv) the identity of any non-debtor party to the Proposed Miscellaneous Asset Sale and specify whether that party is an "affiliate" or "insider" as those terms are defined under section 101 of the Bankruptcy Code; (v) the identity of any party,

if any, holding liens, claims, encumbrances or other interests in the subject Miscellaneous Assets; and (vi) any brokerage or investment banker fees and expenses to be paid as part of the Proposed Miscellaneous Asset Sale (the payment of which, in the case of Greenhill and Keen-Summit, shall be subject to the terms of any retention order and/or engagement letter approved by this Court).

e) **Objections to a Proposed Miscellaneous Asset Sale**.

i. Any objection to a Proposed Miscellaneous Asset Sale shall (i) be in writing, (ii) specify the specific and particular bases for the objection, and (iii) be served upon counsel to the Debtors, Young Conaway Stargatt & Taylor, LLP, 1000 N. King Street, Wilmington, DE 19801, Attn: Jared Kochenash (jkochenash@ycst.com).

ii. If no objection to a Proposed Miscellaneous Asset Sale is timely filed, the Debtors may consummate the Proposed Miscellaneous Asset Sale, without further notice to any other party and without the need for a hearing, upon entry of an order of this Court submitted under certification of counsel in accordance with these procedures.

iii. If a written objection to a Proposed Miscellaneous Asset Sale is timely filed and received by the Objection Deadline, the Debtors will not proceed with the Proposed Miscellaneous Asset Sale unless (i) the objection is withdrawn or otherwise resolved; or (ii) the Court approves the Proposed Miscellaneous Asset Sale at the next regularly scheduled omnibus hearing in the Chapter 11 Cases that is at least five (5) business days after the applicable objection is filed, or at such other hearing in the Chapter 11 Cases that is agreed to by the objecting party and the Debtors.

f) Unless otherwise agreed to by the Debtors in writing, all buyers will acquire the Miscellaneous Assets sold by the Debtors pursuant to these Miscellaneous Asset Sale Procedures on an "AS IS-WHERE IS" basis without any representations or warranties from the Debtors as to the quality or fitness of such assets for either its intended or any other purposes; provided, however, that buyers will take title to the Miscellaneous Assets free and clear of all liens, claims, encumbrances and other interests pursuant to section 363(f) of the Bankruptcy Code, with all such liens, claims, encumbrances and other interests, if any, to attach to the proceeds of the sale of the Miscellaneous Assets, with the same validity, force, and effect which they had against such Miscellaneous Assets prior to the sale.

g) Good faith purchasers of the Miscellaneous Assets shall be entitled to the protections of section 363(m) of the Bankruptcy Code provided that such purchaser submit a declaration in support of the proposed Sale and such evidence is not controverted or otherwise challenged.

       h)      The absence of a timely objection to the sale of the Miscellaneous Assets in accordance with the Miscellaneous Asset Sale Procedures shall be "consent" to such sale within the meaning of section 363(f)(2) of the Bankruptcy Code.

3.      Notice of any sale of the Miscellaneous Assets in accordance with the Miscellaneous Asset Sale Procedures and the terms of this Order shall be sufficient notice of the sale of such assets.

4.      Notwithstanding anything to the contrary in the Motion or this Order, any sale of Miscellaneous Assets shall be subject to the prior consent of the Prepetition First Lien Noteholders and DIP Lenders (as defined in the First Day Declaration).

5.      The provision in Bankruptcy Rule 6004(h) staying an order authorizing the use, sale, or lease of property until the expiration of fourteen (14) days after entry of the order is hereby waived in respect of the sale of any Miscellaneous Assets made in accordance with this Order.

6.      The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

7.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

**Dated: July 29th, 2025**
**Wilmington, Delaware**

**LAURIE SELBER SILVERSTEIN**
**UNITED STATES BANKRUPTCY JUDGE**