**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| LEISURE INVESTMENTS HOLDINGS LLC, *et al.*,[1] | Case No. 25-10606 (LSS) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket No. 299** |

**ORDER ESTABLISHING BIDDING PROCEDURES RELATING**
**TO THE SALES OF ALL OR A PORTION OF THE DEBTORS' ASSETS**

Upon consideration of the motion (the "**Motion**") of the debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**")[2] seeking entry of this order (this "**Bidding Procedures Order**") (i) approving the proposed auction and bidding procedures attached hereto as **Exhibit 1** (the "**Bidding Procedures**") by which the Debtors will solicit and select the highest or otherwise best offer for the sale of substantially all or a portion of their assets (the "**Assets**") through one or more sales of the Assets (each, a "**Sale Transaction**" or "**Sale**"); (ii) establishing procedures for the assumption and assignment of executory contracts and unexpired leases, including notice of proposed cure amounts (the "**Assumption and Assignment Procedures**"); (iii) approving the form and manner of notice of all procedures, protections, schedules, and agreements described in the Motion and attached thereto, including the Debtors' selection of one or more stalking horse bidders (each a "**Stalking Horse Bidder**"), if any, and the

---

[1] Due to the large number of Debtors in these chapter 11 cases a complete list of the Debtors is not provided herein. A complete list of the Debtors along with the last four digits of their tax identification numbers, where applicable, may be obtained on the website of the Debtors' noticing and claims agent at https://veritaglobal.net/dolphinco, or by contacting counsel for the Debtors. For the purposes of these chapter 11 cases, the address for the Debtors is Leisure Investments Holdings LLC, c/o Riveron Management Services, LLC, 600 Brickell Avenue, Suite 2550, Miami, FL 33131.

[2] Capitalized terms used herein and not otherwise defined shall have the meaning ascribed to them in the Motion or the Bidding Procedures, as applicable.

provision of Bid Protections (as defined below) to such Stalking Horse Bidder, if necessary; (iv) scheduling (a) a date for an auction if the Debtors receive one or more timely and acceptable Qualified Bids (the "**Auction**") and (b) a final hearing or hearings (the "**Sale Hearings**") to approve one or more Sales of the Assets; and (v) granting related relief, all as more fully described in the Motion; and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors, and other parties-in-interest; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that the motion is a core proceeding pursuant to 28 U.S.C. § 157; and adequate notice of the motion and opportunity for objection having been given, with no objections having been filed, or all objections having been resolved or overruled, as the case may be; and it appearing that no other notice need be given; and after due deliberation and sufficient cause therefor,

**IT IS HEREBY FOUND AND DETERMINED THAT:**

I.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  The predicates for the relief granted herein are Bankruptcy Code sections 105, 363, and 365 and Bankruptcy Rules 2002, 6004, and 6006.  Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

II.     The legal and factual bases set forth in the Motion establish just cause for the relief granted herein.  Entry of this Bidding Procedures Order is in the best interests of the Debtors and their respective estates, creditors, and all other parties-in-interest.

III.     The notice of the Motion, the hearing thereon (the "**Bidding Procedures Hearing**"), and the proposed entry of this Bidding Procedures Order was adequate and sufficient under the circumstances of these Chapter 11 Cases, and such notice complied with all applicable requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.  Accordingly,

no further notice of the Motion, the Bidding Procedures Hearing, or this Bidding Procedures Order is necessary or required.

IV.     The Debtors have demonstrated a compelling and sound business justification for the Court to grant the relief requested in the Motion, including, without limitation, to (i) approve the Bidding Procedures, including the procedures for selecting one or more Stalking Horse Bidders; (ii) establish the Assumption and Assignment Procedures; (iii) approve the form and manner of notice of all procedures, protections, schedules, and agreements described in the Motion and attached thereto; (iv) scheduling the (a) Auction(s) and (b) Sale Hearing(s); and (v) grant related relief as set forth herein.  Such compelling and sound business justification, which was set forth in the Motion and on the record at the Bidding Procedures Hearing, are incorporated herein by reference and, among other things, form the basis for the findings of fact and conclusions of law set forth herein.

V.     All objections to the relief requested in the Motion that have not been withdrawn, waived, or settled as announced to the Court at the Bidding Procedures Hearing or by stipulation filed with the Court are overruled except as otherwise set forth herein.

VI.     The Bidding Procedures, substantially in the form attached hereto as **__Exhibit 1__** and incorporated herein by reference as if fully set forth in this Bidding Procedures Order, are fair, reasonable and appropriate and represent the best method for maximizing the value of the Debtors' estates.

VII.     The Sale Notice, substantially in the form attached to the Motion as Exhibit D and incorporated herein by reference as if fully set forth in this Bidding Procedures Order, is appropriate and reasonably calculated to provide all interested parties with timely and proper notice of the sale of Assets, including the sale of Assets free and clear of all liens, claims, and

encumbrances, the Sale Transaction(s), the Bidding Procedures, the Auction and the Sale Hearing, and no other or further notice is required.

VIII.    The Post-Auction Notice, substantially in the form attached to the Motion as Exhibit E and incorporated herein by reference as if fully set forth in this Bidding Procedures Order, is appropriate and reasonably calculated to provide all interested parties with timely and proper notice of the Successful Bidder(s), and no other or further notice is required.

IX.    The Assumption and Assignment Notice, substantially in the form attached to the Motion as Exhibit F and incorporated herein by reference as if fully set forth in this Bidding Procedures Order, is appropriate and reasonably calculated to provide all interested parties with timely and proper notice of the potential assumption and assignment of the Designated Contracts in connection with the sale of the Assets and the related Cure Costs, and no other or further notice is required.

X.    The findings of fact and conclusions of law herein constitute this Court's findings of fact and conclusions of law for the purposes of Bankruptcy Rule 7052, made applicable pursuant to Bankruptcy Rule 9014.  To the extent any findings of facts are conclusions of law, they are adopted as such.  To the extent any conclusions of law are findings of fact, they are adopted as such.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.    The Motion is granted as set forth herein.[3]

---

[3]    Notwithstanding anything to the contrary herein, the consummation of any Sale Transaction(s) is subject to entry of the Sale Order(s).

4

A.      **The Timeline for the Sale**

2.      The Debtors are authorized to proceed with the Sale Transaction(s) in accordance with the Bidding Procedures and are authorized to take any and all actions reasonably necessary or appropriate to implement the Bidding Procedures in accordance with the following timeline:

| Date | Event |
|------|-------|
| Discretionary with the consent[4] of the Prepetition First Lien Noteholders and DIP Lenders[5] (together, the "**Lenders**") and in consultation with the Committee (collectively with the DIP Lenders and Prepetition First Lien Noteholders, the "**Consultation Parties**") | Launch marketing and sale process for an Asset |
| Discretionary with the consent of the Lenders and in consultation with the Consultation Parties | Establish Deadline for Stalking Horse Bids |
| Discretionary with the consent of the Lenders and in consultation with the other Consultation Parties | Selection of Stalking Horse Bidder |
| Day 0 - Bid Procedures Trigger Date (the period of time prior to the Bid Procedures Trigger Date, the "**Pre-Trigger Date Period**")[6] | Debtors File Either (A) Notice Identifying Terms of Stalking Horse Bid, Sale Process Dates and Bidding Procedures (including overbid amounts and auction rules) (the "**Stalking Horse Notice**"), or (B) If No Stalking Horse Bid is Selected, Notice Commencing the Auction Process (the "**Sale Notice**") |
| Day 0 – 14 | Assumption and Assignment Notice |
| Day 14 – 28 | Assumption and Assignment Objection Deadline |
| Day 30 – 60 | Sale Objection Deadline |
| Day 30 – 75 | Bid Deadline |
| Day 35 – 80 | Auction |

---

[4]   Any reference to any consent rights granted to any party herein and in any order granting the relief requested herein is qualified that such consent shall not be unreasonably withheld or delayed.

[5]   As defined in the *Declaration of Steven Robert Strom in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* [Docket No. 10].

[6]   The timeline and deadlines from Day 0 through Day 95 to be determined in consultation with the Lenders; *provided, however*, that any timeline and deadlines set forth in these Bidding Procedures shall not modify any Milestones provided for in the Fourth DIP Order or any such milestones as may be agreed to in any further order approving post-petition financing and/or use of cash collateral.

| | |
|---|---|
| Three business days following the Auction (approximately Day 38 – 86) | Auction Objection Deadline |
| 4:00 p.m. prevailing Eastern Time the day prior to the deadline for filing the agenda for the Sale Hearing (approximately Day 43 – 91) | Reply Deadline |
| No Later Than 2 Days Prior to Sale Hearing | File Declaration in Support of Sale Detailing Auction Process (or, at the Debtors' discretion, a proffer or live testimony at the Sale Hearing) |
| Day 45 – 95 | Sale Hearing |

3.      The Debtors reserve the right, and are authorized to, modify the above timeline and the Bidding Procedures (the "**Modifications**") in accordance with the provisions of the Bidding Procedures.

**B.      The Bidding Procedures**

4.      The Bidding Procedures are approved in their entirety.  The Debtors are authorized to take any and all actions reasonably necessary or appropriate to implement the Bidding Procedures in accordance therewith.  The failure to specifically include or reference a particular provision of the Bidding Procedures in this Bidding Procedures Order shall not diminish or impair the effectiveness of such provision.

5.      The Debtors are authorized, in accordance with the Bidding Procedures, to require Diligence Parties to submit written indications of interest specifying, among other things, the Assets proposed to be acquired, the amount and type consideration to be offered, and any other material terms to be included in a bid by such party.

6.      The process and requirements associated with submitting a Qualified Bid are approved as fair, reasonable, appropriate and designed to maximize recoveries for the benefit of the Debtors' estates, creditors, and other parties in interest.

7.      The Bid Deadline shall be determined by the Debtors with the consent of the Lenders and in consultation with the Consultation Parties but shall be no earlier than thirty (30) from the Bid Procedures Trigger Date.  Any disputes or objections to the selection of Qualified Bid(s), Successful Bid(s), or Backup Bid(s) (all as defined in the Bidding Procedures) shall be resolved by this Court at the Sale Hearing as set forth herein.

8.      The Debtors are authorized to conduct the Auction in accordance with the Bidding Procedures.  The Auction shall take place on a date determined by the Debtors, in consultation with the Consultation Parties, but shall be no earlier than thirty-five (35) days from the Bid Procedures Trigger Date.  The Auction shall take place at the offices of counsel for the Debtors, Young Conaway Stargatt & Taylor, LLP, 1000 N. King Street, Wilmington, DE 19801, or at such other place as the Debtors shall notify all Qualified Bidders and the Consultation Parties.

**C.      Stalking Horse Bidder, Related Bidding Protections and Purchase Agreement**

9.      In accordance with the Bidding Procedures, with the consent of the Lenders (if such Lenders are not also Bidders) and in consultation with the Bid Consultation Parties, the Debtors may enter into a Stalking Horse Agreement, subject to higher or otherwise better offers at the Auction, with any Stalking Horse Bidder that submits a Qualified Bid acceptable to the Debtors and the Lenders (if (a) such Lenders are not also Bidders and (b) the cumulative proceeds to date and the contemplated stalking horse sale does not result in the DIP and pre-petition secured debt being paid in full), in consultation with the Bid Consultation Parties, to establish a minimum Qualified Bid at the Auction.

10.      Absent further order of this Court, the Stalking Horse Agreement shall limit the break-up fees to in an incremental amount to be determined by the Debtors with the consent of the Lenders, in consultation with the Consultation Parties, in amount no greater than 3% of the Qualified Bid and expense reimbursement in an amount not to exceed 1% of the Qualified Bid

(together with the Minimum Overbid Increment, the "**Bid Protections**"); *provided, however*, that no Bid Protections in any amount are being approved herein and any such approval shall be subject to further order of this Court as set forth herein. In the event that the Debtors determine that the Bid Protections must exceed the amounts set forth herein, this Court shall hold a hearing on the approval of any such greater Bid Protections on an expedited basis, upon the request of the Debtors. Notwithstanding anything in the Bid Procedures or this Order to the contrary, to the extent the Debtors, with the consent of the Lenders and after consultation with the Consultation Parties, determine to offer Bid Protections to any Stalking Horse Bidder, the Debtors shall disclose such Bid Protections in the Stalking Horse Notice. An appropriate declaration in support of the proposed Bid Protections (the "**Bid Protections Declaration**") and a proposed form of order approving of the Bid Protections (the "**Bid Protections Order**") shall be attached to the Stalking Horse Notice. Any objection to (i) the Bid Protections set forth in the Stalking Horse Notice and Bid Protections Declaration or (ii) the form of the Bid Protections Order (a "**Bid Protections Objection**"), shall be filed no later than seven (7) days following the filing of the Stalking Horse Notice. The Stalking Horse Notice and Bid Protections Declaration shall set forth the reasons the Debtors believe the Bid Protections satisfy the requirements of section 503(b) of the Bankruptcy Code. For the avoidance of doubt, nothing in this Bidding Procedures Order is shifting the Debtors' burden of proof that the Bid Protections are actually necessary to preserve the value of the estates pursuant to section 503(b) of the Bankruptcy Code. If a timely Bid Protections Objection is filed and the parties are unable to resolve such Bid Protections Objection, the Debtors will schedule a hearing on an expedited basis in consultation with any objecting parties, the Lenders, the Consultation Parties, and this Court, subject to the Court's availability. Absent any timely Bid Protections Objection, the Court may enter the Bid Protections Order without further hearing.

11.     In the event that the Debtors select one or more parties to serve as a Stalking Horse Bidder, upon such selection, the Debtors shall file and serve the Stalking Horse Notice, substantially in the form attached to the Motion as Exhibit C, on the Bid Procedures Notice Parties (defined below) with seven (7) days' notice of and an opportunity to object to the designation of such Stalking Horse Bidder and disclosure of the Bid Protections set forth in the Stalking Horse Agreement, and absent objection, the Debtors' selection of such Stalking Horse Bidder shall be deemed designated without further order of this Court.  To the extent necessary, the Debtors' right to seek this Court's approval of one or more Stalking Horse Bidders, with notice and a hearing, is hereby preserved.

12.     The form of Stalking Horse Notice substantially in the form attached to the Motion as Exhibit C is approved.

**D.     Notice Procedures**

13.     The form of Sale Notice substantially in the form attached to the Motion as Exhibit D is approved.

14.     Within five (5) business days after the entry of this Bidding Procedures Order or as soon as reasonably practicable thereafter (the "**Mailing Date**"), the Debtors shall serve this Bidding Procedures Order by first-class mail, postage prepaid, or, for those parties who have consented to receive notice by the Electronic Case Files ("**ECF**") system, by ECF with a courtesy email copy, upon (i) all entities reasonably known to have expressed an interest in a transaction with respect to all or part of the Assets within the past two (2) years; (ii) all entities known to have asserted any lien, claim, interest, or encumbrance in or upon any of the Assets; (iii) counsel for the Committee; (iv) counsel to the DIP Lenders; (v) counsel to the Prepetition Noteholders; (vi) counsel to the Prepetition Priming First and Second Lien Collateral Agent; (vi) counsel to the Prepetition First and Second Lien Collateral Agent; (viii) the U.S. Trustee; (ix) all federal, state,

and local regulatory or taxing authorities or recording offices which have a reasonably known interest in the relief granted herein; (x) the United States Attorney's office for the District of Delaware and all states in which the Debtors conduct business; (xi) the Internal Revenue Service; (xii) all parties entitled to notice pursuant to Local Rule 2002-1(b); (xiii) all known creditors of the Debtors, including their contract counterparties; (xiv) all registered holders of equity securities in the Debtors; (xv) all parties expressing an interest in the Assets; (xvi) and the regulatory agencies and governmental authorities set forth on **Exhibit 2** to this Order (collectively, the "**Bid Procedures Notice Parties**").

15.    On the Bid Procedures Trigger Date, the Debtors shall serve the Bidding Procedures, to the extent not already served, and either the Stalking Horse Notice or the Sale Notice, substantially in the forms attached to the Motion as Exhibits B, C, and D, respectively, containing the material terms of the Bidding Procedures, including the Assets to be sold, the relevant dates, and bidding increments, by first-class mail, postage prepaid, or by ECF on the Bid Procedures Notice Parties.  On the Bid Procedures Trigger Date or as soon as reasonably practicable thereafter, the Debtors shall also publish the Sale Notice (as may be modified with applicable publication formatting requirements) in the *New York Times* or other similar nationally circulated news publication and, if the Debtors with the consent of the Lenders deem local publication appropriate, such other local publications that the Debtors may choose in their reasonable business judgment with the consent of the Lenders.

16.    If a Stalking Horse is selected following the Bid Procedures Trigger Date, then the Debtors shall file the Stalking Horse Notice with this Court and serve the Stalking Horse Notice on the Bid Procedures Notice Parties with seven (7) days' notice of and an opportunity to object to the designation of such Stalking Horse Bidder and disclosure of the Bid Protections set forth in

the Stalking Horse Agreement, and absent objection, the Debtors' selection of such Stalking Horse Bidder shall be deemed designated without further order of this Court.  To the extent necessary, the Debtors' right to seek this Court's approval of one or more Stalking Horse Bidders, with notice and a hearing, is hereby preserved.

17.     Service of the Stalking Horse Notice, the Sale Notice, this Bidding Procedures Order, and Bidding Procedures as described above shall be sufficient and proper notice of the Sale Transactions with respect to known and unknown parties.

18.     The form of the Post-Auction Notice, substantially in the form attached to the Motion as Exhibit E, is approved.  As soon as reasonably practicable after the conclusion of the Auction, the Debtors shall file on the docket, but not serve, the Post-Auction Notice identifying any Successful Bidder(s).

**E.     Assumption and Assignment Procedures**

19.     The Assumption and Assignment Procedures, as detailed in the Motion and incorporated herein by reference as if fully set forth in this Bidding Procedures Order, are approved.

20.     The Notice of Assumption and Assignment, substantially in the form attached to the Motion as Exhibit F, is approved.

21.     On or before the date designated by the Debtors consistent with the Bidding Procedures and Bidding Procedures Order (any such date, the "**Assumption and Assignment Service Date**"), the Debtors shall (i) file with this Court the Notice of Assumption and Assignment and Designated Contracts List and (ii) serve, via first-class mail, the Notice of Assumption and Assignment and the Designated Contracts List on all counterparties (and their attorneys, if known, via electronic mail or overnight delivery) to the Designated Contracts.

22.     If the Debtors believe that there is no Cure Cost with respect to a Designated Contract, the Debtors shall list the Cure Cost as "$0.00" on the Notice of Assumption and Assignment and Designated Contracts List.

23.     Service of such Notice of Assumption and Assignment as set forth herein shall be deemed proper, due, timely, good and sufficient notice of, among other things, the proposed assumption and assignment of the Designated Contracts and rights thereunder, the Cure Costs, and the procedures for objecting thereto, and no other or further notice is necessary.

24.     Any counterparty to a Designated Contract shall, upon request to the Debtors' counsel, be provided with Adequate Assurance Information (as defined in the Bidding Procedures) relevant to the affected counterparties as soon as practicable after it is received by the Debtors.  Any party requesting such Adequate Assurance Information shall have (a) with respect to any Stalking Horse Bidder, the later of the Sale Objection Deadline and the date that is seven (7) days after receipt of the Stalking Horse Bidder's Adequate Assurance Information, or (b) with respect to any other Bidder, the Auction Objection Deadline, to object on the basis of any Adequate Assurance Information that is provided.  Any counterparty that receives any Adequate Assurance Information with respect to the Stalking Horse Bidder or any other Qualified Bidder shall review such information on a confidential basis and shall not disclose such information to any party.  Such counterparty may not use or disclose, except to representatives, attorneys, advisors and financing sources ("**Representatives**"), any confidential Adequate Assurance Information for any purpose other than: (a) evaluating whether adequate assurance of future performance as required under section 365(f)(2)(B) and, if applicable, section 365(b)(3) of the Bankruptcy Code has been provided; and (b) in support of any Adequate Assurance Objection by such counterparty. Any Representative receiving Adequate Assurance Information shall be notified of and shall be deemed

to be bound by the restrictions set forth in this Order.  If any non-Debtor counterparty files an objection to the Sale that references Adequate Assurance Information in any way, such counterparty shall be permitted to file such objection and information under seal without having to seek an order of this Court to seal such information.

25.     Any objection by a counterparty to the assumption and assignment of a Designated Contract (a "**Designated Contract Objection**") must be in writing, filed with this Court, and served on (i) counsel to the Debtors, Young Conaway Stargatt & Taylor, LLP, 1000 N. King Street, Wilmington, DE 19801, Attn: Sean Greecher (sgreecher@ycst.com); (ii) the Office of the United States Trustee for the District of Delaware, 844 King Street, Room 2207, Lockbox 35, Wilmington, DE 19801, Attn: Benjamin Hackman, Esq. (Benjamin.a.hackman@usdoj.gov); (iii) counsel to the Official Committee of Unsecured Creditors (the "**Committee**"), (a) Raines Feldman Littrell LLP, 824 North Market Street, Suite 805, Wilmington, DE 19801, Attn: Thomas J. Francella, Jr. (tfrancella@raineslaw.com) and (b) Law Offices of Manganelli, Leider & Savio, P.A., 1900 N.W. Corporate Blvd., Ste. 200W, Boca Raton, FL 33431, Attn: Christian Savio (csavio@mls-pa.com); (iv) the DIP Lenders and counsel to the DIP Lenders, Baker & McKenzie LLP, 452 Fifth Avenue, New York, New York 10018, Attn: Blaire A. Cahn (blaire.cahn@bakermckenzie.com), and 830 Brickell Plaza, Suite 3100, Miami, FL 33131, Attn: Paul J. Keenan Jr. (paul.keenan@bakermckenzie.com); (iv) the DIP Agent, GLAS Americas, LLC, 3 Second Street, Suite 206 Jersey City, NJ 07311, Re: Triton Investments Holdings, LLC (clientservices.usadcm@glas.agency); (v) counsel to the DIP Agent, Foley & Lardner LLP, 111 Huntington Avenue, Suite 2500, Boston, MA 02199, Attn: Adrienne K. Walker (awalker@foley.com); (vi) the Prepetition First Lien Agent GLAS Americas, LLC, 3 Second Street, Suite 206 Jersey City, NJ 07311; Attn: Controladora Dolphin, S.A. de C.V-Collateral Agent

(clientservices.usadcm@glas.agency); (vii) counsel to the Prepetition First Lien Agent Foley & Lardner LLP, 111 Huntington Avenue, Suite 2500, Boston, MA 02199, Attn: Adrienne K. Walker (awalker@foley.com); (viii) the Prepetition Second Lien Agent, GLAS Americas, LLC, 3 Second Street, Suite 206 Jersey City, NJ, 07311, Attn: Controladora Dolphin, S.A. de C.V-Collateral Agent,; clientservices.usadcm@glas.agency); (ix) counsel to the Prepetition Second Lien Agent, Foley & Lardner LLP, 111 Huntington Avenue, Suite 2500, Boston, MA 02199, Attn: Adrienne K. Walker (awalker@foley.com); and (x) all parties that have requested notice in these Chapter 11 Cases (collectively, the "**Objection Recipients**"), no later than the date and time designated by the Debtors consistent with the Bidding Procedures and Bidding Procedures Order (the "**Assumption and Assignment Objection Deadline**"); *provided, however*, that such Assumption and Assignment Objection Deadline shall be no less than fourteen (14) calendar days from the date of service of the Assumption and Assignment Service Date.

26.     If a Designated Contract Objection is not consensually resolved before the Sale Hearing, the amount to be paid or reserved with respect to such objection shall be determined at the Sale Hearing, such later hearing date that the Debtors determine in their discretion, or such other date determined by this Court.

27.     Any time after the Assumption and Assignment Service Date and before the closing of a Sale Transaction, the Debtors reserve the right, and are authorized but not directed, to (i) supplement the Designated Contracts List with previously omitted Designated Contracts in accordance with the definitive agreement for a Sale Transaction, (ii) remove a Designated Contract from the list of contracts that a Successful Bidder proposes be assumed and assigned to it in connection with a Sale Transaction, or (iii) modify the previously stated Cure Cost associated with any Designated Contract.

28.     In the event the Debtors exercise any of the rights listed in paragraph 25, the Debtors shall promptly serve the Supplemental Notice of Assumption and Assignment by electronic transmission, hand delivery, or first-class mail on the counterparty (and its attorney, if known, via electronic mail or overnight delivery) to each Designated Contract listed on the Supplemental Notice of Assumption and Assignment at the last known address available to the Debtors.  Each Supplemental Notice of Assumption and Assignment shall set forth (i) the name and address of the counterparty to the Designated Contract listed thereon; (ii) the proposed effective date of the assignment (subject to the right of the applicable Successful Bidder, if any, to withdraw such request for assumption and assignment of that Designated Contract prior to the closing of the applicable Sale Transaction); (iii) sufficient information to identify the Designated Contract; (iv) the Cure Costs, if any; and (v) proposed adequate assurance, if known on the Assumption and Assignment Service Date.  The Debtors are authorized, but not directed, to modify the Supplemental Notice of Assumption and Assignment as necessary and appropriate to provide customized individual notice to each Designated Contract counterparty.  Service of such Supplemental Notice of Assumption and Assignment as set forth herein shall be deemed proper, due, timely, good and sufficient notice of, among other things, the proposed assumption and assignment of the Designated Contracts and rights thereunder, the Cure Costs, and the procedures for objecting thereto, and no other or further notice is necessary.

29.     Any objection by a counterparty to the assumption and assignment of a Designated Contract listed on a Supplemental Notice of Assumption and Assignment (a "**Supplemental Designated Contract Objection**") must be in writing, filed with this Court, and served on the Objection Recipients no later than fourteen (14) days from the date of service of such Supplemental Notice of Assumption and Assignment.

30.    If a Supplemental Designated Contract Objection is not consensually resolved by the proposed effective date of assignment of the Designated Contract that is the subject of a Supplemental Designated Contract Objection, the Debtors shall seek an expedited hearing before the Court (a "**Supplemental Designated Contract Hearing**") to determine the Cure Costs, if any, and approve the assumption of the relevant Designated Contracts.  If there is no such objection, then the Debtors may obtain an order of this Court, including by filing a certification of no objection, (a "**Supplemental Designated Contract Order**") fixing the Cure Costs and approving the assumption of any Designated Contract listed on a Supplemental Notice of Assumption and Assignment.

31.    The inclusion of a Designated Contract on the Notice of Assumption and Assignment (or Supplemental Notice of Assumption and Assignment) will not (a) obligate the Debtors to assume any Designated Contract listed thereon nor the Successful Bidder(s) to take assignment of such Designated Contract or (b) constitute any admission or agreement of the Debtors that such Designated Contract is an "executory" contract.  Only those Designated Contracts that are included on a schedule of assumed and assigned contracts attached to the final Purchase Agreement with the Successful Bidder(s) (each, an "**Acquired Contract**") will be assumed and assigned to the Successful Bidder(s).

F.    **The Sale Hearing**

32.    A Sale Hearing to (i) approve a sale of a portion or substantially all of the Assets to the Successful Bidder(s) and (ii) authorize the assumption and assignment of certain executory contracts and unexpired leases shall be held no earlier than forty-five (45) days from the Bid Procedures Trigger Date, and may be adjourned or rescheduled without notice, subject to paragraph 3 of this Bidding Procedures Order.  At the Sale Hearing, the Debtors will seek Court approval of the Successful Bid(s) and the Backup Bid(s).  In the event that the Successful Bidder(s)

cannot or refuses to consummate the Sale(s) because of the breach or failure on the part of such Successful Bidder, the Debtors may, in accordance with the Bidding Procedures, designate the Backup Bid to be the new Successful Bid and the Backup Bidder to be the new Successful Bidder, and the Debtors, (i) shall provide written notice to the Backup Bidder and file and serve a notice of intent to proceed with the Backup Bidder, which shall provide three (3) business days for objections to the Backup Bidder, and (ii) schedule a status conference, which may be expedited, upon reasonable notice under the circumstances (which shall be no less than seven (7) days), at which time a briefing and hearing schedule will be established for those landlords and counterparties to executory contracts that do not consent to a proposed assumption and assignment to the Backup Bidder.

33.     Any and all objections, if any, to any Sale Transaction must be filed no earlier than the date that is thirty (30) days from the Bid Procedures Trigger Date (the "**Sale Objection Deadline**"). The Debtors shall file a form of sale order at least seven (7) days before the Sale Objection Deadline, which the Debtors may revise in advance of the Sale Hearing. In addition, any and all objections relating to the Auction process (an "**Auction Objection**") must be filed no later than three (3) business days following the Auction (the "**Auction Objection Deadline**"). Any and all such objections must be served on the Objection Recipients and counsel to any Successful Bidder(s), if known on the Sale Objection Deadline or the Auction Objection Deadline, as applicable. All replies to such objections must be filed by 4:00 p.m. prevailing Eastern Time the day prior to the deadline for filing the agenda for the Sale Hearing (the "**Reply Deadline**").

**G.     Other Provisions**

34.     For the avoidance of doubt, this Bidding Procedures Order shall apply only to property of the Debtors' bankruptcy estates under Section 541 of the Bankruptcy Code, and shall

not apply to the property of non-Debtor affiliates, without prejudice to the rights of non-Debtor affiliates under applicable non-bankruptcy law.

35.     Any reference to any consent rights granted to any party herein or in the Bidding Procedures is qualified that such consent shall not be unreasonably withheld or delayed. Notwithstanding anything herein or in the Bidding Procedures to the contrary, the Debtors shall not be permitted to modify the consent rights of the Lenders or the consultation rights of the Consultation Parties or the Bid Consultation Parties in the Bidding Procedures absent further order of this Court or the consent of any affected Lender, Consultation or Bid Consultation Party.

36.     The Debtors are authorized and empowered to take such action as may be necessary to implement and effect the terms and requirements established under this Bidding Procedures Order.

37.     This Bidding Procedures Order shall be binding on and inure to the benefit of the Debtors, including any chapter 7 or chapter 11 trustee or other fiduciary appointed for the estates of the Debtors.

38.     This Bidding Procedures Order shall constitute the findings of fact and conclusions of law and shall take immediate effect upon execution hereof.

39.     To the extent this Bidding Procedures Order is inconsistent with any prior order or pleading with respect to the Motion in these cases, the terms of this Bidding Procedures Order shall govern.

40.     To the extent any of the deadlines set forth in this Bidding Procedures Order do not comply with the Local Rules, such Local Rules are waived and the terms of this Bidding Procedures Order shall govern.

41.     Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 6006(d), 7062, 9014, or otherwise, this Court, for good cause shown, orders that the terms and conditions of this Bidding Procedures Order shall be immediately effective and enforceable upon its entry.

42.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Bidding Procedures Order, including, but not limited to, any matter, claim, or dispute arising from or relating to the Bidding Procedures, any Stalking Horse Agreement, and the implementation of this Bidding Procedures Order.

**Dated: July 29th, 2025**
**Wilmington, Delaware**

**LAURIE SELBER SILVERSTEIN**
**UNITED STATES BANKRUPTCY JUDGE**