# **EXHIBIT 1**

**Proof of Claim Form**

Your claim can be filed electronically on Verita's website at https://www.veritaglobal.net/dolphinco

United States Bankruptcy Court for the District of Delaware

Indicate Debtor against which you assert a claim by checking the appropriate box below. (**Check only one Debtor per claim form**.)

- ☐ Leisure Investments Holdings LLC (Case No. 25-10606)
- ☐ Ejecutivos de Turismo Sustentable, S.A. de C.V. (Case No. 25-10614)
- ☐ MS Leisure Company (Case No. 25-10610)
- ☐ Aqua Tours, S.A. de C.V. (Case No. 25-10618)
- ☐ Embassy of the Seas Limited (Case No. 25-10818)
- ☐ Promotora Garrafón, S.A. de C.V. (Case No. 25-10620)
- ☐ Controladora Dolphin, S.A. de C.V. (Case No. 25-10715)
- ☐ Gulf World Marine Park, Inc. (Case No. 25-10623)
- ☐ The Dolphin Connection, Inc. (Case No. 25-10624)
- ☐ Dolphin Austral Holdings, S.A. de C.V. (Case No. 25-10617)
- ☐ GWMP, LLC (Case No. 25-10622)
- ☐ Triton Investments Holdings LLC (Case No. 25-10608)
- ☐ Dolphin Capital Company, S. de R.L. de C.V. (Case No. 25-10615)
- ☐ Icarus Investments Holdings LLC (Case No. 25-10612)
- ☐ Viajero Cibernético, S.A. de C.V. (Case No. 25-10619)
- ☐ Dolphin Leisure, Inc. (Case No. 25-10616)
- ☐ Marineland Leisure Inc. (Case No. 25-10621)

# Modified Official Form 410
# Proof of Claim

12/24

**Read the instructions before filling out this form.** This form is for making a claim for payment in a bankruptcy case. Other than a claim under 11 U.S.C. § 503(b)(9), this form should not be used to make a claim for an administrative expense arising after the commencement of the case.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies or any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.**

## Part 1: Identify the Claim

**1. Who is the current creditor?**

Name of the current creditor (the person or entity to be paid for this claim) _____

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☐ No
☐ Yes.  From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Name _____
Number  Street _____
City  State  ZIP Code _____
Country _____
Contact phone _____
Contact email _____

Where should payments to the creditor be sent? (if different)

Name _____
Number  Street _____
City  State  ZIP Code _____
Country _____
Contact phone _____
Contact email _____

Uniform claim identifier (if you use one):

__ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __

**4. Does this claim amend one already filed?**

☐ No
☐ Yes.  Claim number on court claims registry (if known) _____   Filed on ___/___/_____
                                                                              MM  /  DD  / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☐ No
☐ Yes. Who made the earlier filing? _____

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

6. **Do you have any number you use to identify the debtor?**

   ☐ No

   ☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___

7. **How much is the claim?**

   $ _____. Does this amount include interest or other charges?

   ☐ No

   ☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. **What is the basis of the claim?**

   Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

   Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

   Limit disclosing information that is entitled to privacy, such as health care information.

   _____

9. **Is all or part of the claim secured?**

   ☐ No

   ☐ Yes.  The claim is secured by a lien on property.

   **Nature of property:**

   ☐ Real estate: If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.

   ☐ Motor vehicle

   ☐ Other. Describe: _____

   **Basis for perfection:** _____

   Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

   **Value of property:**                      $_____

   **Amount of the claim that is secured:**    $_____

   **Amount of the claim that is unsecured:**  $_____ (The sum of the secured and unsecured amount should match the amount in line 7.)

   **Amount necessary to cure any default as of the date of the petition:**    $_____

   **Annual Interest Rate** (when case was filed)_____%

   ☐ Fixed

   ☐ Variable

10. **Is this claim based on a lease?**

    ☐ No

    ☐ Yes. **Amount necessary to cure any default as of the date of the petition.**    $_____

11. **Is this claim subject to a right of setoff?**

    ☐ No

    ☐ Yes. Identify the property: _____

12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

    A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

    ☐ No

    ☐ Yes. *Check all that apply:*    **Amount entitled to priority**

    ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).    $_____

    ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).    $_____

    ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).    $_____

    ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).    $_____

    ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).    $_____

    ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies.    $_____

    * Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

13. **Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?**

    ☐ No

    ☐ Yes. Indicate the amount of your claim arising from the value of any goods received by the debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.

    $_____

---

### Part 3:    Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(3) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgement that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date _____
                MM / DD / YYYY

_____
Signature

**Print the name of the person who is completing and signing this claim:**

Name    _____
        First name    Middle name    Last name

Title    _____

Company    _____
           Identify the corporate servicer as the company if the authorized agent is a servicer.

Address    _____
           Number    Street

           _____
           City    State    ZIP Code    Country

Contact phone _____    Email _____

Modified Official Form 410
# Instructions for Proof of Claim
United States Bankruptcy Court                                                                 12/24

These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.

> **A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
> 18 U.S.C. §§ 152, 157 and 3571

**PLEASE SEND COMPLETED PROOF(S) OF CLAIM TO:**
The Dolphin Company Claims Processing Center
c/o KCC dba Verita Global
222 N. Pacific Coast Hwy., Ste. 300
El Segundo, CA 90245

Alternatively, your claim can be filed electronically on Verita's website at https://www.veritaglobal.net/dolphinco

## How to fill out this form

- **Fill in all of the information about the claim as of the date the case was filed.**

- **Fill in the caption at the top of the form**

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- **Attach any supporting documents to this form.** Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.)

  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).

- **Do not attach original documents because attachments may be destroyed after scanning.**

- **If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**

- **A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.

- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child (John Doe, parent, 123 Main St., City, State)*. See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, either enclose a stamped self-addressed envelope and a copy of this form or you may view a list of filed claims in this case by visiting the Claims and Noticing and Agent's website at https://www.veritaglobal.net/dolphinco

## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Claim Pursuant to 11 U.S.C. §503(b)(9):** A claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of the Debtor's business. Attach documentation supporting such claim.

**Creditor:** A person, corporation, or other entity whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. §101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. §101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. §507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Do not file these instructions with your form.**

**Secured claim under 11 U.S.C. §506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of 1325(a).

Examples of liens on property include a mortgage on real estate a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Uniform claim identifier:** An optional 24-character identifier that some creditors use to facilitate payment.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

## **EXHIBIT 2**

**Bar Date Notice**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>LEISURE INVESTMENTS HOLDINGS LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-10606 (LSS)<br><br>(Jointly Administered)<br><br>**Docket Ref. No. ___** |

**NOTICE OF DEADLINES FOR THE FILING OF
PROOFS OF CLAIM, INCLUDING REQUESTS FOR PAYMENT
PURSUANT TO SECTION 503(b)(9) OF THE BANKRUPTCY CODE**

**PLEASE TAKE NOTICE THAT:**

Leisure Investments Holdings LLC and certain of its affiliates, as debtors and debtors in possession (collectively, the "**Debtors**"), filed voluntary petitions (collectively, the "**Chapter 11 Cases**") for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware (the "**Court**").

On [__], 2025 the Court entered an order [Docket No. [__]] (the "**Bar Date Order**")[2] establishing certain dates by which parties holding prepetition claims against the Debtors must file proofs of claim, including requests for payment pursuant to section 503(b)(9) of the Bankruptcy Code. For your convenience, enclosed with this notice (this "**Bar Date Notice**")[3] is a proof of claim form.

---

[1] Due to the large number of Debtors in these chapter 11 cases a complete list of the Debtors is not provided herein. A complete list of the Debtors with the last four digits of their tax identification numbers, where applicable, may be obtained on the website of the Debtors' noticing and claims agent at https://veritaglobal.net/dolphinco, or by contacting counsel for the Debtors. For the purposes of these chapter 11 cases, the address for the Debtors is Leisure Investments Holdings LLC, c/o Riveron Management Services, LLC, 600 Brickell Avenue, Suite 2550, Miami, FL 33131.

[2] Capitalized terms used but not otherwise defined herein have the meanings set forth in the Bar Date Order. The Bar Date Order is available online, for free, at **https://veritaglobal.net/dolphinco**.

[3] As used in this Notice, the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code, and includes all persons, estates, trusts, governmental units, and the Office of the United States Trustee for the District of Delaware. In addition, the terms "persons" and "governmental units" are defined in sections 101(41) and 101(27) of the Bankruptcy Code, respectively. The term "claim" means, as to or against the Debtors and in accordance with section 101(5) of the Bankruptcy Code: (i) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (ii) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

## I.    THE BAR DATES

The Bar Date Order establishes the following bar dates for filing proofs of claim in the Chapter 11 Cases.

    a.    ***The General Bar Date***.  Pursuant to the Bar Date Order, except as described below, all entities holding claims against the Debtors that arose or are deemed to have arisen before the commencement of the Chapter 11 Cases on the Petition Date, **including requests for payment pursuant to section 503(b)(9) of the Bankruptcy Code, are required to file proofs of claim by the General Bar Date so that such proofs of claim are actually received by the Debtors' notice and claims agent, Kurtzman Carson Consultants, LLC dba Verita Global ("Verita") by the General Bar Date (i.e., 5:00 p.m. (prevailing Eastern Time) on the date that is thirty (30) days following service of this Bar Date Notice)**.  The General Bar Date applies to all types of claims against the Debtors that arose before the Petition Date, including secured claims, unsecured priority claims, unsecured non-priority claims contingent claims, unliquidated claims, disputed claims, and rejection damage claims for executory contracts and unexpired leases that have already been rejected by order of the Court in the Chapter 11 Cases.

    b.    ***The Governmental Bar Date***.  Pursuant to the Bar Date Order, **all governmental units holding claims against the Debtors that arose or are deemed to have arisen prior to the commencement of these cases on the Petition Date are required to file proofs of claim by the Governmental Bar Date (i.e., by 5:00 p.m. (prevailing Eastern Time) on the date that is 180 days following the Petition Date applicable for each Debtor)**.  The Governmental Bar Date applies to all governmental units holding claims against the Debtors (whether secured, unsecured priority, or unsecured non-priority) that arose prior to the Petition Date, including, without limitation, governmental units with claims against the Debtors for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which the Debtors were a party. All governmental units holding such claims against the Debtors are required to file proofs of claim so that such proofs of claim are actually received by Verita by the Governmental Bar Date.

    c.    ***Amended Schedules Bar Date***.  If the Debtors amend or supplement their Schedules to reduce the undisputed, noncontingent, and liquidated amount of a claim listed in the Schedules, to change the nature or classification of a claim against the Debtors reflected in the Schedules, or to add a new claim to the Schedules, the affected creditor, if so chooses, is required to file a proof of claim or amend any previously filed proof of claim in respect of the amended scheduled claim on or before the later of (i) the General Bar Date or the Governmental Bar Date, as applicable, to such claim, and (ii) 5:00 p.m. (prevailing Eastern Time) on the date that is twenty-one (21)

        days from the date on which the Debtors provide notice of the amendment to the Schedules.

    d.    ***Rejection Damages Bar Date***. In the event that an order authorizing the rejection of an executory contract or unexpired lease is entered, except as otherwise set forth in such order, the bar date for filing a Proof of Claim based on the Debtors' rejection of such contract or lease shall be the later of (i) the General Bar Date, and (ii) 5:00 p.m. (prevailing Eastern Time) on the date that is 30 days after the entry of an order approving the rejection of any executory contract or unexpired lease of the Debtors. All entities holding such claims against the Debtors would be required to file proofs of claim so that such proofs are actually received by Verita by the applicable Rejection Damages Bar Date.

## II.    WHO MUST FILE A PROOF OF CLAIM

Except as otherwise set forth herein, the following entities holding claims against the Debtors that arose (or that are deemed to have arisen) before the Petition Date ***must*** file proofs of claim on or before the General Bar Date, Governmental Bar Date, or any other bar date set forth in the Bar Date Order, as applicable:

    a.    any entity whose claim against a Debtor is ***not*** listed in the applicable Debtor's Schedules or is listed as contingent, unliquidated, or disputed if such entity desires to participate in any of the Chapter 11 Cases or share in any distribution in any of the Chapter 11 Cases;

    b.    any entity who believes that its claim is improperly classified in the Schedules or is listed in an incorrect amount and who desires to have its claim allowed in a classification or amount other than that identified in the Schedules;

    c.    any entity that believes that its prepetition claims as listed in the Schedules is not an obligation of the specific Debtor against which the claim is listed and that desires to have its claim allowed against a Debtor other than that identified in the Schedules; and

    d.    any entity who believes that its claim against a Debtor is or may be an administrative expense pursuant to section 503(b)(9) of the Bankruptcy Code.

## III.    PARTIES WHO DO NOT NEED TO FILE PROOFS OF CLAIM

Certain parties are not required to file proofs of claim. The Court may, however, enter one or more separate orders at a later time requiring creditors to file proofs of claim for some kinds of the following claims and setting related deadlines. If the Court does enter such an order, you will receive notice of it. The following entities holding claims that would otherwise be subject to the Bar Dates need ***not*** file proofs of claims:

3

a. any entity that already has filed a signed proof of claim against the applicable Debtor(s) with the Clerk of the Court or with Verita in a form substantially similar to Official Form 410;

b. any entity whose claim is listed on the Schedules if: (i) the claim is ***not*** scheduled as any of "disputed," "contingent," or "unliquidated;" (ii) such entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules; and (iii) such entity does not dispute that its claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

c. any entity whose claim has previously been allowed by order of the Court;

d. any entity whose claim has been paid in full or is otherwise fully satisfied by the Debtors pursuant to the Bankruptcy Code or in accordance with an order of the Court;

e. any non-Debtor direct or indirect subsidiary of Leisure Investments Holdings LLC having a claim against a Debtor;

f. any non-Debtor direct or indirect subsidiary of Leisure Investments Holdings LLC. having a claim against a Debtor;

g. any entity whose claim is solely against any of the Debtors' non-Debtor affiliates;

h. any entity that holds an interest in any of the Debtors, which interest is based exclusively on the ownership of common stock, preferred stock, membership interests, partnership interests, or rights to purchase, sell, or subscribe to such an interest; *provided* that interest holders who wish to assert claims (as opposed to ownership interests) against any of the Debtors, including claims that arise out of or relate to the ownership or purchase of an interest, must file proofs of claim on or before the applicable Bar Date unless another exception identified herein applies;[4]

i. any officer, director, or employee employed by the Debtors during the Chapter 11 Cases for claims based on indemnification, contribution, or reimbursement;

j. any entity holding a claim for which a separate deadline is fixed by this Court;

k. the U.S. Trustee, with respect to any fees payable to under 28 U.S.C. § 1930;

---

[4] The Debtors reserve all rights with respect to any such claims, including to, inter alia, assert that such claims are subject to subordination pursuant to Bankruptcy Code section 510(b).

4

  l. any entity holding a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration incurred in the ordinary course, *provided* that any entity asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must assert such claims by filing a request for payment or a proof of claim on or prior to the General Bar Date; and

  m. the DIP Agent, the DIP Lenders, the Prepetition Agent and Prepetition Lenders (as such terms are defined in the *Fourth Interim Order (I) Authorizing Debtors to Obtain Postpetition Financing Pursuant to Section 364 of the Bankruptcy Code, (II) Authorizing the Use of Cash Collateral Pursuant to Section 363 of the Bankruptcy Code, (III) Granting Adequate Protection to the Prepetition Secured Parties Pursuant to Sections 361, 362, 363, and 364 of the Bankruptcy Code, (IV) Granting Liens and Superpriority Claims, (V) Modifying the Automatic Stay, and (VI) Scheduling a Final Hearing* [Docket No. 255] and any further interim and final orders related thereto).

## IV. INSTRUCTIONS FOR FILING PROOFS OF CLAIM

The following requirements shall apply with respect to filing and preparing each proof of claim:

  a. <u>Contents</u>. Each proof of claim must: (i) be written in legible English or Spanish; (ii) include a claim amount denominated in the original currency or in United States dollars as of the Petition Date (and to the extent any such claim amount is converted to United States dollars from any other currency, state the conversion rate used in such conversion);[5] (iii) state the legal and factual basis for the alleged claim; (iv) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; and (v) be signed by the claimant or by an authorized agent or legal representative of the claimant, whether such signature is an electronic signature or in ink.

  b. <u>Section 503(b)(9) Claim</u>. Any proof of claim asserting a claim entitled to priority under section 503(b)(9) must also: (i) provide the date of shipment of goods the claimant contends the Debtors received in the twenty (20) days before the Petition Date, including the method of delivery; (ii) include the value of the goods delivered to and received by the Debtors in the 20 days before the Petition Date; (iii) attach any documentation identifying the particular invoices for which the 503(b)(9) claim is being asserted; and (iv) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

---

[5] Where a claim has been denominated in the original currency on a Proof of Claim, the Debtors propose to convert such amount to United States dollars based upon the conversion rate in place of as the Petition Date.

    c.    <u>Original Signatures Required</u>.  Only *original* proofs of claim (whether submitted by hard copy or through the Online Portal will be deemed acceptable for purposes of claims administration.  Copies of proofs of claim or proofs of claim sent by facsimile or electronic mail will not be accepted.

    d.    <u>Identification of the Debtor Entity</u>.  Each proof of claim must clearly identify the Debtor against which a claim is asserted, including the individual Debtor's case number.  A proof of claim filed under the joint administration case number or otherwise without identifying a specific Debtor, will be deemed as filed only against Leisure Investments Holdings LLC.

    e.    <u>Claim Against Multiple Debtor Entities</u>.  Each proof of claim must state a claim against ***only one*** Debtor and clearly indicate the Debtor against which the claim is asserted.  To the extent more than one Debtor is listed on the proof of claim, such claim may be treated as if filed only against the first-listed Debtor.

    f.    <u>Supporting Documentation</u>.  Each proof of claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d).  If, however, such documentation is voluminous, such proof of claim may include a summary of such documentation or an explanation as to why such documentation is not available; *provided* that any creditor that includes only a summary of such documentation shall be required to transmit all such supporting documentation to any party in interest upon request no later than ten days from the date of such request.

    g.    <u>Timely Service</u>.  Each proof of claim must be filed, including supporting documentation, so as to be ***actually*** ***received*** by Verita on or before the General Bar Date or the Governmental Bar Date (or, where applicable, on or before any other Bar Date as set forth herein or by order of the Court) either by (i) electronically through the Online Portal (available at https://veritaglobal.net/dolphinco) or (ii) U.S. Mail, or other hand delivery system at the following address:

> The Dolphin Company Claims Processing Center
> c/o KCC dba Verita
> 222 N. Pacific Coast Highway, Suite 300
> El Segundo, CA 90245
> T: (888) 733-1434

> **PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL NOT BE ACCEPTED.**

    h.    <u>Receipt of Service</u>.  Claimants wishing to receive acknowledgment that their hard copy proofs of claim were received by Verita must submit (i) a

      copy of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to Verita) and (ii) a self-addressed, stamped envelope.

## V. CONSEQUENCES OF FAILING TO TIMELY FILE YOUR PROOF OF CLAIM

Pursuant to the Bar Date Order and in accordance with Bankruptcy Rule 3003(c)(2), if you or any party or entity who is required, but fails, to file a proof of claim in accordance with the Bar Date order on or before the applicable Bar Date, please be advised that:

    a.    YOU WILL NOT RECEIVE ANY DISTRIBUTION IN THE CHAPTER 11 CASES ON ACCOUNT OF THAT CLAIM; AND

    b.    YOU WILL NOT BE PERMITTED TO VOTE ON ANY PLAN OR PLANS OF REORGANIZATION FOR THE DEBTORS ON ACCOUNT OF THESE BARRED CLAIMS OR RECEIVE FURTHER NOTICES REGARDING SUCH CLAIM.

## VI. RESERVATION OF RIGHTS

Nothing contained in this Notice is intended to or should be construed as a waiver of the Debtors' right to: (i) dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules as to the nature, amount, liability, or classification thereof; (ii) subsequently designate any scheduled claim as disputed, contingent, or unliquidated; and (iii) otherwise amend or supplement the Schedules.

## VII. THE DEBTORS' SCHEDULES AND ACCESS THERETO

You may be listed as the holder of a claim against one or more of the Debtor entities in the Debtors' schedules of assets and liabilities filed with the Court (collectively, the "**Schedules**"). To determine if and how you are listed on the Schedules, please refer to the Schedules, which are available online at **https://veritaglobal.net/dolphinco**. If you rely on the Schedules, it is your responsibility to determine that the claim is accurately listed in the Schedules.

As described above, if you agree with the nature, amount, and status of your claim as listed in the Schedules, and if you do not dispute that your claim is only against the Debtor entity specified by the Debtors, and if your claim is not described as "disputed," "contingent," or "unliquidated," you need *not* file a proof of claim. Otherwise, or if you decide to file a proof of claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this Notice.

## VIII. ADDITIONAL INFORMATION

Copies of the Schedules, the Bar Date Order, and other information regarding the Chapter 11 Cases are available for inspection free of charge on Verita's website at **https://veritaglobal.net/dolphinco**. The Schedules and other filings in the Chapter 11 Cases also are available for a fee at the Court's website. A login identification and password to the Court's Public Access to Court Electronic Records ("**PACER**") are required to access this information and can be obtained through the PACER Service Center at http://www.pacer.psc.uscourts.gov. Copies

7

of the Schedules and other documents filed in these cases also may be examined between the hours of 9:00 a.m. and 4:30 p.m., prevailing Eastern Time, Monday through Friday, at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801.

**Additional Information**. If you require additional information regarding the filing of a proof of claim, you may contact the Debtors' claims agent, Verita, by calling the Debtors' restructuring hotline at: (888) 733-1434, or writing (i) by hand delivery or US mail to: The Dolphin Company Claims Processing Center c/o KCC dba Verita 222 N. Pacific Coast Highway, Suite 300 El Segundo, CA 90245; (iv) online at https://veritaglobal.net/dolphinco. *Please note* that Verita *cannot* offer legal advice or advise whether you should file a proof of claim.

**A HOLDER OF A POSSIBLE CLAIM AGAINST THE DEBTORS SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER SHOULD FILE A PROOF OF CLAIM.**

Dated: Wilmington, Delaware
       [__], 2025

*/s/*_____
**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
Robert S. Brady (No. 2847)
Sean T. Greecher (No. 4484)
Allison S. Mielke (No. 5934)
Jared W. Kochenash (No. 6557)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Email:  rbrady@ycst.com
          sgreecher@ycst.com
          amielke@ycst.com
          jkochenash@ycst.com

*Counsel to the Debtors and Debtors in Possession*

# **EXHIBIT 3**

**Publication Notice**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>LEISURE INVESTMENTS HOLDINGS LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-10606 (LSS)<br><br>(Jointly Administered) |

## NOTICE OF DEADLINES FOR THE FILING OF PROOFS OF CLAIM, INCLUDING REQUESTS FOR PAYMENTS UNDER SECTION 503(b)(9) OF THE BANKRUPTCY CODE

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

**Deadlines for Filing Proofs of Claim**. On [__] 2025, the United States Bankruptcy Court for the District of Delaware (the "**Court**") entered an order [Docket No. [__]] (the "**Bar Date Order**") establishing certain deadlines for the filing of proofs of claim, including requests for payment under section 503(b)(9) of the Bankruptcy Code, in the chapter 11 cases of the above captioned debtors and debtors in possession (collectively, the "**Debtors**").

**The Bar Dates**. Pursuant to the Bar Date Order, *all* entities (except governmental units), including individuals, partnerships, estates, and trusts who have a claim or potential claim against the Debtors that arose before each Debtors' Petition Date, as applicable, no matter how remote or contingent such right to payment or equitable remedy may be, *including* requests for payment under section 503(b)(9) of the Bankruptcy Code, MUST FILE A PROOF OF CLAIM *on or before 5:00 p.m. (prevailing Eastern Time) on the date that is thirty (30) days following service of the Bar Date Notice*[2] (the "**General Bar Date**"). Governmental entities who have a claim or potential claim against the Debtors that arose before the Petition Date, no matter how remote or contingent such right to payment or equitable remedy may be, MUST FILE A PROOF OF CLAIM *on or before 5:00 p.m. (prevailing Eastern Time) on the date that is 180 days following the Petition Date applicable for each Debtor* (the "**Governmental Bar Date**"). All entities who have a claim or potential claim against the Debtors based on any amendment by the Debtors of their Schedules, no matter how remote or contingent such right to payment or equitable remedy may be, if they so choose, MUST FILE A PROOF OF CLAIM on the later of (i) the General Bar Date or the Governmental Bar Date, as applicable, to such claim, and (ii) 5:00 p.m., prevailing Eastern Time, on the date that is 21 days from the date on which the Debtors provide notice of the amendment (the "**Amended Schedules Bar Date**"). All entities who have a claim or potential claim against the Debtors based on the Debtors' rejection of an executory contract or unexpired lease, no matter

---

[1] Due to the large number of Debtors in these chapter 11 cases a complete list of the Debtors is not provided herein. A complete list of the Debtors with the last four digits of their tax identification numbers, where applicable, may be obtained on the website of the Debtors' noticing and claims agent at https://veritaglobal.net/dolphinco, or by contacting counsel for the Debtors. For the purposes of these chapter 11 cases, the address for the Debtors is Leisure Investments Holdings LLC, c/o Riveron Management Services, LLC, 600 Brickell Avenue, Suite 2550, Miami, FL 33131.

[2] As such term is defined in the Bar Date Order.

how remote or contingent such right to payment or equitable remedy may be, MUST FILE A PROOF OF CLAIM on the later of (i) the General Bar Date, and (ii) 30 days after the entry of an order approving the rejection of any executory contract or unexpired lease of the Debtors (the "**Rejection Claim Bar Date**").

**ANY PERSON OR ENTITY WHO FAILS TO FILE A PROOF OF CLAIM, INCLUDING ANY REQUEST FOR PAYMENT UNDER SECTION 503(b)(9) OF THE BANKRUPTCY CODE, ON OR BEFORE THE APPLICABLE BAR DATE SHALL NOT BE TREATED AS A CREDITOR WITH RESPECT TO SUCH CLAIM FOR THE PURPOSES OF VOTING AND DISTRIBUTION ON ANY CHAPTER 11 PLAN.**

**Filing a Proof of Claim**. Each proof of claim must be filed, including supporting documentation, so as to be actually received by Verita on or before the General Bar Date or the Governmental Bar Date (or, where applicable, on or before any other Bar Date as set forth herein or by order of the Court) either by (i) electronically through the Online Portal (available at https://veritaglobal.net/dolphinco) or (ii) U.S. mail, or other hand delivery system at the following address:

> The Dolphin Company Claims Processing Center
> c/o KCC dba Verita
> 222 N. Pacific Coast Highway, Suite 300
> El Segundo, CA 90245
> T: (888) 733-1434

**Contents of Proofs of Claim**. Each proof of claim must: (i) be written in legible English or Spanish; (ii) include a claim amount denominated in the original currency or in United States dollars as of the Petition Date (and to the extent any such claim amount is converted to United States dollars from any other currency, state the conversion rate used in such conversion);[3] (iii) state the legal and factual basis for the alleged claim; (iv) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; and (v) be signed by the claimant or by an authorized agent or legal representative of the claimant, whether such signature is an electronic signature or in ink. *Please note* that each proof of claim must state a claim against only one Debtor and clearly indicate the specific Debtor against which the claim is asserted. To the extent more than one Debtor is listed on the proof of claim, a proof of claim is treated as if filed only against the first-listed Debtor, or if a proof of claim is otherwise filed without identifying a specific Debtor, the proof of claim may be deemed as filed only against Leisure Investments Holdings LLC.

**Requests for Payment Under Section 503(b)(9) of the Bankruptcy Code**. Any proof of claim asserting a claim entitled to priority under section 503(b)(9) must also: (i) provide the date of shipment of goods the claimant contends the Debtors received in the twenty (20) days before the Petition Date, including the method of delivery; (ii) include the value of the goods delivered to and received by the Debtors in the 20 days before the Petition Date; (iii) attach any documentation identifying the particular invoices for which the 503(b)(9) claim is being asserted; and (iv) attach

---

[3] Where a claim has been denominated in the original currency on a Proof of Claim, the Debtors propose to convert such amount to United States dollars based upon the conversion rate in place of as the Petition Date.

documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

**Additional Information**.  If you require additional information regarding the filing of a proof of claim, you may contact the Debtors' claims agent, Verita, by calling the Debtors' restructuring hotline at: (888) 733-1434, or writing (i) by hand delivery or U.S. mail to: The Dolphin Company Claims Processing Center c/o KCC dba Verita 222 N. Pacific Coast Highway, Suite 300 El Segundo, CA 90245; or (ii) online at https://veritaglobal.net/dolphinco.  *Please note* that Verita *cannot* offer legal advice or advise whether you should file a proof of claim.