## EXHIBIT B

**Blackline**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| LEISURE INVESTMENTS HOLDINGS LLC, *et al.*,[1] | Case No. 25-10606 (LSS) |
| | (Jointly Administered) |
| Debtors. | **Ref Docket No. 556** |

## ORDER (I) APPROVING ASSUMPTION AND ASSIGNMENT OF THE MIAMI SEAQUARIUM LEASE FREE AND CLEAR OF LIENS AND OTHER ENCUMBRANCES, AND (II) GRANTING RELATED RELIEF

Upon the motion (the "**Motion**")[2] of the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**"), for entry of an order, pursuant to sections 105(a), 363, and 365 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "**Bankruptcy Code**") and Rules 2002, 6004, and 6006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2002-1, 6004-1 and 9006-1(b) of the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), (i) approving the terms of the contract (the "**Assignment Agreement**"), which is attached hereto as **Exhibit A**, as amended by that certain First Amendment to the Assignment Agreement, dated October 13, 2025, which is attached hereto as **Exhibit B**, and that certain Second Amendment to the Assignment Agreement, dated October 17, 2025, which is attached hereto as **Exhibit C**, for the assignment and sale of that certain lease (the "**Lease**") of real estate

---

[1]  Due to the large number of Debtors in these chapter 11 cases a complete list of the Debtors is not provided herein. A complete list of the Debtors along with the last four digits of their tax identification numbers, where applicable, may be obtained on the website of the Debtors' noticing and claims agent at https://veritaglobal.net/dolphinco, or by contacting counsel for the Debtors. For the purposes of these chapter 11 cases, the address for the Debtors is Leisure Investments Holdings LLC, c/o Riveron Management Services, LLC, 600 Brickell Avenue, Suite 2550, Miami, FL 33131.

[2]  All capitalized terms used but otherwise not defined herein shall have the meanings set forth in the Motion.

commonly known as the Miami Seaquarium, a legal description of which is set forth on the attached **Exhibit** ~~A~~**D**, from MS Leisure Company, Inc., as seller and assignor thereunder, to Resilient Aquarium LLC (the "**Purchaser**"), an affiliate of Terra Acquisitions Florida, LLC, as assignee thereunder, for the sum of $~~22,500,000~~22,750,000 (USD) and other good and valuable consideration (the "**Transaction**"); (ii) approving the assignment of the Debtors' right, title and interest in and to the Lease, on an "as is" basis, free and clear of all Liens (as defined below), Claims (as defined below), security interests, liabilities, rights, pledges, and other encumbrances (collectively, the "**Encumbrances**"), without any representations or warranties of any kind other than expressly set forth in the Assignment Agreement, substantially on the terms and conditions of the Assignment Agreement; and (iii) granting related relief; and this Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and in connection with the Debtors' efforts to identify the highest and best offer for the Lease; and after due deliberation thereon and sufficient cause appearing therefor; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors and other parties in interest; and this Court having found the form and manner of notice of the Transaction is good, sufficient and appropriate under the circumstances and that no other or further notice need be provided or is necessary; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY FOUND, CONCLUDED, AND DETERMINED THAT**:

### Jurisdiction, Venue and Final Order

A.       This Court has jurisdiction to hear and determine the Motion pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper in this District and in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

B.       This Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a).  Notwithstanding Bankruptcy Rules 6004(h), 6006(d), and 7062, this Court expressly finds that there is no just reason for delay in the implementation of this Order and expressly directs entry of this Order as set forth herein.

### Notice of the Transaction, Assignment Agreement, and Hearing

C.       As evidenced by the affidavits of service and publication previously filed with this Court, proper, timely, adequate, and sufficient notice of the Motion, the hearing thereon (if any) (the "**Hearing**"), the Assignment Agreement, and the Transaction has been provided in accordance with sections 102(1), 363, and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, and 6006.  The Debtors have complied with all obligations to provide notice of the Motion, the Hearing, the Assignment Agreement, and the Transaction.  The aforementioned notices are good, sufficient, and appropriate under the circumstances, and no other or further notice of the Motion, the Hearing, the Assignment Agreement, or the Transaction is required for the entry of this Order.

D.       A reasonable opportunity to object or to be heard regarding the relief requested in the Motion was afforded to all interested persons and entities.

**Highest or Otherwise Best Offer**

E.      The Debtors have adequately marketed the Lease, and the consideration provided by Purchaser under the Assignment Agreement constitutes the highest and best offer and provides fair and reasonable consideration to the Debtors for the assignment and sale of the Lease, under the circumstances of these cases.  The consideration provided by Purchaser under the Assignment Agreement will provide a greater recovery for the Debtors' estates than would be provided by any other available alternative.    The Debtors' determination that the consideration provided by Purchaser under the Assignment Agreement constitutes the highest and best offer for the Lease constitutes a valid and sound exercise of the Debtors' business judgment.

F.      Approval of the Motion and the Assignment Agreement and the consummation of the Transaction contemplated thereby are in the best interests of the Debtors, their respective creditors, estates, and other parties in interest.  The Debtors have demonstrated good, sufficient, and sound business reasons and justifications for entering into the Transaction and the performance of their obligations under the Assignment Agreement.

G.      The offer of Purchaser, upon the terms and conditions set forth in the Assignment Agreement, including the form and total consideration to be realized by the Debtors pursuant to the Assignment Agreement:  (i) is the highest and best offer of value received by the Debtors; (ii) is fair and reasonable; (iii) is in the best interests of the Debtors' creditors and estates; and (iv) constitutes fair value, fair, full and adequate consideration, reasonably equivalent value, and reasonable market value for the Lease.

**Good Faith of Debtors and Purchaser**

H.      The sale and marketing process conducted by the Debtors was at arm's-length, non-collusive, in good faith, and substantively and procedurally fair to all parties.

I.      The Debtors conducted substantial marketing efforts that (a) afforded all creditors and other parties in interest and all potential purchasers a full, fair and reasonable opportunity to submit their highest or otherwise best offer to acquire the Lease and (b) provided potential purchasers, upon request, sufficient information to enable them to make an informed judgment on whether to bid on the Lease.

J.      The Assignment Agreement and the Transaction contemplated thereunder were proposed, negotiated, and entered into by and among the Debtors and Purchaser without collusion, in good faith and at arm's-length.

K.      Neither Purchaser nor any of its affiliates, present or contemplated members, officers, directors, shareholders or any of their respective successors and assigns is an "insider" of any of the Debtors, as that term is defined in section 101(31) of the Bankruptcy Code. Purchaser is entering into the Transaction in good faith and is a good faith buyer within the meaning of section 363(m) of the Bankruptcy Code, and is therefore entitled to the full protection of that provision, and otherwise has proceeded in good faith in all respects in connection with this proceeding.  Neither the Debtors nor Purchaser have engaged in any action or inaction that would cause or permit the Transaction under the Assignment Agreement to be avoided or impose any costs or damages under section 363(n) of the Bankruptcy Code.

**Section 363 Is Satisfied**

L.      The Debtors have demonstrated a sufficient basis and compelling circumstances to enter into the Assignment Agreement and assume and assign the Lease, and such actions are

appropriate exercises of the Debtors' business judgment and in the best interests of the Debtors, their estates, and their creditors.

   M. The assignment under the terms of the Assignment Agreement meets the applicable provisions of section 363(f) of the Bankruptcy Code such that the assignment of the Lease will be free and clear of any and all Encumbrances, the transfer of the Lease to Purchaser and assumption and/or assignment to Purchaser or an affiliate of Purchaser of the Lease will be free and clear of all Encumbrances and will not subject Purchaser or any of Purchaser's assets to any liability for any Encumbrances whatsoever.  All holders of Encumbrances who did not object, or withdrew their objections to the Transaction, are deemed to have consented to the Transaction pursuant to section 363(f)(2) of the Bankruptcy Code, and all holders of Encumbrances are adequately protected—thus satisfying section 363(e) of the Bankruptcy Code—by having their Encumbrances, if any, attach to the proceeds of the Transaction ultimately attributable to the property against or in which they assert an Encumbrance or other specifically dedicated funds, in the same order of priority and with the same validity, force and effect that such Encumbrance holder had prior to the Transaction, subject to any rights, claims and defenses of the Debtors or their estates, as applicable, or as otherwise provided herein; provided, however, that setoff rights will be extinguished to the extent there is no longer mutuality after the consummation of the Transaction.

   N. Purchaser would not have entered into the Assignment Agreement and would not consummate the Transaction, thus adversely affecting the Debtors, their estates, creditors, employees and other parties in interest, if the Transaction was not free and clear of all Encumbrances or if Purchaser would, or in the future could, be liable for any Encumbrances.

O.      The transfer of the Lease to Purchaser under the Assignment Agreement will be a legal, valid, and effective transfer of all of the legal, equitable, and beneficial right, title, and interest in and to the Lease free and clear of all Encumbrances.  The Debtors may sell their interests in the Lease free and clear of all Encumbrances because, in each case, one or more of the standards set forth in section 363(f) of the Bankruptcy Code has been satisfied.  The transfer of the Lease to Purchaser will vest Purchaser with good and marketable leasehold title to the Lease.

### Section 365 Is Satisfied

P.      The assumption and assignment of the Lease (as such Lease may be amended, supplemented or otherwise modified prior to assignment) is in the best interests of the Debtors and their respective estates, creditors and other parties in interest, and represents the reasonable exercise of sound and prudent business judgment by the Debtors.

Q.      The Debtors have met all requirements of section 365(b) of the Bankruptcy Code for the Lease.  The Debtors (and, in certain cases, Purchaser, as applicable under the Assignment Agreement) have (a) cured or reserved for the cure amount, and/or provided adequate assurance of cure of any default existing prior to the closing of the Transaction under the Lease (the "**Closing**"), within the meaning of section 365(b)(1)(A) of the Bankruptcy Code; and (b) provided compensation or adequate assurance of compensation to the County under the Lease for actual pecuniary loss to such party resulting from a default prior to the Closing under the Lease, within the meaning of section 365(b)(1)(B) of the Bankruptcy Code.

R.      Purchaser has demonstrated adequate assurance of its future performance under the Lease within the meaning of sections 365(b)(1)(C) and 365(f)(2)(B) of the Bankruptcy Code.  Pursuant to section 365(f) of the Bankruptcy Code, the Lease shall be assigned and transferred

to, and remain in full force and effect for the benefit of, Purchaser notwithstanding any provision in the Lease or other restrictions prohibiting their assignment or transfer.

S.     No defaults exist in the Debtors' performance under the Lease as of the date of this Order other than the failure to pay amounts equal to the Cure Costs or defaults that are not required to be cured as contemplated in section 365(b)(1)(A) of the Bankruptcy Code.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

**General Provisions**

1.     The Motion is granted and approved.

2.     All objections to the Motion or the relief requested therein that have not been withdrawn, waived or settled as announced to the Court at the Hearing, if any, or by stipulation filed with this Court or as resolved in this Order, and all reservations of rights included therein, are hereby overruled on the merits with prejudice.

3.     The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.   To the extent any of the findings of fact constitute conclusions of law, they are adopted as such.   To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

**Approval of the Assignment Agreement**

4.     The Assignment Agreement, all of the terms and conditions thereof, and the Transaction contemplated therein is approved in all respects.   The failure specifically to include any particular provision of the Assignment Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that the Assignment Agreement be authorized and approved in its entirety.   The transfer of the Debtors' interests in

the Lease by the Debtors to Purchaser shall be a legal, valid, and effective transfer of such interests.  The consummation of the Transaction is hereby approved and authorized under section 363(b) of the Bankruptcy Code.

5.       The Debtors are authorized to take any and all actions necessary or appropriate to perform, consummate, implement, and close the Transaction, including the sale, assumption, and assignment to Purchaser of the Lease, in accordance with the terms and conditions set forth in the Assignment Agreement and this Order.  The Debtors are further authorized to pay, without further order of this Court, whether before, at, or after the Closing, any expenses or costs that are required to be paid in order to consummate the Transaction or perform their obligations under the Assignment Agreement.

6.       All persons and entities are prohibited and enjoined from taking any action to adversely affect or interfere with, or which would be inconsistent with, the ability of the Debtors to transfer the Lease to the Purchaser in accordance with the Assignment Agreement and this Order.

### Transfer Free and Clear of Claims

7.       Except as otherwise expressly provided in the Assignment Agreement and the terms of this Order, the Debtors' leasehold estate and interest in the Lease shall be assigned and sold free and clear of all Encumbrances, including Claims (as used in this Order, the term "**Claims**" includes, without limitation, any and all "claims" as that term is defined and used in the Bankruptcy Code, including section 101(5) thereof), Liens (as defined below), liabilities, interests, rights and other encumbrances, with all such Encumbrances to attach to the proceeds of the Transaction to be received by the Debtors with the same validity, force, priority and effect which they now have as against the Lease and subject to any claims and defenses the Debtors or

other parties may possess with respect thereto; <u>provided</u>, <u>however</u>, that setoff rights will be extinguished to the extent there is no longer mutuality after the consummation of the Transaction.  As used in this Order, the term "**Liens**" includes, without limitation, any statutory lien on real and personal property and any and all "liens" as that term is defined and used in the Bankruptcy Code, including section 101(37) thereof.

8.      Upon Closing and subject to the terms of the Assignment Agreement, all of the Debtors' right, title, and interest in and to, and possession of, the Lease shall be immediately vested in Purchaser pursuant to sections 105(a), 363(b), 363(f), and 365 of the Bankruptcy Code free and clear of any and all Encumbrances, including, without limitation: (i) the lien or interest of Show Queen, Inc., an inactive and dissolved Florida corporation, which recorded a year to year docking agreement, dated January 4, 1985, and recorded in the Official Record Book 13875, Page 429, and which agreement has expired or been abandoned; (ii) the lien or interest of Florida Capital Corporation, an inactive and dissolved Florida corporation, which recorded a collateral assignment of sublease or concession in favor of Seaquarium Monorail Corporation, an inactive and dissolved Florida corporation, and recorded in the Official Record Book 13875, at Page 505; (iii) the sublease or concession of Seaquarium Monorail Corporation, an inactive and dissolved Florida corporation; (iv) the Monorail Concession agreement, dated December 4, 1969, in favor of American Electric, Inc., a California corporation, and recorded in the Official Record Book 3949, at Page 606, and which agreement has expired or has been abandoned; and (v) the Assignment  of Monorail Concession and Consent recorded in the Official Record Book 3949, at Page 629.  Such transfer shall constitute a legal, valid, binding, and effective transfer.

9.      This Order (a) shall be effective as a determination that, as of the Closing, (i) no Encumbrances will be capable of being asserted against Purchaser or any of its assets (including

the Lease), (ii) the Lease shall have been transferred to Purchaser free and clear of all Encumbrances, and (iii) the conveyances described herein have been effected; and (b) is and shall be binding upon and govern the acts of all entities.

10.     Except as otherwise expressly provided in the Assignment Agreement, all persons and entities (and their respective successors and assigns), are hereby forever barred, estopped and permanently enjoined from asserting Encumbrances (including Claims) against Purchaser, its successors or assigns, its property or the Lease.  Following the Closing, no holder of any Encumbrance shall interfere with Purchaser's title to or use and enjoyment of the Lease based on or related to any such Encumbrance, or based on any action the Debtors may take in the Chapter 11 Cases.

11.     This Order is and shall be binding on and govern the acts of all persons (including all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, and federal and local officials) who may be required by operation of Law, the duties of their office, or contract to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any lease.  Each of the foregoing Persons are authorized to accept for filing any and all of the documents and instruments necessary and appropriate to release, discharge, and terminate any of the Encumbrances or to otherwise consummate the Transaction contemplated by this Order, the Assignment Agreement, or any related Transaction document.

**Good Faith of Purchaser**

12.     The Transaction contemplated by the Assignment Agreement is undertaken by Purchaser without collusion and in good faith, as that term is defined in section 363(m) of the

Bankruptcy Code and, accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Transaction shall not affect the validity of the Transaction (including the assumption and assignment of the Lease), unless such authorization and consummation of the Transaction is duly and properly stayed pending such appeal. Purchaser is a good faith purchaser within the meaning of section 363(m) of the Bankruptcy Code and, as such, is entitled to the full protections of section 363(m) of the Bankruptcy Code.

13.     Neither the Debtors nor Purchaser have engaged in any action or inaction that would cause or permit the Transaction to be avoided or costs or damages to be imposed under section 363(n) of the Bankruptcy Code. The consideration provided by Purchaser for the Lease under the Assignment Agreement is fair and reasonable and the Transactions may not be avoided under section 363(n) of the Bankruptcy Code.

14.     Purchaser is not an "insider" as that term is defined in section 101(31) of the Bankruptcy Code.

**No Fraudulent Transfer; Not a Successor**

15.     The Assignment Agreement and related documents were not entered into, and the Transaction is not being consummated, for the purpose of hindering, delaying, or defrauding creditors of the Debtors under applicable Law, and none of the Parties to the Assignment Agreement or any of the other Transaction documents are consummating the Transaction with any fraudulent or otherwise improper purpose. The purchase price for the Lease constitutes (i) reasonably equivalent value under the Bankruptcy Code, the Uniform Fraudulent Transfer Act, and the Uniform Voidable Transactions Act; (ii) fair consideration under the Uniform Fraudulent Conveyance Act; and (iii) reasonably equivalent value, fair consideration, and fair value under any other applicable Laws.

16.     Except as expressly set forth in the Assignment Agreement, the Purchaser shall have no liability, responsibility, or obligations of any kind or nature whatsoever for any Claim or interest of or against the Debtors, or otherwise related to the Lease, by reason of the transfer of the Lease to the Purchaser.  The Purchaser shall not be deemed, as a result of any action taken in connection with the Transaction: (i) to the greatest extent permitted under applicable law, to be a successor (or other such similarly situated party) to any of the Debtors (other than with respect to the Lease or as expressly stated in the Assignment Agreement); or (ii) to have, *de facto* or otherwise, merged or consolidated with or into any of the Debtors.  The Purchaser is not acquiring or assuming any Claim or interest, except as expressly set forth in the Assignment Agreement.

## Assumption and Assignment of the Lease

17.     The Debtors are authorized to assume and assign the Lease upon the Closing of the Transaction, free and clear of all Encumbrances.  The payment, or reservation, of the applicable cure cost by the Debtors shall (a) effect a cure of all defaults existing thereunder as of the Closing Date, (b) compensate for any actual pecuniary loss to such non-Debtor counterparty resulting from such default, and (c) together with the assignment of the Lease to Purchaser or an Affiliate of Purchaser, constitute adequate assurance of future performance thereof.

18.     Any provisions in the Lease that prohibit or condition the assignment of the Lease or allow the counterparty to the Lease to terminate, recapture, impose any penalty, condition on renewal or extension or modify any term or condition upon the assignment of the Lease, constitutes unenforceable anti-assignment provisions that are void and of no force and effect. All other requirements and conditions under sections 363 and 365 of the Bankruptcy Code for the assignment to Purchaser or an affiliate of Purchaser of the Lease have been satisfied.  Upon

the Closing, in accordance with sections 363 and 365 of the Bankruptcy Code, Purchaser shall be fully and irrevocably vested with all right, title and interest of the Debtors under the Lease, and such Lease shall remain in full force and effect for the benefit of Purchaser.  The non-debtor counterparty under the Lease shall be forever barred, estopped, and permanently enjoined from (a) asserting against the Debtors or Purchaser or their respective property any assignment fee, acceleration, default, breach or claim or pecuniary loss, or condition to assignment existing, arising or accruing as of the Closing or arising by reason of the Closing, and (b) asserting against Purchaser (or its property, including the Lease) any claim, counterclaim, defense, breach, condition, setoff asserted or capable of being asserted against the Debtors existing as of the Closing or arising by reason of the Closing.

19.    Upon the Closing and the payment or reservation of any relevant cure cost, Purchaser shall be deemed to be substituted for the Debtors as a party to the Lease and the Debtors shall be released, pursuant to section 365(k) of the Bankruptcy Code, from any liability under the Lease.  There shall be no assignment fees, increases, or any other fees charged to Purchaser or the Debtors as a result of the assignment of the Lease.

20.    Upon the Closing, the County, as landlord under the Lease, is forever barred, estopped, and permanently enjoined from asserting against Purchaser, or its property (including without limitation the Lease), any default existing as of the date of entry of this Order, or any counterclaim, defense, setoff or other claim asserted or capable of being asserted against the Debtors.  Other than the Lease, Purchaser assumed none of the Debtors' other contracts or leases and shall have no liability whatsoever thereunder.

21.    The assignment of the Lease is made in good faith under sections 363(b) and (m) of the Bankruptcy Code.

**Other Provisions**

22.     Notwithstanding anything to the contrary herein, the Closing shall be subject to the MDC Board Approvals being granted by the Board of County Commissioners of Miami-Dade County. Further, notwithstanding anything to the contrary herein or in or in the Motion, until Closing, the Debtors shall pay Guaranteed Rent, in the amount of $62,500 per month, directly to the Lessor under the Lease.

23.     The requirements set forth in Bankruptcy Rules 6003(b), 6004 and 6006 and Local Bankruptcy Rules 6004-1 and 9013-1 have been satisfied or otherwise deemed waived.

24.     The automatic stay provisions of section 362 of the Bankruptcy Code are vacated and modified to the extent necessary to implement the provisions of this Order and the terms and conditions of the Assignment Agreement.

25.     This Order is binding upon and inures to the benefit of any successors and assigns of the Debtors or Purchaser, including any trustee appointed in any subsequent case of the Debtors under chapter 7 of the Bankruptcy Code.

26.     The provisions of this Order and the Assignment Agreement are non-severable and mutually dependent.

27.     The Assignment Agreement and any related agreements, documents or other instruments may be modified, amended, or supplemented by the parties thereto and in accordance with the terms thereof, without further order of this Court, provided that any such modification, amendment, or supplement does not have a material adverse effect on the Debtors' estates, third parties, or the animals at the Seaquarium.

28.     This Court shall retain jurisdiction to, among other things, interpret, implement, and enforce the terms and provisions of this Order and the Assignment Agreement, all

amendments thereto and any waivers and consents thereunder and each of the agreements executed in connection therewith to which the Debtors are a party or which has been assigned by the Debtors to Purchaser, and to adjudicate, if necessary, any and all disputes concerning or relating in any way to the Transaction.

29.     Each and every federal, state, and local government agency or department is hereby authorized to accept any and all documents and instruments necessary and appropriate to consummate the transfer of the Debtors' interest in the Lease.

30.     As provided by Bankruptcy Rules 7062 and 9014, the terms and conditions of this Order shall be effective immediately upon entry and shall not be subject to the stay provisions contained in Bankruptcy Rules 6004(h) and 6006(d).

31.     This Order and the Assignment Agreement shall be binding in all respects upon all creditors of (whether known or unknown), and holders of equity interests in, any Debtor, any holders of Encumbrances in, against or on all or any portion of the Lease, the County, all successors and assigns of Purchaser, the Debtors and their affiliates and subsidiaries and any subsequent trustees appointed in the Chapter 11 Cases or upon a conversion to chapter 7 under the Bankruptcy Code, and shall not be subject to rejection.  Nothing contained in any chapter 11 plan confirmed in the Chapter 11 Cases, any order confirming any such chapter 11 plan or any order approving wind-down or dismissal of the Chapter 11 Cases or any subsequent chapter 7 cases shall conflict with or derogate from the provisions of the Assignment Agreement or this Order, and to the extent of any conflict or derogation between this Order or the PSA and such future plan or order, the terms of this Order and the Assignment Agreement shall control.

32.    To the extent any provisions of this Order conflict with, or are otherwise inconsistent with, the terms and conditions of the Assignment Agreement, this Order shall govern and control.

# EXHIBIT A

## Lease Assignment Agreement

**EXHIBIT B**

**First Amendment to Assignment Agreement**

# **EXHIBIT C**

## **Second Amendment to Assignment Agreement**

33641389.4

**<u>EXHIBIT D</u>**

**<u>Legal Description</u>**

*[Different first page link-to-previous setting changed from off in original to on in modified.].*

That certain legal description identified in the Lease between Dade County, as Lessor, and Marine Exhibition Corporation, a Florida corporation, as Lessee, dated March 9, 1954, filed December 7, 1955, in Deed Book 4192, at Page 183, as re-recorded on October 31, 1988, in Official Records Book 13875, at Page 508, together with Clarification Agreement, filed December 7, 1955, in Deed Book 4192, at Page 197, as modified by First Supplementary Lease Agreement, filed July 12, 1955, in Deed Book 4194, at Page 35, as modified by Second Supplementary Lease Agreement, filed December 30, 1969, in Official Records Book 6699, at Page 308, as re-recorded on October 31, 1988, in Official Records Book 13875, at Page 495, as modified by Amendment "A" to Lease, filed April 21, 1986, in Official Records Book 12861, at Page 1641, as modified by Amendment "B" to Lease, filed April 21, 1986, in Official Records Book 12861, at Page 1650, as modified by Settlement Agreement, filed October 31,1988, in Official Records Book 13875, at Page 448, as modified by Modification of Lease, filed October 31, 1988, in Official Records Book 13875, at Page 522, as modified by Amendment "C" to Lease, filed November 14, 1988, in Official Records Book 13892, at Page 337, as modified by Resolution No. 999-90, filed October 5, 1990, in Official Records Book 14732, at Page 779, as rerecorded in part on October 11, 1990, in Official Records Book 14736, at Page 2741, together with Resolution No. R-467-67, filed January 19, 2001, in Official Records Book 19457, at Page 4470, together with Resolution No. R-825-00 approving Amended and Restated Lease, filed January 19, 2001, in Official Records Book 19457, at Page 4490, all of the preceding having been amended and restated by Amended and Restated Lease between Miami-Dade County and Marine Exhibition Corporation, d/b/a The Miami Seaquarium, attached as an exhibit to Affidavit, filed March 2, 2001, in Official Records Book 19527, at Page 2897.

*[Different first page link-to-previous setting changed from off in original to on in modified.].*