**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 11 |
| LEISURE INVESTMENTS HOLDINGS LLC, *et al.*,[1] | Case No. 25-10606 (LSS) |
|  | (Jointly Administered) |
| Debtors. | **Hearing Date:**<br>**April 9, 2026 at 10:00 a.m. (ET)** |
|  | **Objection Deadline:**<br>**March 27, 2026 at 4:00 p.m. (ET)** |

**DEBTORS' FIRST (SUBSTANTIVE) OMNIBUS OBJECTION TO CLAIMS**

> **THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN CLAIMS. CLAIMANTS SHOULD CAREFULLY REVIEW THIS OBJECTION AND THE SCHEDULE ATTACHED TO THE PROPOSED ORDER ATTACHED TO THIS OBJECTION TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIMS.**

Leisure Investments Holdings LLC, and certain of its affiliates (collectively, the "**Debtors**") in the above-captioned chapter 11 cases (collectively, the "**Chapter 11 Cases**"), hereby submit this objection (this "**Objection**") for entry of an order (the "**Proposed Order**"), substantially in the form attached hereto as **Exhibit A**, disallowing and expunging certain claims to which the Debtors assert they have no liability (the "**No Liability Claims**" or the "**Disputed Claims**"), which are listed on Schedule 1 to the Proposed Order.  In support of this Objection, the Debtors rely on the *Declaration of Robert Wagstaff in Support of Debtors' First (Substantive)*

---

[1] Due to the large number of Debtors in these chapter 11 cases a complete list of the Debtors is not provided herein. A complete list of the Debtors along with the last four digits of their tax identification numbers, where applicable, may be obtained on the website of the Debtors' noticing and claims agent at https://veritaglobal.net/dolphinco, or by contacting counsel for the Debtors. For the purposes of these chapter 11 cases, the address for the Debtors is Leisure Investments Holdings LLC, c/o Riveron Management Services, LLC, 600 Brickell Avenue, Suite 2550, Miami, FL 33131.

34027346.1

*Omnibus Objection to Claims* (the "**Wagstaff Declaration**"), which is attached hereto as **Exhibit B**.  In further support of this Objection, the Debtors respectfully represent as follows:

## JURISDICTION

1.      The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and, pursuant to rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtors confirm their consent to the entry of a final order or judgment by the Court in connection with this Objection to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory and legal predicates for the relief requested herein are sections 502 and 503 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "**Bankruptcy Code**"), rule 3007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Local Rule 3007-1.

## BACKGROUND

4.      On March 31, 2025 (the "**Commencement Date**"), certain of the Debtors filed voluntary petitions for relief pursuant to chapter 11 of the Bankruptcy Code.  On April 16, 2025 and May 4, 2025, Controladora Dolphin, S.A. de C.V. ("**Controladora**") and Embassy of the Seas Limited ("**Embassy**"), respectively, also filed voluntary petitions for relief pursuant to chapter 11 of the Bankruptcy Code.  The Chapter 11 Cases are being jointly administered for procedural purposes only.  *See* Docket Nos. 32, 68 & 126.

34027346.1

2

5.      On May 6, 2025, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") appointed an official committee of unsecured creditors (the "**Committee**"). *See* Docket Nos. 128 & 151.

6.      Additional information regarding the Debtors, including their business operations, their corporate and capital structure, and the events leading to the commencement of the Chapter 11 Cases, are set forth in detail in the *Declaration of Steven Strom in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 2] (the "**First Day Declaration**").[2]

## BAR DATES

7.      On August 1, 2025, the Court entered an order [Docket No. 413] (the "**Bar Date Order**") providing that (a) all entities, other than governmental units, holding claims that arose (or are deemed to have arisen) before the Commencement Date, including requests for payment pursuant to section 503(b)(9) of the Bankruptcy Code, must file proofs of claim so that such proofs of claim are actually received on or before 5:00 p.m. (prevailing Eastern Time) on September 15, 2025 (the "**General Bar Date**"), unless such entity's claim falls within one of the exceptions set forth in the Bar Date Order; and (b) all governmental units holding claims that arose (or are deemed to have arisen) before the Petition Date, including requests for payment pursuant to section 503(b)(9) of the Bankruptcy Code, must file proofs of claims so that such proofs of claim are actually received on or before 5:00 p.m. (prevailing Eastern Time) on (i) October 31, 2025 for Embassy (the "**Embassy Governmental Bar Date**"); (ii) October 13, 2025 for Controladora (the "**Controladora Governmental Bar Date**"); and (iii) September

---

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration or Bar Date Order (as defined herein), as applicable.

34027346.1

29, 2025 for all other Debtors (together with the Embassy Governmental Bar Date and the Controladora Governmental Bar Date, the "**Governmental Bar Dates**").

8.      The Bar Date Order also provides that if the Debtors amend or supplement the Schedules (as defined below) to reduce the undisputed, noncontingent, and unliquidated amount of a claim listed in the Schedules, to change the nature or classification of a claim against the Debtors reflected in the Schedules, or to add a new claim to the Schedules, the affected creditor, if it so chooses, must file a proof of claim by the later of (a) the General Bar Date or the Governmental Bar Dates, as applicable, and (b) 5:00  p.m. (prevailing Eastern Time) on the date that is twenty-one (21) days from the date on which the Debtors provide written notice of the amendment to the Schedules (the "**Amended Schedules Bar Date**").

9.      The Bar Date Order further provides that, all entities asserting claims arising from the rejection of executory contracts and unexpired leases of the Debtors shall file a proof of claim on account of such rejection by the later of (a) the General Bar Date or Governmental Bar Date, as applicable, and (b)(i) 5:00 p.m. (prevailing Eastern Time) on the date that is 30 days after the entry of an order approving the rejection of any executory contract or unexpired lease of the Debtors, or (ii) the effective date of rejection (the "**Rejection Damages Bar Date**," and collectively with the General Bar Date, Governmental Bar Dates, and Amended Schedules Bar Date, the "**Bar Dates**").

## SCHEDULES, PROOFS OF CLAIM, AND CLAIMS RECONCILIATION

10.      On August 4, 2025, each Debtor filed its Schedules of Assets and Liabilities and Statement of Financial Affairs [Docket Nos. 416–432] (collectively, the "**Schedules**"), as may have been amended from time to time.

34027346.1

4

11. The Debtors' register of claims (the "**Claims Register**"), maintained by Kurtzman Carson Consultants, LLC (KCC) dba Verita Global ("**Verita**"), indicates that, as of the date of this Objection, approximately 290 claims have been filed or scheduled in the Chapter 11 Cases.

12. In the ordinary course of business, the Debtors maintain books and records (the "**Books and Records**") that reflect, among other things, the nature and amount of the liabilities owed to their creditors. The Debtors and their professionals continue to review, compare, and reconcile the claims (including any supporting documentation) with the Schedules and Books and Records. This reconciliation process includes identifying particular categories of claims that may be subject to objection. While this analysis and reconciliation is ongoing, the Debtors have determined that the Disputed Claims should be disallowed and expunged for one or more reasons described below.

## RELIEF REQUESTED

13. By this Objection, the Debtors respectfully request entry of the Proposed Order disallowing and expunging the No Liability Claims.

## OBJECTION

14. After reconciling each of the No Liability Claims against the Books and Records, the Debtors have determined that they are not liable with respect to the No Liability Claims for the reasons set forth on Schedule 1 to the Proposed Order. Specifically, each No Liability Claim has been filed by an employee of a non-debtor affiliate and asserts claims against the Debtors for severance related to the termination of such employees' services with the non-debtor affiliate. The Debtors have never employed the claimants that have asserted the No Liability Claims, do not have any contractual or other obligation to such claimants, and do not to have any liability for the No Liability Claims. Any failure to disallow and expunge the No Liability Claims will result in

34027346.1

5

the applicable claimants potentially receiving an unwarranted recovery against the Debtors' estates, to the detriment of creditors in these Chapter 11 Cases.

15.     Accordingly, the Debtors object to the No Liability Claims and requests entry of the Proposed Order disallowing and expunging each of the No Liability Claims as set forth on Schedule 1.

## BASIS FOR RELIEF

16.     Section 502(a) of the Bankruptcy Code provides, in pertinent part, that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects."  11 U.S.C. § 502(a).  Once an objection to a claim is filed, the Court, after notice and a hearing, shall determine the allowed amount of the claim.  *See* 11 U.S.C. § 502(b).

17.     Section 502(b)(1) of the Bankruptcy Code provides, in part, that a claim may not be allowed to the extent that it "is unenforceable against the debtor and property of the debtor, under any agreement or applicable law."  11 U.S.C. § 502(b)(1).  While a properly filed proof of claim is *prima facie* evidence of the claim's allowed amount, when an objecting party rebuts a claim's *prima facie* validity, the claimant bears the burden of proving the claim's validity by a preponderance of evidence.  *See In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173–74 (3d Cir. 1992).  The burden of persuasion with respect to the claim is always on the claimant.  *See id*. at 174.  Pursuant to Bankruptcy Rule 3007(d), a debtor is permitted to file omnibus objections to more than one claim on the bases enumerated therein, which include, among other things, that such claims "[do] not comply with applicable rules, and the objection states that the objector is unable to determine the validity of the claim because of the noncompliance."   Fed. R. Bankr. P. 3007(d)(6).

18.     However, a claimant asserting administrative expense priority bears the burden of establishing entitlement to such priority.  *See, e.g.*, *In re Bernard Techs., Inc.*, 342 B.R. 174, 177

34027346.1

(Bankr. D. Del. 2006); *In re O'Brien Envtl. Energy, Inc.*, 181 F.3d 527, 533 (3d Cir. 1999); *In re Goody's Family Clothing Inc.*, 610 F.3d 812, 818 (3d Cir. 2010); *In re Interstate Grocery Distribs. Sys.*, 2001 Bankr. LEXIS 1240, at *17 (Bankr. D.N.J. Oct. 4, 2001) (citing *In re Drexel Burnham Lambert Group, Inc.*, 134 B.R. 482 (Bankr. S.D.N.Y. 1991)) ("The burden of proving entitlement to an administrative expense claim is on the claimant and the measure of proof is preponderance of the evidence."). Section 503(b)(1)(A) of the Bankruptcy Code grants administrative priority to claims for, among other enumerated categories of estate expenses, "the actual, necessary costs and expenses of preserving the estate." 11 U.S.C. § 503(b)(1)(A). The Third Circuit utilizes a two-part test to determine whether a claim is entitled to administrative expense priority. "For a claim in its entirety to be entitled to . . . priority under § 503(b)(1)(A), the debt must arise from a transaction with the debtor-in-possession and the consideration supporting the claimant's right to payment must be beneficial to the debtor-in-possession in the operation of the business." *In re O'Brien Envtl. Energy, Inc.*, 181 F.3d at 532–33.

19.     The Disputed Claims are unenforceable against the Debtors because they have never employed any of the claimants and do not have any liability for asserted severance claims. Therefore, pursuant to sections 502 and 503 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1, the Debtors respectfully request that the Court enter the Proposed Order granting the relief requested herein.

## RESPONSES TO OBJECTION

20.     <u>Filing and Service of Responses</u>:  To contest this Objection, a claimant must file and serve a written response to this Objection (a "**Response**") so that it is actually received by the Clerk of the Court and the parties in the following paragraph no later than 4:00 p.m. (prevailing Eastern Time) on March 27, 2026 (the "**Response Deadline**"). Claimants should locate their names and claims on <u>Schedule 1</u> to the Proposed Order, and carefully review this Objection. A

34027346.1

Response must address each ground upon which the Debtors object to a particular Disputed Claim. A hearing to consider this Objection will be held on April 9, 2026, at 10:00 a.m. (prevailing Eastern Time), before the Honorable Laurie Selber Silverstein, United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of Delaware, located at 824 N. Market Street, 6th Floor, Courtroom #2, Wilmington, Delaware 19801 (the "**Hearing**").

21.     Each Response must be filed and served upon the following entities at the following addresses:  (a) the Office of the Clerk of the Court, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801; and (b) Young Conaway Stargatt & Taylor, LLP, 1000 N. King St., Wilmington, Delaware 19801, Attn:  Allison S. Mielke.

22.     Content of Responses: Every Response to this Objection must contain, at a minimum, the following:

   a.     a caption setting forth the name of the Court, the above-referenced case number, and the title of this Objection to which the Response is directed;

   b.     the name of the claimant and description of the basis for the amount of the Disputed Claim;

   c.     a concise statement setting forth the reasons why a particular Disputed Claim should not be reclassified and allowed or disallowed and expunged for the reasons set forth in this Objection, including, but not limited to, the specific factual and legal bases upon which the claimant will rely in opposing this Objection at the Hearing;

   d.     all documentation or other evidence of the Disputed Claim in question, to the extent not already included with the claimant's proof of claim, upon which the claimant will rely in opposing this Objection at the Hearing;

   e.     the name, address, telephone number, and fax number of the person(s) (who may be the claimant or a legal representative thereof) possessing ultimate authority to reconcile, settle, or otherwise resolve the Disputed Claim on behalf of the claimant; and

   f.     the name, address, telephone number, and fax number of the person(s) (who may be the claimant or a legal representative thereof) to whom the Debtors should serve any reply to the Response.

23.    Adjournment of Hearing:  The Debtors reserve the right to adjourn the Hearing on any Disputed Claim included in this Objection.  In the event that the Debtors so adjourn the Hearing, they will state that the Hearing on that particular Disputed Claim has been adjourned on the agenda for the Hearing on this Objection, which agenda will be served on the person designated by the claimant in its Response.

24.    If a claimant whose Disputed Claim is subject to this Objection, and who is served with this Objection, fails to file and serve a timely Response in compliance with the foregoing procedures, the Debtors will present to the Court an appropriate order disallowing and expunging the Disputed Claim without further notice to the claimant.

25.    Separate Contested Matter:  Each of the Disputed Claims and the Debtors' objection(s) thereto as asserted in this Objection constitute a separate contested matter as contemplated by Bankruptcy Rule 9014.  The Debtors request that any order entered by the Court with respect to an objection asserted herein will be deemed a separate order with respect to each such Disputed Claim.

## RESERVATION OF RIGHTS

26.    The Debtors expressly reserve the right to amend, modify, or supplement this Objection, and to file additional objections to any claims (filed or not) that may be asserted against the Debtors and their estates.  Notwithstanding anything contained in this Objection, or the exhibits and schedule attached to the Proposed Order, nothing herein will be construed as a waiver of any rights that the Debtors or any successor to the Debtors, may have to enforce rights of setoff against the claimants.

27.    Nothing in this Objection will be deemed or construed:  (a) as an admission as to the validity of any claim or interest against the Debtors; (b) as a waiver of the Debtors' rights to dispute or otherwise object to any claim or proof of interest on any grounds or basis; (c) to waive

34027346.1

9

or release any right, claim, defense, or counterclaim of the Debtors, or to estop the Debtors from asserting any right, claim, defense, or counterclaim; (d) as an approval or assumption of any agreement, contract, or lease, pursuant to section 365 of the Bankruptcy Code; or (e) as an admission that any obligation is entitled to administrative expense priority or any such contract or agreement is executory or unexpired for purposes of section 365 of the Bankruptcy Code or otherwise.

## STATEMENT OF COMPLIANCE WITH LOCAL RULE 3007-1

28.    The undersigned representative of the Debtors has reviewed the requirements of Local Rule 3007-1 and certifies that this Objection substantially complies with such Local Rule. To the extent that this Objection does not comply in all respects with the requirements of Local Rule 3007-1, the Debtors believe such deviations are not material and respectfully request that any such requirement be waived.

## NOTICE

29.    Notice of this Objection will be provided to:  (a) the U.S. Trustee; (b) counsel to the Committee; (c) counsel to the Prepetition First Lien Noteholders and DIP Lenders; (d) counsel to the DIP Agent; (e) counsel to the Prepetition Second Lien Noteholders; (f) counsel to the Prepetition First Lien Collateral Agent and the Prepetition Second Lien Collateral Agent; (g) the holders of the Disputed Claims, or their counsel, if known; and (h) all parties that have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

34027346.1

## CONCLUSION

**WHEREFORE**, the Debtors respectfully request entry of the Proposed Order granting the relief requested in this Objection and such other relief as may be just and proper.

Dated: March 6, 2026

*/s/ Allison S. Mielke*
**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
Robert S. Brady (No. 2847)
Sean T. Greecher (No. 4484)
Allison S. Mielke (No. 5934)
Jared W. Kochenash (No. 6557)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Email: rbrady@ycst.com
      sgreecher@ycst.com
      amielke@ycst.com
      jkochenash@ycst.com

*Counsel to the Debtors and Debtors in Possession*

34027346.1